UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JODI ROUVIERE | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Case No. 1:18-cv-04814-LJL-SDA** |
| | ) | |
| DEPUY ORTHOPAEDICS, INC. n/k/a | ) | |
| MEDICAL DEVICE BUSINESS | ) | |
| SERVICES, INC. and HOWMEDICA | ) | |
| OSTEONICS CORPORATION | ) | |
| d/b/a STRYKER ORTHOPAEDICS, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## PLAINTIFF JODI ROUVIERE NOTICE OF APPEAL

COMES NOW, the Plaintiff Jodi Rouviere, pro se, in the above-entitled numbered cause

who files this, her NOTICE OF APPEAL to the United States Court of Appeals for the Second

Circuit from the District Court, Hon. Gregory H. Woods' Final Order denying Plaintiff's Motion

for Relief of Judgment pursuant to Fed. R. Civ. P. 60(b)(6) dated June 12, 2025 [D.E.# 396], a

copy of which is attached hereto, with the Clerk of the Court.

June 17, 2025                                          Respectfully submitted,
Miami, Florida

*[signature: Jodi Rouviere]*

Jodi Rouviere
10950 Southwest 84th Court
Miami, FL 33156-3526
(305)608-8076
jodi.jtm@gmail.com
*Appearing pro se*

## CERITFICATE OF SERVICE

I hereby certify that on June 17, 2025, the foregoing NOTICE OF APPEAL was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Paul E. Asfendis
GIBBONS, P.C.
One Pennsylvania Plaza
New York, NY 10119

Joseph G. Eaton
J.T. Larson
Barnes & Thornburg, LLP
11 South Meridian Street
Indianápolis, Indiana 46204

Jodi Rouviere

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

JODI ROUVIERE,

                     Plaintiff,

        -against-

DEPUY ORTHOPAEDICS, INC., *et al.*,

                 Defendants.

----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/12/25

1:18-cv-4814-GHW

MEMORANDUM OPINION &
ORDER

GREGORY H. WOODS, United States District Judge:

      Plaintiff Jodi Rouviere litigated this product-liability action against Defendants DePuy

Orthopaedics ("DePuy") and Howmedica Osteonics Corporation ("Howmedica") for six years,

from 2018 to 2024, through multiple motions for summary judgment and an appeal to the Second

Circuit.  In the end, her claims were dismissed.  The district judge granted summary judgment to

both Defendants, and the Second Circuit, after conducting a *de novo* review, unanimously affirmed.

      Plaintiff has since discovered financial conflicts that the parties agree warranted the district

judge's recusal.  She also claims that the magistrate judge who presided over the case's general

pretrial matters was conflicted because he received post-employment compensation while presiding

over the case from a law firm that has done work for DePuy's parent company in the past.  Plaintiff

seeks vacatur of both judges' rulings against her pursuant to Fed. R. Civ. P. 60(b)(6) on the ground

that the judges were allegedly conflicted when the rulings were issued.  She also seeks an evidentiary

hearing regarding the alleged conflicts.

      The Court concludes that neither vacatur nor an evidentiary hearing are warranted in this

case.  The magistrate judge was not required to recuse merely by virtue of his receipt of

compensation from a law firm that at some point represented DePuy's parent company.  And while

the district judge was indisputably conflicted, a panel of judges from the Second Circuit Court of

Appeals has since reviewed the judge's rulings *de novo* and come to the same conclusions that he did.

Because these circumstances do not justify forcing the parties to relitigate this entire case, and

because the Court's conclusion is based on an undisputed factual record, Plaintiff's motions for

vacatur and for an evidentiary hearing of the judges' rulings are DENIED.

## I.    BACKGROUND[1]

### A.  The Underlying Proceedings

Plaintiff Jodi Rouviere brought this action on May 31, 2018, alleging various product-liability

claims arising from complications from a hip-replacement surgery in 2012.  Dkt. No. 1 ¶¶ 279–395.

Medical parts made by the defendants had allegedly impinged on one another and caused Plaintiff a

wide variety of conditions and side effects.  *See id.*; *see also* Dkt. No. 364 at 1 ("Memorandum").

Plaintiff's husband Andre Rouviere was a co-plaintiff in the action, bringing derivative claims

for loss of consortium.  Dkt. No. 1 ¶¶ 396–99.  Mr. Rouviere is an attorney based in Florida.  On

October 2, 2019, he moved to appear *pro hac vice* on behalf of Plaintiff.  Dkt. No. 88.  His motion

was granted the next day.  Dkt. No. 89.  Outside counsel also represented the plaintiffs beginning in

January 2021 through the end of summary-judgment proceedings in December 2022.  *See* Dkt. Nos.

284, 369.

On June 5, 2018, the district judge to whom the action was originally assigned referred the

action to the assigned magistrate judge ("the Magistrate Judge") for general pretrial matters.  Dkt.

No. 4.

Plaintiff and her husband originally brought the action against eight defendants:  DePuy

Orthopaedics, Inc. ("DePuy"); Howmedica Osteonics Corporation ("Howmedica," and together

---

[1] The following facts are undisputed and are drawn from the parties' submissions and from the trial-court and appellate dockets in this case.  *Passman v. Peloton Interactive, Inc.*, No. 19-cv-11711 (LGS), 2025 WL 1284718, at *1 (S.D.N.Y. May 2, 2025) (drawing facts on Rule 60(b) motion from case docket and parties' submissions).

with DePuy, "Defendants"); Depuy International, Limited; Depuy Products, Inc.; Johnson &

Johnson Services, Inc.; Johnson & Johnson, Inc. (together with Johnson & Johnson Services, Inc.,

"Johnson & Johnson"); Stryker Corporation; and Stryker Sales Corporation.  Dkt. No. 1 at 1.

Relevant here, Johnson & Johnson is the parent company of DePuy.  Memorandum at 7; Dkt. No.

379 at 1 ("Howmedica Opposition"); Dkt. No. 381 at 7 ("DePuy Opposition").

    In December 2018, the plaintiffs dismissed their claims against six of the defendants,

including the Johnson & Johnson entities, leaving only DePuy and Howmedica.  Dkt. Nos. 43, 44,

51, 52.  On December 7, 2018, DePuy filed an answer to the plaintiffs' operative complaint.  Dkt.

No. 39.  Howmedica filed an answer one month later on January 7, 2019.  Dkt. No. 54.

    The parties engaged in extensive discovery and discovery motion practice over the next

several years.  From January 2019 through December 2022, the Magistrate Judge issued at least

seventeen orders resolving substantive discovery motions and disputes, *see* Dkt. Nos. 83, 104, 115,

140, 144, 150, 155, 157, 162, 167, 193, 221, 232, 266, 296, 307, 320, in addition to resolving various

disputed sealing and scheduling motions, *see, e.g.*, Dkt. Nos. 128, 195, 278, 354.

    On February 6, 2020, while the parties were conducting discovery, the action was reassigned

to a new district judge (the "Recused Judge").

### B.  The Challenged Orders

    On October 25, 2020, the Magistrate Judge granted Howmedica's motion to disqualify

Plaintiff's expert because the expert had worked as a consultant for Howmedica in other litigations

with significantly overlapping issues, Dkt. No. 193 at 4, and had received substantial amounts of

confidential information from Howmedica in the process, *id.* at 4–5.  The Magistrate Judge extended

the expert-discovery deadline to permit the plaintiffs to submit a report by an alternative expert

"regarding the same scope of subject areas as were covered by the [disqualified expert]."  *Id.* at 6.

    On November 9, 2020, the plaintiffs submitted a replacement report pursuant to the

Magistrate Judge's October 25, 2020 order.  Dkt. No. 214-1.  In addition to opining about Howmedica's medical devices, the report also opined about DePuy's.  *See, e.g.*, *id.* ¶¶ 16–22.  On November 13, 2020, DePuy moved to strike the DePuy-related portions of the report.  Dkt. No. 214 at 1.  On November 24, 2020, the Magistrate Judge granted DePuy's motion because the expert's testimony regarding DePuy did not fall within the "same scope of subject areas" that were covered by the expert he was replacing.  Dkt. No. 232 at 5–6; Dkt. No. 193 at 6.

On December 5, 2020, the plaintiffs moved for reconsideration of the Magistrate Judge's order striking the DePuy-related portions of their expert report.  Dkt. No. 244.  The Magistrate Judge denied their motion on December 19, 2020.  Dkt. No. 266.

On January 4, 2021, the plaintiffs filed objections before the Recused Judge to the Magistrate Judge's November 24, 2020 order striking the DePuy-related portions of their expert report and his December 19, 2020 order denying reconsideration of the November 24, 2020 order.  Dkt. No. 267.

Meanwhile, on October 21, 2020, DePuy moved for summary judgment before the close of discovery.  Dkt. No. 178; *see* Dkt. No. 128.  On September 17, 2021, the Recused Judge issued a decision granting DePuy's motion for summary judgment and dismissing the action against DePuy.  Dkt. No. 318.  The Recused Judge concluded, among other things, that the plaintiffs had failed to offer expert testimony in support of their defective-design claims against DePuy, *id.* at 24, and had failed to introduce any material disputes of fact that DePuy's alleged failures to warn of their products' defects proximately caused the plaintiffs' injuries, *id.* at 32–33.  In the same decision, the Recused Judge overruled the plaintiffs' objections to the Magistrate Judge's orders striking portions of their expert report.  *Id.* at 7–23.

On March 18, 2022, after discovery closed, Howmedica moved for summary judgment on the ground that the plaintiffs' claims were time-barred.  Dkt. No. 332.  On December 5, 2022, the Recused Judge granted summary judgment in favor of Howmedica on limitations grounds and

dismissed the action against Howmedica.  Dkt. No. 351.  The next day, the Clerk of Court entered

judgment against the plaintiffs and closed the case.  Dkt. No. 352.

### C.  The Appeal

On December 22, 2022 and January 10, 2023, Plaintiff appealed the Recused Judge's orders

granting summary judgment to Defendants to the United States Court of Appeals for the Second

Circuit.  Dkt. Nos. 356, 362.  She proceeded *pro se* on appeal, though she was represented by counsel

in the district court proceedings.  Dkt. No. 363 at 3 (the "Appellate Decision").  Plaintiff's husband

did not appeal the dismissal of his claims.  *Id.* at 4 n.2.

Plaintiff's appeal was fully briefed by September 12, 2023.  *Rouviere v. Howmedica, et al.*, No.

22-3205 (L), Dkt. Nos. 150, 213, 217, 219.  Oral argument was held on April 2, 2024.  *Rouviere*, No.

22-3205 (L), Dkt. Nos. 265, 266.

On April 5, 2024, the Second Circuit issued a summary order unanimously affirming the

dismissal of Plaintiff's claims against Defendants.  Appellate Decision at 2.  The three-judge panel

conducted a *de novo* review of the Recused Judge's summary-judgment decisions, *id.* at 4, and upon

review, concluded that "[t]he record reveals no genuine dispute of material fact" that Plaintiff's

claims against both Defendants were "time-barred," *id.* at 5.  The panel observed that, although the

Recused Judge had not granted summary judgment to DePuy on limitations grounds, DePuy's

limitations defense was preserved because it was raised as an affirmative defense in DePuy's answer

to the operative complaint, *id.* (citing *Kulzer v. Pittsburgh-Corning Corp.*, 942 F.2d 122, 124–25 (2d Cir.

1991)), and a district judge's rulings may be affirmed "on any ground with support in the record,

including grounds upon which the district court did not rely," *id.* at 4–5 (quoting *Jusino v. Fed'n of

Cath. Tchrs., Inc.*, 54 F.4th 95, 100 (2d Cir. 2022)).  The panel held that DePuy, in addition to

Howmedica, was entitled to summary judgment on each of Plaintiff's claims based on the applicable

statutes of limitations.  *Id.* at 6–10.  Accordingly, it affirmed the Recused Judge's orders on

limitations grounds.  *Id.* at 10.

### D.  The Alleged Conflicts

On July 2, 2024, the Second Circuit issued its decision in *Litovich v. Bank of Am. Corp.*, 106 F.4th 218 (2d Cir. 2024), a case involving conflicts in an action before the Recused Judge.  The Second Circuit held that recusal had been required and that vacatur of the Recused Judge's decision dismissing the case was warranted.  *Id.* at 228.

On July 3, 2024, Plaintiff read an article about *Litovich*.  Memorandum, Ex. 6 ¶ 2 ("Rouviere Declaration").  The article "prompted [her] to investigate potential conflicts of interest" involving the Recused Judge and the Magistrate Judge.  *Id.* ¶ 3.  She looked through both judges' annual financial disclosures, published pursuant to the Ethics in Government Act, 5 U.S.C. § 13101, *et seq.* *See id.*

The conflicts Plaintiff alleges stem from information included in the judges' public financial disclosures.  According to the Recused Judge's financial disclosures, he owned stock in Johnson & Johnson, DePuy's parent company, while presiding over the action.  Memorandum, Ex. 4 at 10.  He bought more stock in Johnson & Johnson on March 11, 2021, while discovery was still ongoing and while DePuy's motion for summary judgment was pending.  *Id.* at 17; *see* Dkt. No. 178.  He sold Johnson & Johnson stock on December 1, 2021, after ruling on Depuy's motion for summary judgment and before Howmedica moved for summary judgment.  Memorandum, Ex. 4 at 17; *see* Dkt. No. 332.  The parties do not dispute that the Recused Judge's ownership of and transactions in Johnson & Johnson stock required his recusal from the case.  *See* Memorandum at 7; Howmedica Memorandum at 2–3; DePuy Memorandum at 16.

According to the Magistrate Judge's financial disclosures, he received five fixed annual payments from Arnold & Porter Kaye Scholer LLP ("Arnold & Porter"), at which he was a partner before taking the bench, while he presided over Plaintiff's action.  Memorandum, Exs. 1–2

(disclosing fixed annual payments of $168,723.00 "for a five-year term starting in 2019"). The payments were made pursuant to a "nonemployee compensation agreement" related to Arnold & Portner's "Articles of Partnership." Memorandum, Ex. 1 at 1; Memorandum, Ex. 2 at 1. According to Arnold & Porter's website, its "Consumer Products group" at some point "help[ed]" and "advis[ed]" Johnson & Johnson, among many other major clients. Memorandum, Ex. 3. The website does not specify when Arnold & Porter did work for Johnson & Johnson or in what capacity. *See id.* Plaintiff does not contend that the Magistrate Judge did any work for Johnson & Johnson while at Arnold & Porter. *See* Memorandum at 7. She contends that his receipt of payments from Arnold & Porter alone establishes a disqualifiable conflict. *See id.*

In their opposition briefs, Defendants noted that a panel of three judges on the Second Circuit had reviewed the record *de novo* and concluded that Plaintiff's claims must be dismissed. Howmedica Memorandum at 1; DePuy Memorandum at 6–7. In response, Plaintiff introduced the financial disclosures of one of the three judges on the panel (the "Circuit Judge"). Reply at 5–6; Reply, Ex. 1. According to the Circuit Judge's financial disclosures, she received family income from Seyfarth Shaw LLP ("Seyfarth") through her husband, who is a partner at the firm. Reply, Ex. 1 at 2. While Plaintiff's appeal was pending, Seyfarth was representing Howmedica in a separate litigation in Colorado, *ORP Surgical, LLP v. Howmedica Osteonics Corp.*, No. 1:20-cv-01450 (RBJ), (D. Colo. 2020). Plaintiff does not contend that the Circuit Judge's husband represented Howmedica in that case or in any other capacity. *See* Reply at 5–6. She contends that the receipt of payments by the Circuit Judge's spouse from Seyfarth alone establishes a disqualifiable conflict. *See id.*

### E. Procedural History

Plaintiff moved for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) ("Rule 60(b)(6)") from certain of the Magistrate Judge's and Recused Judge's orders on October 31, 2024. Dkt. No. 364. She brought the motion *pro se*, and her husband has not joined in the motion. *See id.*

at 1; Dkt. No. 366 (motion by Andre Rouviere to withdraw as counsel). She seeks vacatur of

thirteen of the Magistrate Judge's orders, including his orders striking portions of her expert report

and denying her motion for reconsideration. *See* Memorandum at 8–11; Dkt. Nos. 83, 104, 115, 120,

136, 140, 144, 153, 157, 193, 232, 266, 296. She seeks vacatur of both of the Recused Judge's orders

granting summary judgment to DePuy and Howmedica, Dkt. Nos. 318, 351, and of the Recused

Judge's order overruling her objections to the Magistrate Judge's orders striking parts of her expert

report and denying reconsideration, Dkt. No. 318 at 7–23. *See* Memorandum at 11–18.

On November 7, 2024, following Plaintiff's motion for relief from judgment, this case was

reassigned to this Court. *See* Dkt. No. 367.

Plaintiff moved for an evidentiary hearing regarding her motion for relief from judgment on

November 13, 2024. Dkt. No. 373 ("Hearing Memorandum"). Her motion seeks live testimony

from the Magistrate Judge, the Recused Judge, Arnold & Porter, and any third-party firms that

facilitated payments "related . . . to Johnson & Johnson" to the Recused Judge and the Magistrate

Judge. *Id.* at 3–4.

Howmedica opposed Plaintiff's motions for relief from judgment and for an evidentiary

hearing in an omnibus brief on December 6, 2024. Dkt. No. 379 (Howmedica Opposition); Dkt.

No. 380 ("Asfendis Declaration"). DePuy did the same. Dkt. No. 381 (DePuy Opposition); Dkt.

No. 383 ("Larson Declaration").

Plaintiff filed an omnibus reply brief in support of both of her motions on January 8, 2025.

Dkt. No. 389 ("Reply"). As discussed, Plaintiff's reply brief argued, for the first time, that one of

the three judges on the panel that affirmed the Recused Judge's rulings was conflicted. *Id.* at 5–6.

The Court granted Defendants' request to file a sur-reply in response to those arguments on January

11, 2025. Dkt. No. 388. Defendants filed a joint sur-reply on January 17, 2025. Dkt. No. 392

("Sur-Reply"). The Court granted Plaintiff's request to respond to Defendants' sur-reply on January

21, 2025.  Dkt. No. 394.  Plaintiff filed a response to the Sur-Reply on January 28, 2025.  Dkt. No.

395 ("Sur-Sur-Reply").[2]

## II.    LEGAL STANDARD

### A.  Fed. R. Civ. P. 60(b)(6)

Plaintiff moves to vacate the rulings made by the Recused Judge and the Magistrate Judge

pursuant to Rule 60(b)(6).  Memorandum at 1.  Rule 60(b) provides that "[o]n motion and just

terms, the court may relieve a party or its legal representative from a final judgment, order, or

proceeding for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier
> judgment that has been reversed or vacated; or applying it prospectively is no longer
> equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(b)(6) is a "catch-all provision" that may only be invoked "when the

asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule."  *Metzler Inv. Gmbh v.*

*Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (quotation omitted).  Like any motion

brought under Rule 60(b), a motion for relief from judgment under Rule 60(b)(6) "is generally not

favored and is properly granted only upon a showing of exceptional circumstances."  *United States v.*

*Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  "The burden is on the moving party to

---

[2] The parties dispute whether Plaintiff's contentions regarding the Circuit Judge are properly before the Court given that they were raised for the first time in her Reply Brief.  *See* Dkt. Nos. 387, 390, 393.  Even assuming Plaintiff's contentions were untimely, *see United States v. Pepin*, 514 F.3d 193, 203 n.13 (2d Cir. 2008) (observing that courts "generally do not consider issues raised in a reply brief for the first time" because the nonmovant "may not have an adequate opportunity to respond"), the Court "ha[s] discretion to consider" arguments first raised in a reply brief, *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005).  Since Defendants were "afforded the opportunity to file a surreply" responding to Plaintiff's contentions regarding the Circuit Judge, the Court has considered the contentions in Plaintiff's reply brief. *Videri, Inc. v. ONAWHIM (OAW) Inc.*, No. 1:23-cv-2535 (GHW), 2024 WL 4027980, at *10 n.8 (S.D.N.Y. Sept. 3, 2024) (quoting *Sacchi v. Verizon Online LLC*, No. 14-cv-423 (RA), 2015 WL 1729796, at *1 n.1 (S.D.N.Y. Apr. 14, 2015).

demonstrate that it is entitled to relief, and courts generally require that the evidence in support of the motion to vacate a final judgment be highly convincing." *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quotation marks and alterations omitted).

The decision whether to grant relief under Rule 60(b) "is addressed to the sound discretion of the district court." *Id.* "In exercising that discretion, courts aim to 'strike[] a balance between serving the ends of justice and preserving the finality of judgments.'" *Id.* (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Rule 60(b) "should be broadly construed to do substantial justice," but at the same time, "final judgments should not be lightly reopened." *Nemaizer*, 793 F.2d at 61 (internal quotation marks and citations omitted).

Because Plaintiff is proceeding *pro se*, she is entitled to "special solicitude." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Accordingly, the Court construes Plaintiff's submissions "liberally," interpreting them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotations and emphases omitted). This does not absolve Plaintiff of her burden of demonstrating that there are "exceptional circumstances" in this case that warrant vacatur. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quotation omitted). "A party seeking vacatur under Rule 60(b), whether proceeding *pro se* or not, must present highly convincing evidence, show good cause for the failure to act sooner, and show that no undue hardship would be imposed on the parties." *Lawtone-Bowles v. U.S. Bank Nat'l Ass'n as Tr. for Holders of MLMI Tr. 2002-AFC Asset-Backed Certificates, Series 2002-AFC1*, No. 19-cv-05786 (PMH), 2021 WL 1518329, at *2 (S.D.N.Y. Apr. 16, 2021), *aff'd sub nom. Lawtone-Bowles v. Brown*, No. 21-1242-cv, 2022 WL 839280 (2d Cir. Mar. 22, 2022) (internal quotation marks and citations omitted); *accord Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (explaining that *pro se* plaintiff was required to make these showings on his Rule 60(b) motion).

### B.  28 U.S.C. § 455

Plaintiff argues that vacatur is warranted because the rulings in the Underlying Proceedings were issued by judges who should have recused themselves pursuant to 28 U.S.C. § 455 ("Section 455" or "§ 455").  Section 455 provides the statutory framework for when a presiding judge must "disqualify himself."  28 U.S.C. § 455; *see Passman*, 2025 WL 1284718, at *3; *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003).

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably questioned."  28 U.S.C. § 455(a).  Section 455(a) is a "catchall recusal provision."  *Litovich*, 106 F.4th at 224 (quotation omitted).  It "governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown."  *Chase Manhattan Bank*, 343 F.3d at 127.  "The determination of whether such an appearance has been created is an objective one based on what a reasonable person knowing all the facts would conclude."  *Id.*

In addition to the catchall recusal provision in Section 455(a), Section 455(b) enumerates particular circumstances where recusal is required.  Relevant here, Section 455(b) requires recusal if a judge or magistrate judge "knows that he . . . or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."  28 U.S.C. § 455(b)(4).  "Section 455(c) imposes the additional duty that a federal judge 'should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse.'"  *Litovich*, 106 F.4th at 225 (quoting 28 U.S.C. § 445(c)).  With certain inapplicable exceptions, Section 455(d)(4) defines "financial interest" as an "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party."  28 U.S.C. § 455(d)(4).

11

"Section 455(b)(4) requires disqualification when a judge knows of his or her financial interest in a party." *Chase Manhattan Bank*, 343 F.3d at 127. Section 455(a), by contrast, is not concerned with what judge knows, but rather "the appearance of partiality." *Litovich*, 106 F.4th at 225. One instance where "an appearance of partiality requiring disqualification under Section 455(a) results" is "when a reasonable person would conclude that a judge was violating Section 455(b)(4)." *Chase Manhattan Bank*, 343 F.3d at 128. Where "'the record lacks clarity on precisely when the district judge learned of the conflict,'" "[a] court should focus 'on § 455(a), rather than § 455(b)(4) itself.'" *Passman*, 2025 WL 1284718, at *4 (quoting *Litovich*, 106 F.4th at 226).

While "Section 455 does not, on its own, authorize the reopening of closed litigation," Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). "In *Liljeberg*, the Supreme Court held in the context of a Rule 60(b) motion that in determining how best to address a violation of § 455(a), three factors are considered: (i) the risk of injustice to the parties in the particular case; (ii) the risk that the denial of relief will produce injustice in other cases, and (iii) the risk of undermining the public's confidence in the judicial process." *United States v. Amico*, 486 F.3d 764, 777 (2d Cir. 2007) (citing *Liljeberg*, 486 U.S. at 863).

### C. Evidentiary Hearing on a Motion Pursuant to Fed. R. Civ. P. 60(b)

Plaintiff has also moved for an evidentiary hearing regarding her motion under Rule 60(b). Hearing Memorandum at 1. "Whether to grant a hearing on such a motion[] is within the discretion of the court." *Zsa Zsa Jewels, Inc. v. BMW of N. Am., LLC*, No. 15-cv-6519 (KAM) (RLM), 2023 WL 3455057, at *23 (E.D.N.Y. May 15, 2023) (collecting cases); *accord Flaks v. Koegel*, 504 F.2d 702, 712 (2d Cir. 1974) (reviewing denial of evidentiary hearing on Rule 60(b) motion for abuse of discretion); *Saada v. Golan*, No. 21-876-cv, 2021 WL 4824129, at *3 (2d Cir. Oct. 18, 2021) (summary order) (same). "Generally, evidentiary hearings are appropriate only when there is a dispute of material

fact." *Wells v. Miller*, No. 21-cv-11231 (LJL), 2023 WL 3948628, at *5 (S.D.N.Y. June 12, 2023)

(collecting cases); *accord Saada*, 2021 WL 4824129, at *3 ("As a general matter, in the Rule 60(b)

context, evidentiary hearings should be held to decide disputes concerning 'material issued of fact.'"

(quoting *Flaks*, 504 F.2d at 712)).

## III.   DISCUSSION

The Court concludes that vacatur is not warranted in this case.  Nothing in the record

suggests that the Magistrate Judge should have recused under Section 455(a), and accordingly,

nothing in the record suggests that Plaintiff is entitled to relief from his rulings.  And while there is

no dispute that the Recused Judge should have recused under Section 455(a), the Recused Judge's

rulings were reviewed *de novo* and affirmed.

The Court also concludes that an evidentiary hearing is not warranted.  The purpose of

evidentiary hearings is to resolve disputes of material fact, and there are no disputes of material fact

before the Court on this motion.

Accordingly, Plaintiff's motions for vacatur and for an evidentiary hearing are denied.

### A.  Vacatur of the Magistrate Judge's Rulings Is Not Warranted

Vacatur of the Magistrate Judge's rulings is not warranted because nothing in the record

suggests that he should have recused himself pursuant to Section 455.  Plaintiff's only purported

basis for vacating the Magistrate Judge's rulings is that he issued the rulings despite a conflict that

required his recusal.  *See* Memorandum at 7.  Plaintiff argues that the Magistrate Judge should have

recused himself because his former law firm, Arnold & Porter, lists Johnson & Johnson, DePuy's

parent company, as one of the clients that it has "help[ed]" and "advis[ed]," *see* Memorandum, Ex. 3,

and the Magistrate Judge received annual "nonemployee compensation" payments from Arnold &

Porter during the time that he presided over the Underlying Proceedings, *see* Memorandum, Ex. 1 at

1–2 (Magistrate Judge's 2021 Financial Disclosure Report) (disclosing payment of $168,723.00 from

Arnold & Porter pursuant to "nonemployee compensation agreement" providing for payments "for a five-year term stating in 2019"); Memorandum, Ex. 2 at 1–2 (Magistrate Judge's 2022 Financial Disclosure Report) (same). The mere fact that the Magistrate Judge received compensation from a law firm that at some point represented Johnson & Johnson, however, does not suffice to warrant his recusal pursuant to Section 455. Plaintiff, accordingly, has not met her burden of establishing that vacatur of the Magistrate Judge's rulings is warranted.

### i. Section 455(a)

The nonemployee compensation payments the Magistrate Judge received did not warrant recusal under Section 455(a) because they did not provide a basis for "his impartiality to be reasonably questioned." 28 U.S.C. § 455(a). The test for whether Section 455(a) applies is objective: whether "a reasonable person, knowing all the facts," would "conclude that the trial judge's impartiality could reasonably be questioned[.]" *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992); *accord In re Digital Music Antitrust Litig.*, No. 06-mdl-1780 (LAP), 2007 WL 632762, at *11 (S.D.N.Y. Feb. 27, 2007). "[T]he grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001). "[T]he appearance of impartiality . . . must have an objective basis beyond the fact that claims of partiality have been well publicized." *Id.* "[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988).

The payments the Magistrate Judge received are too remote to raise reasonable questions about his impartiality. Courts have found recusal unwarranted in cases with far more significant relationships between the parties and a judge or his former law firm than those present here. "A judge's prior representation of one of the parties in a proceeding, for example, does not

automatically warrant disqualification." *Lovaglia*, 954 F.2d at 815; *accord, e.g.*, *National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978), *cert. denied*, 439 U.S. 1072 (1979) (finding trial judge's prior membership at a firm which represented a litigant in unrelated matters did not require recusal); *Fifty-Six Hope Road Music Ltd. v. UMG Recordings, Inc.*, No. 08-cv-6143 (KBF), 2011 WL 5825321, at *2 (S.D.N.Y. Nov. 16, 2021) (similar).  Nor does the fact that "a judge's spouse is a partner in a law firm that represents a litigant in matters other than the case before the judge," so long as "the spouse did not perform any work at the law firm for the litigant or worked for the litigant on unrelated matters." *In re Digital Music*, 2007 WL 632762, at *12 (collecting cases); *accord Canino v. Barclays Bank, PLC*, No. 94-cv-6314 (SAS), 1998 WL 7219, at *3 (S.D.N.Y. Jan. 7, 1998).

The Magistrate Judge's relationship to DePuy in this case is even more attenuated.  Arnold & Porter is a large firm with many clients, *see* Memorandum, Ex. 3 (listing twelve major clients just in the firm's "Consumer Products group"), and it is unrealistic to assume that every partner at such a law firm has a relationship—let alone an ongoing relationship—with every client that the firm has represented, *see Gordon v. McGinley*, No. 11-cv-1001 (RJS), 2013 WL 12617130, at *1 (S.D.N.Y. June 4, 2013) (Sullivan, J.) (finding recusal unwarranted under Section 455(a) where judge worked at large law firm that represented defendant and worked as a general counsel for company that did business with defendant).  Plaintiff does not contend that the Magistrate Judge represented or did any work on behalf of Johnson & Johnson while at Arnold & Porter.  *See* Memorandum at 7–11.  Plaintiff also does not contend that Arnold & Porter represented Johnson & Johnson (let alone DePuy) in any matter that in any way relates to this one.  *See id.*; Memorandum, Ex. 3.  The Magistrate Judge's only connection to DePuy is his receipt, for a period of five years, of fixed annual payments from a firm which listed DePuy's parent company as one of the many clients that it has at some point "help[ed]" and "advis[ed]."  Memorandum, Ex. 3.  "This chain of causation is too attenuated to satisfy the

15

requirements of [Section] 455(a)." *Canino*, 1998 WL 7219, at *3 (finding Section 455(a) did not require recusal where judge's spouse was presently a partner at a law firm that once represented the defendant in the matter before her); *see, e.g.*, *Fifty-Six Hope Road Music*, 2011 WL 5825321, at *2 (finding judge's prior representation of defendant in unrelated matter did "not come close to meeting any principle or standard suggesting that recusal would be appropriate" under Section 455(a)); *In re SunEdison, Inc.*, No. 16-10992 (SMB), 2016 WL 2849482, at *4 (Bankr. S.D.N.Y. May 10, 2016) (finding receipt by judge's spouse of monthly pension payments from former law firm representing party in proceedings did not warrant recusal under Section 455(a)).

### ii.  Section 455(b)(4)

Recusal was also unwarranted pursuant to Section 455(b)(4) because the Magistrate Judge's entitlement to the fixed annual payments from his former law firm was not an "interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).  Section 455(b)(4) requires disqualification in two scenarios:  first, if a judge knows that he "has a financial interest in the subject matter in controversy or in a party to the proceeding," and second, if a judge knows that he has "any other interest that could be substantially affected by the outcome of the proceeding."  *Id.*  The first scenario is inapplicable because the annual payments were not a qualifying "financial interest" for purposes of Section 455.  Section 455(d)(4) defines "financial interest" as "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant *in the affairs of a party*," not in the affairs of a law firm that once advised a party.  28 U.S.C. § 455(d)(4) (emphasis added).[3]

The second scenario requiring recusal, if a judge knows that he has "any other interest that could be substantially affected by the outcome of the proceeding," 28 U.S.C. § 455(b)(4), is also

---

[3] As discussed, Section 455(d)(4) provides certain exceptions to the definition of "financial interest."  28 U.S.C. § 455(d)(4).  The exceptions are inapplicable in this case.

inapplicable because the outcome of the Underlying Proceedings could not possibly have

"*substantially* affected" the Magistrate Judge's interest in the annual payments, *id.* (emphasis added).

In *Pashaian v. Eccelston Props., Ltd.*, the Second Circuit explained that "[i]t would simply be unrealistic

to assume . . . that partners in today's law firms invariably 'have an interest that could be *substantially*

*affected* by the outcome of' any case in which any other partner is involved." 88 F.3d 77, 83 (2d Cir.

1996) (emphasis in original).  It found that the district judge was not required to recuse even though

his brother-in-law was a partner at a law firm presently representing a defendant in the case because

it was reasonable to conclude, based on the law firm's substantial size and revenue, that the brother-

in-law's partner interest "would not be 'substantially affected' by the outcome of [the] case."  *Id.* at

83–84.

The Magistrate Judge's interest in the payments from Arnold & Porter presents a

significantly less compelling case for recusal than that in *Pashaian*.  Unlike the firm in *Pashaian*,

Arnold & Porter did not represent any of the parties in the Underlying Proceedings.  The extent of

Arnold & Porter's connection to this case is that it at some point "help[ed]" and "advis[ed]" the

parent company of one of the defendants, Memorandum, Ex. 3, in matters that Plaintiff does not

contend were related to the matter before the Magistrate Judge, *see* Memorandum at 7.  Moreover,

unlike the partnership interest in *Pashaian*, the payments the Magistrate Judge received from Arnold

& Porter were fixed by agreement.  *See* Memorandum, Exs. 1–2.  The Magistrate Judge was entitled

to the same payments regardless of the outcome of the Underlying Proceedings.  So, for his interest

to be "affected," Arnold & Porter would have had to lose the ability to remit the payments—a

possibility so remote that Plaintiff does not contend it exists, *see* Memorandum at 7, and indeed is

belied by the long list of clients that Arnold & Porter reports in addition to Johnson & Johnson, *see*

Memorandum, Ex. 3 (listing eleven other major clients in just its Consumer Products group, and

noting that the list in not exhaustive); *Pashaian*, 88 F.3d at 83 (affirming decision not to recuse

17

because the law firm representing defendant, which listed judge's relative as a partner, employed

sixty partners and had a gross revenue of over one hundred million dollars, and the relative did not

represent the defendant before the judge); *In re Digital Music*, 2007 WL 632762, at *12 (finding

recusal was not required under Section 455(b)(4) where judge's husband represented defendants in

"prior, assertedly related litigation"); *In re SunEdison*, 2016 WL 2849482, at *3–4 (finding recusal

unwarranted where judge's wife received monthly pension payments and was entitled to return of

capital from law firm representing party in proceedings).

    For these reasons, the Magistrate Judge's recusal in the Underlying Proceedings was not

warranted.  Because there was no basis for him to recuse, there is no basis for the court to vacate his

rulings pursuant to Rule 60(b)(6).  Plaintiff's motion for vacatur of the Magistrate Judge's rulings is

denied.

### B.  Vacatur of the Recused Judge's Rulings Is Not Warranted

    Vacatur of the Recused Judge's rulings is unwarranted because his rulings were upheld by the

Second Circuit after a *de novo* review.  Plaintiff moves to vacate the Recused Judge's rulings based on

his ownership of and transactions in stock in Johnson & Johnson, DePuy's parent company, during

the time that he presided over the Underlying Proceedings.  *See* Memorandum at 4; Memorandum,

Ex. 4.  As discussed, no party disputes that these were conflicts requiring the Recused Judge's

recusal under Section 455(a).[4]  *See* Memorandum at 7; Howmedica Memorandum at 2–3; DePuy

---

[4] Both sides agree that the Recused Judge's conflicts should be analyzed under Section 455(a).  *See* Reply at 1 (arguing that the Recused Judge "violat[ed] ethical obligations under § 455(a)"); Howmedica Opposition at 6.  As discussed, "[a] court should focus 'on § 455(a), rather than § 455(b)(4) itself, [if] the record lacks clarity on precisely when the district judge learned of the conflict.'"  *Passman*, 2025 WL 1284718, at *4 (quoting *Litovich*, 106 F.4th at 226).  That is the case here.  The Recused Judge's conflict arose from his ownership of stock in Johnson & Johnson.  Memorandum at 7.  The Recused Judge was not assigned to this case until after Johnson & Johnson had been dismissed from the case, *see* Dkt. No. 52, and it is not clear that the Recused Judge was aware that his ownership of the Johnson & Johnson stock created an additional conflict through its subsidiary DePuy.  Plaintiff acknowledges, for example, that the Recused Judge has disclosed conflicts presented by his stock ownership in other cases.  *See* Memorandum, Ex. 5 (letter from Clerk of Court alerting the parties in *Tiffany and Company v. Costco Wholesale Corporation*, No. 13-cv-01041, over which the Recused Judge presided for a period of time, that the Recused Judge informed her of his wife's ownership of stock in defendant).

Memorandum at 16. Vacatur, however, is not necessarily "the proper remedy . . . when such a conflict is discovered after the judge's ruling." *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 172 (2d Cir. 2022). That is because "Section 455 does not, on its own, authorize the reopening of closed litigation." *Liljeberg*, 486 U.S. at 863. To reopen a case based on a violation of Section 455, a litigant must demonstrate that relief from judgment is appropriate under Rule 60(b), *id.*; *ExxonMobil*, 44 F.4th at 172, and relief from judgment under Rule 60(b) "should only be applied in extraordinary circumstances," *Liljeberg*, 486 U.S. at 864 (observing that "Rule 60(b)(6) relief is neither categorically available nor categorically unavailable for all § 455(a) violations"). In determining whether extraordinary circumstances warranting recusal are present as a result of "a violation of [Section] 455(a)," the Court "considers three factors: (i) the risk of injustice to the parties in the particular case; (ii) the risk that the denial of relief will produce injustice in other cases; and (iii) the risk of undermining the public's confidence in the judicial process." *Litovich*, 106 F.4th at 226–27 (quotations omitted).[5]

The Court concludes that these factors weigh against vacatur "in light of [the Second Circuit's] *de novo* review" of the Recused Judge's decisions on summary judgment. *ExxonMobil*, 44 F.4th at 173. With respect to the first factor, "there is little 'risk of injustice' to [Plaintiff] absent vacatur" because a separate and unconflicted panel of judges "considered the issues afresh and rendered an independent decision after reviewing the record." *Id.* (quoting *Liljeberg*, 486 U.S. at 864). As discussed, Plaintiff appealed both of the Recused Judge's grants of summary judgment to the Second Circuit. *See* Memorandum at 4. A panel of three judges reviewed the Recused Judge's

---

[5] The Supreme Court recently had the occasion to reiterate "the stringency of the 'extraordinary circumstances' test" applicable to motions for vacatur pursuant to Rule 60(b)(6) in *BLOM Bank SAL v. Honickman*, 605 U.S. ___, ___ (2025) (slip op., at 7), on the way to holding that the Second Circuit had improperly "dilute[d] Rule 60(b)(6)'s stringent standard by balancing it with Rule 15(a)'s liberal pleading principles" in determining whether vacatur was warranted to permit an amendment of the plaintiffs' complaint, *id.* (slip op., at 10). For the reasons stated below in the Court's discussion of the *Liljeberg* factors—and in particular, the Second Circuit's *de novo* review of the Recused Judge's rulings—Plaintiff has failed to carry her burden, as articulated in *BLOM*, of "demonstrat[ing] any extraordinary circumstances warranting relief under Rule 60(b)(6)." *Id.* (slip op., at 11) (quotations and alterations omitted).

rulings *de novo*—that is, without any deference to the Recused Judge's determinations. *Rouviere v. Howmedica Osteonics Corp.*, No. 22-3205, 2024 WL 1478577, at *1 (2d Cir. Apr. 5, 2024), *cert. denied*, 145 S. Ct. 995 (2024). After reviewing the record *de novo*, the panel unanimously granted summary judgment to Defendants on statute-of-limitations grounds, finding that "[t]he record reveal[ed] no genuine dispute of material fact that . . . [Plaintiff's] complaint [was] time barred." *Id.* Plaintiff, accordingly, has already received what she is asking for on this motion: an independent review of her case by a different and unconflicted decisionmaker. Because there is no basis to conclude that yet another independent review "would lead to a more just outcome," "[t]here is no reason to force the parties to relitigate the entire case, likely causing significant delay." *ExxonMobil*, 44 F.4th at 173–74.

Plaintiff claims that the Second Circuit's review was not really *de novo*, but the Second Circuit explicitly stated otherwise, Appellate Decision at 4 ("We review decisions granting summary judgment, including those based on a statute of limitation defense, *de novo*."), and in any event, Plaintiff's arguments merely take issue with the merits of the Second Circuit's findings, not the standard of its review. *See* Reply at 6 (arguing that "[t]he Second Circuit's purported de novo review was compromised by its misapplication of [a relevant statute]"); *id.* at 6–7 (arguing that the Second Circuit found that Plaintiff's claims accrued too early); *id.* at 7 (arguing that the Second Circuit misapplied the concept of proximate causation). The Court does not, and cannot, question the Second Circuit's statements about the standard of the review that it applied or its findings after applying that review. District courts "are obliged to follow [the Second Circuit's] precedent, even if that precedent might be overturned in the near future." *Packer on behalf of 1-800-Flowers.Com, Inc. v. Raging Cap. Mgmt., LLC*, 105 F.4th 46, 54 (2d Cir. 2024), *cert. denied sub nom. Raging Cap. Mgmt., LLC v. Packer*, 145 S. Ct. 550 (2024) (quotations omitted). The Court here is bound by the Second Circuit's determination that Defendants were entitled to summary judgment because Plaintiff's claims were

time-barred.  *See id.*; *Rouviere*, 2024 WL 1478577, at *1.

Plaintiff also claims that vacatur is warranted despite the Second Circuit's unanimous ruling because one of the three judges on the Second Circuit panel (the "Circuit Judge") was conflicted, *see* Reply at 5–6, but the alleged conflicts Plaintiff identifies would not warrant vacatur under Section 455.  Despite Plaintiff's arguments, the fact that the Circuit Judge's husband is a partner at a law firm that represented Howmedica in a separate matter at the same time as the Underlying Proceedings, without more, did not create a conflict requiring recusal.  *See* Reply at 5–6.  "Courts have uniformly rejected the argument that an appearance of impropriety exists in the following situation:  (i) a judge's spouse is a partner in a law firm that represents a litigant in matters other than the case before the judge; and (ii) the spouse did not perform any work at the law firm for the litigant or worked for the litigant on unrelated matters."  *In re Digital Music*, 2007 WL 632762, at *12 (collecting cases); *accord Canino*, 1998 WL 7219, at *3 (finding no appearance of impropriety where judge's husband was a partner in a firm which represented a defendant); *see also Gench v. Hostgator.com, LLC*, No. 14-cv-3592 (RA), 2015 WL 4579147, at *2 (S.D.N.Y. July 29, 2015) ("Courts have held that even where a judge's spouse represented the same defendants in the case in prior, purportedly related matters, this relationship does not rise to the level of an appearance of impropriety." (quotation omitted)).  That is exactly the situation Plaintiff presents here.  Plaintiff does not contend or proffer any evidence that the Circuit Judge's husband did any work on behalf of Howmedica. She contends only that he was a partner at a law firm that represented Howmedica in a separate litigation.  *See* Reply at 5–6; Reply, Ex. 1.  His partnership and receipt of income from the law firm does not, on its own, suffice to raise reasonable questions about the Circuit Judge's impartiality.  *See, e.g.*, *In re Digital Music*, 2007 WL 632762.

Even if there were a reason to question the Circuit Judge's impartiality, the decision of two out of the three members of the Second Circuit panel suffices to constitute a *de novo* review of the

merits of Defendants' summary-judgment motions.  Majority rules in a panel of three on the Second Circuit.  *See, e.g.*, *Gristina v. Merchan*, 131 F.4th 82, 93 (2d Cir. 2025) (affirmance despite panel member's dissent).  Moreover, "if for any reason a panel judge ceases to participate in consideration of the matter," the Second Circuit's local rules do not require the remaining two panelists to designate a third judge.  *See* 2d Cir. IOP E(b).  They may designate a third judge, but they may also "decide the matter" themselves as long as they are in agreement.  *Id.*; *see, e.g.*, *In re Nordlicht*, 115 F.4th 90, 97 (2d Cir. 2024) (noting that a member of the three-judge panel had died and that "[t]he two remaining members of the members of the panel, who are in agreement, have determined the matter").  Plaintiff does not dispute that at least two of the three circuit judges on the panel that reviewed the Recused Judge's rulings were unconflicted and admitted of no appearance of partiality.  *See* Reply at 5–6.  That is all that is required to establish a finding that Defendants were entitled to summary judgment.  *See In re Nordlicht*, 115 F.4th at 97.  The Second Circuit's independent finding ensures that the "risk of injustice" to Plaintiff absent vacatur of the Recused Judge's summary-judgment decisions is minimal, *ExxonMobil*, 44 F.4th at 173 (quotation omitted), and, again, is binding on this Court, *see, e.g.*, *Packer*, 105 F.4th at 54.

The risk of injustice to Plaintiff absent vacatur the Recused Judge's decision overruling her objections to two of the Magistrate Judge's discovery orders, Dkt. No. 318 at 7–23, is also minimal. In addition to seeking vacatur of the Recused Judge's decisions on summary judgment, Plaintiff also seeks vacatur of the Recused Judge's decision not to overturn an order by the Magistrate Judge excluding portions of one of Plaintiff's expert reports, Dkt. No. 232, and an order by the Magistrate Judge denying reconsideration of that exclusion, Dkt. No. 266.  Unlike the Recused Judge's decisions granting summary judgment to Defendants, his decision overruling Plaintiff's objections to the Magistrate Judge's orders was not reviewed *de novo* by the Second Circuit panel.  *See* Appellate Decision at 4.

The risk of injustice is still minimal, however, because the Magistrate Judge's orders were themselves binding, and the judge that issued them—the Magistrate Judge—was not conflicted. *Supra* Part III.A. Where, as here, a case is referred to a magistrate judge for general pretrial matters, Dkt. No. 4, the magistrate judge's orders on discovery matters are just that—orders. They are as controlling as an order issued by the district judge. *See, e.g., Novartis Pharma AG v. Incyte Corp.*, No. 20-cv-400 (GHW) (GWG), ___ F. Supp. 3d ___, 2025 WL 1132303, at *13 (S.D.N.Y. Apr. 17, 2025). In overruling Plaintiff's objections to the Magistrate Judge's orders, the Recused Judge merely reviewed the orders for abuse of discretion. This is a "highly deferential" standard of review, *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (quotation omitted), and the objecting party must carry a "heavy burden" before its threshold is reached, *David v. Weinstein Company LLC*, No. 18-cv-5414 (RA), 2020 WL 4042773, at *3 (S.D.N.Y. July 17, 2020) (quotation omitted). The risk of injustice to Plaintiff of declining to vacate the Recused Judge's decision overruling her objections to the Magistrate Judge's orders is, in the Court's view, marginal, and is not grounds to "force the parties to relitigate the entire case," at the cost of "significant delay" and expense to all sides, on the basis of a single non-dispositive order. *ExxonMobil*, F.4th at 174.

As to "the second factor for assessing a violation of § 455(a), the risk that the denial of relief will produce injustice in other cases," *Litovich*, 106 F.4th at 227 (quotation omitted), the Court again concludes that the risk is minimal. Unlike in other cases where a conflicted judge's rulings were vacated, *see Passman*, 2025 WL 1284718, at *5; *Litovich*, 106 F.4th at 227, Plaintiff here has already "had ample opportunity to challenge [the Recused Judge's] rulings . . . on appeal" and had her case "reviewed completely afresh," *ExxonMobil*, 44 F.4th at 174. Denial of vacatur in this case would not, as Plaintiff argues, meaningfully disincentivize federal judges from adhering to their "obligation to exercise reasonable effort in avoiding cases in which they are disqualified," *Litovich*, 106 F.4th at 227 (quoting *Chase Manhattan Bank*, 343 F.3d at 130); *see* Memorandum at 23–24, because the basis

for denying vacatur here is that a panel of judges happens to have already independently reviewed and ruled on the same record as the Recused Judge before his conflicts were discovered.  In the Court's view, the possibility that a judge's decisions may be protected from vacatur because they were independently reviewed and ruled on before his conflicts are discovered adds little incentive for the judge to be less vigilant about avoiding cases where he is disqualified.  *See ExxonMobil*, 44 F.4th at 174 (finding risk of injustice in other cases was minimal where case had been reviewed *de novo* by an unconflicted judge).

The final factor to consider, "the risk of undermining the public's confidence in the judicial process," *Litovich*, 106 F.4th at 227 (quotation omitted), does not tip the scale in favor of vacatur here.  The Court acknowledges that violations of Section 455(a) like the one at issue here "raise[] the appearance of impropriety," and that in many cases, the "best means of dispelling any potential loss of faith in the judiciary" based on a violation of Section 455(a) is vacatur.  *Id.* at 228; *accord Passman*, 2025 WL 1284718, at *7.  In this specific case, however, a panel of unconflicted judges has already given the case a "fresh look," *ExxonMobil*, 44 F.4th at 174, after Plaintiff presented her arguments in a full round of briefing, *Rouviere*, No. 22-3205 (L), Dkt. Nos. 150, 213, 217, 219, and at oral argument, *Rouviere*, No. 22-3205 (L), Dkt. No. 263.  These specific circumstances "assure[] that the final disposition of the case is not affected by any conflict of interest," and in doing so, they alleviate the risk that the public loses confidence that the courts provide "access to fair, efficient, and unbiased adjudication."  *ExxonMobil*, 44 F.4th at 173–74; *accord Brock v. Zuckerberg*, No. 21-1796, 2022 WL 1231044, at *3–4 (2d Cir. Apr. 27, 2022) (declining to vacate award despite violation of Section 455(a) after reviewing underlying ruling "anew, without any deference" to the presiding judge's assessment).  Moreover, "[t]he public also has an interest in speedy adjudication of disputes," and this interest "would not be furthered by forcing the parties to re-brief the same issues for a third time."  *ExxonMobil*, 44 F.4th at 174.  The Court, accordingly, does not find that the third factor

24

militates in favor of vacatur.

For these reasons, the Court finds that vacatur of the Recused Judge's rulings is not warranted.

### C. An Evidentiary Hearing Is Not Warranted

An evidentiary hearing regarding Plaintiff's Rule 60(b) motion is not warranted because there are no material facts in dispute. As discussed, evidentiary hearings are generally only appropriate when there is a dispute of material fact. *Wells*, 2023 WL 3948628, at *5; *Saada*, 2021 WL 4824129, at *3. Here, the material facts that Plaintiff has proffered in support of her motion are not in dispute. Defendants do not dispute that the Magistrate Judge received annual payments from his former law firm, and they accept, at least for the purposes of this motion, that Johnson & Johnson was a "client and revenue driver" for the law firm. DePuy Memorandum at 16; Howmedica at 2. Defendants also do not dispute that the Circuit Judge's spouse worked at a law firm that represented Howmedica in a separate action, and that the Circuit Judge reported family income from that law firm. Sur-Reply at 4. And Defendants do not dispute that the Recused Judge violated Section 455(a) by not recusing himself from the Underlying Proceedings. Howmedica Memorandum at 2; DePuy Memorandum at 16. The Court has concluded that, on the basis of these undisputed facts, vacatur of the Magistrate Judge's and Recused Judge's rulings is unwarranted. Accordingly, there is no need for an evidentiary hearing on Plaintiff's motion. *See Wells*, 2023 WL 3948628, at *5; *Saada*, 2021 WL 4824129, at *3.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motions for vacatur and for an evidentiary hearing are DENIED. The Clerk of Court is directed to terminate the motions pending at Dkt. No. 364 and Dkt. No. 373.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

      SO ORDERED.

Dated:  June 12, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

CLOSED,APPEAL,CASREF,ECF,PRO−SE

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:18−cv−04814−GHW−GS

Rouviere et al v. Depuy Orthopaedics, Inc. et al
Assigned to: Judge Gregory H. Woods
Referred to: Magistrate Judge Gary Stein
Cause: 28:1332 Diversity Action

Date Filed: 05/31/2018
Date Terminated: 12/06/2022
Jury Demand: Both
Nature of Suit: 367 Personal Injury: Health
Care/Pharmaceutical Personal Injury
Product Liability
Jurisdiction: Diversity

**Plaintiff**

**Jodi Rouviere**
*individually*

represented by **Jodi Rouviere**
10950 SW 84th Ct
Miami, FL 33156
305−608−8076
Email: erd@att.net
PRO SE

**Andre A Rouviere**
Law Offices of Andre A Rouviere
Law Offices of Andre A Rouviere
4070 Laguna Street
33146
Coral Gables, FL 33146
305−774−7000
Fax: 305−379−9696
Email: erd@att.net
*TERMINATED: 11/22/2024*

**Melissa Visconti**
Damian & Valori LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
305−371−3960
Fax: 305−371−3965
Email: mvisconti@dvllp.com
*TERMINATED: 01/10/2022*

**Robert Edward Godosky**
Godosky & Gentile, P.C.
100 Wall Street
Ste. 1702
New York, NY 10005
212−742−9700
Email: reg@godoskygentile.com
*TERMINATED: 11/22/2024*

**Plaintiff**

**Andre Rouviere**
*Jodi Rouviere's husband, individually*

represented by **Andre Rouviere**
Email: erd@att.net
PRO SE

**Andre A Rouviere**
(See above for address)
*TERMINATED: 11/22/2024*

**Melissa Visconti**
(See above for address)
*TERMINATED: 01/10/2022*

**Robert Edward Godosky**
(See above for address)
*TERMINATED: 11/22/2024*

V.

**Defendant**

**Depuy Orthopaedics, Inc.**
*TERMINATED: 09/17/2021*

represented by **James Francis Murdica**
Barnes & Thornburg LLP
390 Madison Avenue
Ste 12th Floor
New York, NY 10017–2509
312–214–4869
Fax: 312–759–5646
Email: jfmurdica@pbwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Metzger**
Barnes & Thornburg – Library
11 S Meridian St
46204
Indianapolis, IN 46204
317–236–1313
Email: JAMetzger@btlaw.com
*ATTORNEY TO BE NOTICED*

**Joel Thaddeus Larson , Jr**
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, ID 46204
317–231–7729
Fax: 317–231–7433
Email: jtlarson@btlaw.com
*ATTORNEY TO BE NOTICED*

**Joseph G. Eaton**
Barnes & Thornburg
11 South Meridian Street
Indianapolis, IN 46204
317–231–7705
Email: joe.eaton@btlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Depuy Products, Inc.**
*TERMINATED: 12/21/2018*

represented by **James Francis Murdica**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph G. Eaton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Depuy International, Limited**
*TERMINATED: 12/21/2018*

represented by **James Francis Murdica**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph G. Eaton**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**Johnson & Johnson, Inc.**
*TERMINATED: 12/21/2018*

represented by **James Francis Murdica**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph G. Eaton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Johnson & Johnson Services, Inc.**
*TERMINATED: 12/21/2018*

represented by **James Francis Murdica**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph G. Eaton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stryker Corporation**
*TERMINATED: 12/11/2018*

**Defendant**

**Stryker Sales Corporation**
*TERMINATED: 12/11/2018*

**Defendant**

**Howmedica Osteonics Corporation**
*doing business as*
Stryker Orthopaedics

represented by **Kim M. Catullo**
Gibbons P.C. (NY)
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
212 554 9617
Fax: 973 639 6280
Email: kcatullo@gibbonslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Edward Asfendis**
Gibbons P.C. (NY)
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212)697–6555
Fax: (212)986–3509
Email: pasfendis@gibbonslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/31/2018 | 1 | COMPLAINT against Depuy International, Limited, Depuy Orthopaedics, Inc., Depuy Products, Inc., Howmedica Osteonics Corporation, Johnson & Johnson Services, Inc., Johnson & Johnson, Inc., Stryker Corporation, Stryker Sales Corporation. (Filing Fee $ 400.00, Receipt Number 465401210308)Document filed by Andre Rouviere, Jodi Rouviere.(pne) (Entered: 06/04/2018) |
| 05/31/2018 | 2 | CIVIL COVER SHEET filed. (pne) (Entered: 06/04/2018) |

| | | |
|---|---|---|
| 05/31/2018 | | Magistrate Judge Stewart D. Aaron is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (pne) (Entered: 06/04/2018) |
| 05/31/2018 | | Case Designated ECF. (pne) (Entered: 06/04/2018) |
| 06/04/2018 | 3 | MOTION for Permission for Jodi Rouviere and Andre Rouviere to participate in electronic case filing in this case. Document filed by Andre Rouviere, Jodi Rouviere.(pne) (Entered: 06/04/2018) |
| 06/05/2018 | 4 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non–dispositive pretrial motions, and settlement). Referred to Magistrate Judge Stewart D. Aaron. (Signed by Judge Alison J. Nathan on 6/5/2018) (cf) (Entered: 06/05/2018) |
| 06/06/2018 | | NOTICE of mailing. The court mailed a copy of docket number 4 to Jodi Rouviere and Andre Rouviere at 4070 Laguna Street Coral Gables, FL 33146. (qs) (Entered: 06/06/2018) |
| 06/07/2018 | 6 | ORDER OF SERVICE: The Clerk of Court is directed to issue summonses as to Defendants Depuy Orthopaedics, Inc., Depuy Products, Inc., Depuy International, Limited, Johnson & Johnson, Inc., Johnson & Johnson Services, Inc., Stryker Corporation, Stryker Sales Corporation, and Howmedica Osteonics Corporation d/b/a Stryker Orthopaedics. Plaintiffs are directed to serve the summons and complaint on each of the defendants within 90 days of the issuance of the summonses. If within those 90 days, Plaintiffs have not either served the defendants or requested an extension of time to do so, the Court may dismiss the claims against the defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute. So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 6/7/2018) (js) (Entered: 06/07/2018) |
| 06/07/2018 | | SUMMONS ISSUED as to Depuy International, Limited, Depuy Orthopaedics, Inc., Depuy Products, Inc., Howmedica Osteonics Corporation, Johnson & Johnson Services, Inc., Johnson & Johnson, Inc.. (sbr) (Entered: 06/07/2018) |
| 06/07/2018 | 7 | FRCP 4 SERVICE PACKAGE MAILED to Jodi Rouviere at 4070 Laguna Street Coral Gables, FL 33146 on 6/7/2018 Re: 6 Order of Service, via REGULAR MAIL. The following document(s) were enclosed in the Service Package: a copy of the order of service or order to answer and other orders entered to date, the individual practices of the district judge and magistrate judge assigned to your case, Instructions for Litigants Who Do Not Have Attorneys, Notice Regarding Privacy and Public Access to Electronic Case Files, a flyer about the free legal assistance clinic located in the Thurgood Marshall Courthouse (only in non prisoner cases), a Motions guide, a notice that the Pro Se Manual has been discontinued, a Notice of Change of Address form to use if your contact information changes, a handout explaining matters handled by magistrate judges and consent form to complete if all parties agree to proceed for all purposes before the magistrate judge, a form for you to complete if you consent to receive filings electronically (only in nonprisoner cases), one or more summonses (only if you have paid the fee in person or if the judge has ordered that a summons be issued to you) – 9 copies of Summons(es) mailed. (sbr) (Entered: 06/07/2018) |
| 06/08/2018 | 8 | ORDER granting in part and denying in part 3 Motion for Permission for Electronic Case Filing. MEMO ENDORSEMENT: The Court GRANTS the motion as to Plaintiff Andre Rouviere only, as he is the only Plaintiff to have signed the motion. Plaintiff Jodi L. Rouviere may submit her own Motion for Permission for Electronic Case Filing, or she may request a waiver of receiving mailings or make an application for any alternative action for the relief she seeks. Chambers shall mail a copy of this Order to each pro se Plaintiff. The Clerk of Court is directed to terminate the motion at ECF No. 3. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 6/8/2018) (kl) (Entered: 06/08/2018) |
| 06/08/2018 | | Mailed a copy of 8 Order on Motion for Permission for Electronic Case Filing, to Jodi Rouviere: 4070 Laguna Street Coral Gables, FL 33146 (kl) (Entered: 06/08/2018) |

| 06/08/2018 | | Mailed a copy of 8 Order on Motion for Permission for Electronic Case Filing, to Andre Rouviere: 4070 Laguna Street Coral Gables, FL 33146. (kl) (Entered: 06/08/2018) |
|---|---|---|
| 06/21/2018 | 9 | PRO SE CONSENT TO RECEIVE ELECTRONIC SERVICE. The following party: Andre A. Rouviere consents to receive electronic service via the ECF system. Document filed by Andre Rouviere.(sc) (Entered: 06/21/2018) |
| 07/09/2018 | 10 | MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING; re: for Permission for Jodi Rouviere to participate in electronic case filing in this case. Document filed by Jodi Rouviere.(sc) (Entered: 07/09/2018) |
| 07/10/2018 | 11 | ORDER granting 10 Motion for Permission for Electronic Case Filing. ENDORSEMENT: Pro se plaintiff Jodi Rouviere's motion for permission for electronic case filing is GRANTED. Chambers shall mail a copy of this Order to each pro se Plaintiff. The Clerk of Court is directed to terminate the motion at ECF No. 10. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 7/10/2018) (js) (Entered: 07/10/2018) |
| 07/10/2018 | | Mailed a copy of 11 Order on Motion for Permission for Electronic Case Filing, to Jodi Rouviere at 4070 Laguna Street, Coral Gables, FL 33146. (kl) (Entered: 07/10/2018) |
| 07/10/2018 | | Mailed a copy of 11 Order on Motion for Permission for Electronic Case Filing to Andre Rouviere at 4070 Laguna Street, Coral Gables, FL 33146. (kl) (Entered: 07/10/2018) |
| 08/17/2018 | 12 | WAIVER OF SERVICE RETURNED EXECUTED. Depuy Orthopaedics, Inc. waiver sent on 7/23/2018, answer due 9/21/2018. Document filed by Jodi Rouviere. (Rouviere, Jodi) (Entered: 08/17/2018) |
| 08/17/2018 | 13 | WAIVER OF SERVICE RETURNED EXECUTED. Depuy Products, Inc. waiver sent on 7/23/2018, answer due 9/21/2018. Document filed by Jodi Rouviere. (Rouviere, Jodi) (Entered: 08/17/2018) |
| 08/17/2018 | 14 | WAIVER OF SERVICE RETURNED EXECUTED. Depuy International, Limited waiver sent on 7/23/2018, answer due 10/22/2018. Document filed by Jodi Rouviere. (Rouviere, Jodi) (Entered: 08/17/2018) |
| 08/17/2018 | 15 | WAIVER OF SERVICE RETURNED EXECUTED. Johnson & Johnson Services, Inc. waiver sent on 7/23/2018, answer due 9/21/2018. Document filed by Jodi Rouviere. (Rouviere, Jodi) (Entered: 08/17/2018) |
| 08/17/2018 | 16 | WAIVER OF SERVICE RETURNED EXECUTED. Johnson & Johnson, Inc. waiver sent on 7/23/2018, answer due 9/21/2018. Document filed by Jodi Rouviere. (Rouviere, Jodi) (Entered: 08/17/2018) |
| 08/17/2018 | 17 | WAIVER OF SERVICE RETURNED EXECUTED. Document filed by Andre Rouviere. (Rouviere, Andre) (Entered: 08/17/2018) |
| 08/17/2018 | 18 | WAIVER OF SERVICE RETURNED EXECUTED. Document filed by Andre Rouviere. (Rouviere, Andre) (Entered: 08/17/2018) |
| 08/17/2018 | 19 | WAIVER OF SERVICE RETURNED EXECUTED. Document filed by Andre Rouviere. (Rouviere, Andre) (Entered: 08/17/2018) |
| 08/17/2018 | 20 | WAIVER OF SERVICE RETURNED EXECUTED. Document filed by Andre Rouviere. (Rouviere, Andre) (Entered: 08/17/2018) |
| 08/17/2018 | 21 | WAIVER OF SERVICE RETURNED EXECUTED. Document filed by Andre Rouviere. (Rouviere, Andre) (Entered: 08/17/2018) |
| 09/13/2018 | 22 | NOTICE OF APPEARANCE by James Francis Murdica on behalf of Depuy International, Limited, Depuy Orthopaedics, Inc., Depuy Products, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Inc.. (Murdica, James) (Entered: 09/13/2018) |
| 09/13/2018 | 23 | MOTION for Joseph G. Eaton to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–15564932. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Depuy International, Limited, Depuy Orthopaedics, |

| | | |
|---|---|---|
| | | Inc., Depuy Products, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Inc.. (Attachments: # 1 Affidavit Affidavit of Joseph G. Eaton, # 2 Text of Proposed Order Proposed Order on Eaton Motion to Appear Pro Hac Vice)(Murdica, James) (Entered: 09/13/2018) |
| 09/13/2018 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 23 MOTION for Joseph G. Eaton to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–15564932. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 09/13/2018) |
| 09/14/2018 | 24 | ORDER ON MOTION FOR ADMISSION PRO HAC VICE: granting 23 Motion for Joseph G. Eaton to Appear Pro Hac Vice. (Signed by Magistrate Judge Stewart D. Aaron on 9/14/2018) (js) (Entered: 09/14/2018) |
| 09/18/2018 | 25 | NOTICE OF CHANGE OF ADDRESS by James Francis Murdica on behalf of Depuy International, Limited, Depuy Orthopaedics, Inc., Depuy Products, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Inc.. New Address: Barnes & Thornburg LLP, 43 West 43rd Street, Suite 175, New York, NY, US 10036, (312) 214–4869. (Murdica, James) (Entered: 09/18/2018) |
| 10/19/2018 | 26 | FIRST AMENDED COMPLAINT amending 1 Complaint, against Depuy International, Limited, Depuy Orthopaedics, Inc., Depuy Products, Inc., Howmedica Osteonics Corporation, Johnson & Johnson Services, Inc., Johnson & Johnson, Inc., Stryker Corporation, Stryker Sales Corporation with JURY DEMAND.Document filed by Andre Rouviere, Jodi Rouviere. Related document: 1 Complaint,.(Rouviere, Andre) (Entered: 10/19/2018) |
| 10/22/2018 | 27 | ORDER SCHEDULING INITIAL PRETRIAL CONFERENCE: An Initial Pretrial Conference in accordance with Rule 16(b) of the Federal Rules of Civil Procedure will be held on Tuesday, December 4, 2018 at 10:00 a.m. EST via Telephone. The parties shall jointly call the Court's conference line at 212–805–0110 to begin the conference. Telephonic Initial Conference set for 12/4/2018 at 10:00 AM before Magistrate Judge Stewart D. Aaron. (Signed by Magistrate Judge Stewart D. Aaron on 10/22/2018) (kl) (Entered: 10/22/2018) |
| 10/23/2018 | 28 | MOTION for Extension of Time *and order for Issuance of Summons*. Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit Proposed Summons)(Rouviere, Andre) (Entered: 10/23/2018) |
| 10/23/2018 | 29 | MEMO ENDORSEMENT on PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND FOR A COURT ORDER TO ISSUE SUMMONS FOR STRYKER DEFENDANTS. ENDORSEMENT: Request GRANTED. Plaintiffs shall serve the Stryker Corporation Defendants within 30 days. The Clerk of Court is directed to issue summonses to Stryker Corporation, Stryker Sales Corporation and Howmedica Osteonics Corporation d/b/a Stryker Orthopaedics. SO ORDERED. Granting 28 Motion for Extension of Time and Order for Issuance of Summons. (Signed by Magistrate Judge Stewart D. Aaron on 10/23/2018) (rjm). Modified on 10/25/2018 (rjm). (Entered: 10/23/2018) |
| 10/23/2018 | | Transmission to Pro Se Assistants. Transmitted re: 29 Order on Motion for Extension of Time to the Pro Se Assistants for processing. (rjm) (Entered: 10/25/2018) |
| 10/25/2018 | 30 | NOTICE OF APPEARANCE by Joseph G. Eaton on behalf of Depuy International, Limited, Depuy Orthopaedics, Inc., Depuy Products, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Inc.. (Eaton, Joseph) (Entered: 10/25/2018) |
| 10/26/2018 | | SUMMONS ISSUED as to Stryker Corporation, Stryker Sales Corporation, and Howmedica Osteonics Corporation d/b/a Stryker Orthopaedics. (sbr) (Entered: 10/26/2018) |
| 10/26/2018 | | Mailed a copy of 29 Order on Motion for Extension of Time, and a summons for each defendant Stryker Corporation, Stryker Sales Corporation and Howmedica Osteonics Corporation d/b/a Stryker Orthopaedics to Jodi and Andre Rouviere at 4070 Laguna Street Coral Gables, FL 33146. (sbr) (Entered: 10/26/2018) |
| 11/05/2018 | | SUMMONS REISSUED as to Stryker Corporation, Stryker Sales Corporation, Howmedica Osteonics Corporation d/b/a Stryker Orthopaedics and mailed to Plaintiffs |

| | | Jodi and Andre Rouviere at 4070 Laguna Street Coral Gables, FL 33146 via UPS Tracking Number 1ZA74Y453710000613. (sbr) (Entered: 11/05/2018) |
|---|---|---|
| 11/28/2018 | 31 | CERTIFICATE OF SERVICE of Summons and Amended Complaint,. Stryker Corporation served on 11/15/2018, answer due 12/6/2018. Service was accepted by Nora Dindyl. Document filed by Andre Rouviere. (Rouviere, Andre) (Entered: 11/28/2018) |
| 11/28/2018 | 32 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint,. Howmedica Osteonics Corporation served on 11/15/2018, answer due 12/6/2018. Service was accepted by Nora Dindyl. Document filed by Andre Rouviere. (Rouviere, Andre) (Entered: 11/28/2018) |
| 11/28/2018 | 33 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint,. Stryker Sales Corporation served on 11/15/2018, answer due 12/6/2018. Service was accepted by Nora Dindyl. Document filed by Andre Rouviere. (Rouviere, Andre) (Entered: 11/28/2018) |
| 11/28/2018 | 34 | ORDER: In view of the recent service on the Stryker Defendants, the Initial Pretrial Conference via Telephone previously scheduled for Tuesday, December 4, 2018 at 10:00 a.m. is hereby adjourned to Tuesday, January 15, 2019, at 2:00 p.m. via Telephone. At that time, the parties shall jointly, once all parties are on the line, call the Courts conference line at 212–805–0110 to begin the conference. The parties shall comply with the procedures articulated in the Courts Order dated October 22, 2018 (ECF No. 27), including filing a Report of Rule 26(f) Meeting and Proposed Case Management Plan, at least one week prior to the scheduled conference. (Initial Conference set for 1/15/2019 at 02:00 PM before Magistrate Judge Stewart D. Aaron.) (Signed by Magistrate Judge Stewart D. Aaron on 11/28/2018) (anc) (Entered: 11/28/2018) |
| 12/03/2018 | 35 | NOTICE OF APPEARANCE by Paul Edward Asfendis on behalf of Howmedica Osteonics Corporation. (Asfendis, Paul) (Entered: 12/03/2018) |
| 12/03/2018 | 36 | LETTER MOTION for Extension of Time to File Answer re: 26 Amended Complaint, addressed to Judge Alison J. Nathan from Paul E. Asfendis, Esq. dated December 3, 2018. Document filed by Howmedica Osteonics Corporation.(Asfendis, Paul) (Entered: 12/03/2018) |
| 12/06/2018 | 37 | ORDER granting 36 Letter Motion for Extension of Time to Answer. SO ORDERED. Howmedica Osteonics Corporation answer due 1/7/2019; Stryker Corporation answer due 1/7/2019; Stryker Sales Corporation answer due 1/7/2019 (Signed by Judge Alison J. Nathan on 12/5/2018) (cf) (Entered: 12/06/2018) |
| 12/07/2018 | 38 | **FILING ERROR – CORPORATE PARENT/OTHER AFFILIATE NOT ADDED –** RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Depuy International, Limited, Depuy Orthopaedics, Inc., Depuy Products, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Inc..(Eaton, Joseph) Modified on 12/10/2018 (lb). (Entered: 12/07/2018) |
| 12/07/2018 | 39 | ANSWER to 26 Amended Complaint, with JURY DEMAND. Document filed by Depuy International, Limited, Depuy Orthopaedics, Inc., Depuy Products, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Inc..(Eaton, Joseph) (Entered: 12/07/2018) |
| 12/10/2018 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Joseph G. Eaton to RE–FILE Document 38 Rule 7.1 Corporate Disclosure Statement,. ERROR(S): Corporate Parents were not added. Please re–file this document and when prompted: Are there any corporate parents or other affiliates?, select the YES radio button and enter the Corporate Parent(s) or Affiliate(s). YOU MUST SELECT THE SEARCH BUTTON. Select the correct name or create a new corporate parent. Add the Corporate Parent(s) or Affiliate(s) one party name at a time. (lb)** (Entered: 12/10/2018) |
| 12/10/2018 | 40 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Johnson & Johnson for Depuy International, Limited, Depuy Orthopaedics, Inc., Johnson & Johnson Services, Inc.; Corporate Parent Codman & Shurtleff, Inc. for |

| | | |
|---|---|---|
| | | Depuy Products, Inc.. Document filed by Depuy International, Limited, Depuy Orthopaedics, Inc., Depuy Products, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Inc..(Eaton, Joseph) (Entered: 12/10/2018) |
| 12/10/2018 | 41 | **FILING ERROR – DEFICIENT DOCKET ENTRY – SIGNATURE ERROR –** NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above–captioned action is voluntarily dismissed, without prejudice and without costs against the defendant(s) Stryker Corporation. Document filed by All Plaintiffs. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)..** (Rouviere, Andre) Modified on 12/10/2018 (dt). (Entered: 12/10/2018) |
| 12/10/2018 | 42 | **FILING ERROR – DUPLICATE DOCKET ENTRYNOTICE OF VOLUNTARY DISMISSALNOTICE pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above–captioned action is voluntarily dismissed, without prejudice and without costs against the defendant(s) Stryker Sales Corporation. Document filed by All Plaintiffs. Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).. (Rouviere, Andre) Modified on 12/10/2018 (dt). (Entered: 12/10/2018)** |
| 12/10/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT VOLUNTARY DISMISSAL. Notice to Attorney Andre Rouviere. RE–FILE Document No. 41 Notice of Voluntary Dismissal. The filing is deficient for the following reason(s): the notice of voluntary dismissal was not signed (Signatures). Re–file the document using the event type Notice of Voluntary Dismissal found under the event list Notices – select the correct filer/filers – select the correct party/parties the voluntary dismissal is against – and attach the correct signed PDF. (dt)** (Entered: 12/10/2018) |
| 12/10/2018 | | **\*\*\*NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 42 HAS BEEN REJECTED. THIS IS A DUPLICATED DOCUMENT. Note to Attorney Andre Rouviere : This is a Duplicate Document. Do Not Re–File. (dt)** (Entered: 12/10/2018) |
| 12/10/2018 | 43 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above–captioned action is voluntarily dismissed, without prejudice and without costs against the defendant(s) Stryker Sales Corporation. Document filed by All Plaintiffs. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)..** (Rouviere, Andre) (Entered: 12/10/2018) |
| 12/10/2018 | 44 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above–captioned action is voluntarily dismissed, without prejudice and without costs against the defendant(s) Stryker Corporation. Document filed by All Plaintiffs. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)..** (Rouviere, Andre) (Entered: 12/10/2018) |
| 12/10/2018 | | **\*\*\*NOTICE TO COURT REGARDING NOTICE OF VOLUNTARY DISMISSAL Document No. 43 Notice of Voluntary Dismissal was reviewed and referred to Judge Alison J. Nathan for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal in a Pro Se case. (dt)** (Entered: 12/10/2018) |
| 12/10/2018 | | **\*\*\*NOTICE TO COURT REGARDING NOTICE OF VOLUNTARY DISMISSAL Document No. 44 Notice of Voluntary Dismissal was reviewed and referred to Judge Alison J. Nathan for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal in a Pro Se case. (dt)** (Entered: 12/10/2018) |
| 12/11/2018 | 45 | NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i) AS TO STRYKER SALES CORPORATION: The Plaintiffs, JODI ROUVIERE and ANDRE ROUVIERE, her husband, Pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure hereby give notice that the above captioned action is voluntarily dismissed, without prejudice against the defendant(s) STRYKER SALES |

| | | |
|---|---|---|
| | | CORPORATION. SO ORDERED., Stryker Sales Corporation terminated. (Signed by Judge Alison J. Nathan on 12/11/2018) (rj) (Entered: 12/11/2018) |
| 12/11/2018 | 46 | NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i) AS TO STRYKER CORPORATION: The Plaintiffs, JODI ROUVIERE and ANDRE ROUVIERE, her husband, Pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure hereby give notice that the above captioned action is voluntarily dismissed, without prejudice against the defendant(s) STRYKER CORPORATION. SO ORDERED., Stryker Corporation terminated. (Signed by Judge Alison J. Nathan on 12/11/2018) (rj) (Entered: 12/11/2018) |
| 12/12/2018 | 47 | **FILING ERROR – DEFICIENT DOCKET ENTRY – SIGNATURE ERROR –** STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above–captioned action is voluntarily dismissed, without prejudice against the defendant(s) Depuy International, Limited and without costs pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Andre Rouviere. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)..**(Rouviere, Andre) Modified on 12/13/2018 (dt). (Entered: 12/12/2018) |
| 12/12/2018 | 48 | **FILING ERROR – DUPLICATE DOCKET ENTRYSTIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above–captioned action is voluntarily dismissed, without prejudice against the defendant(s) Depuy Products, Inc. and without costs pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Andre Rouviere. Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)..(Rouviere, Andre) Modified on 12/13/2018 (dt). (Entered: 12/12/2018)** |
| 12/12/2018 | 49 | **FILING ERROR – DUPLICATE DOCKET ENTRYSTIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above–captioned action is voluntarily dismissed, without prejudice against the defendant(s) Johnson & Johnson, Inc. and without costs pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Andre Rouviere. Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)..(Rouviere, Andre) Modified on 12/13/2018 (dt). (Entered: 12/12/2018)** |
| 12/12/2018 | 50 | **FILING ERROR – DUPLICATE DOCKET ENTRYSTIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above–captioned action is voluntarily dismissed, without prejudice against the defendant(s) Johnson & Johnson Services, Inc. and without costs pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Andre Rouviere. Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)..(Rouviere, Andre) Modified on 12/13/2018 (dt). (Entered: 12/12/2018)** |
| 12/13/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT VOLUNTARY DISMISSAL. Notice to Attorney Andre Rouviere. RE–FILE Document No. 47 Stipulation of Voluntary Dismissal. The filing is deficient for the following reason(s): the stipulation of voluntary dismissal was not signed (Signature) by the Attorneys. Re–file the document using the event type Stipulation of Voluntary Dismissal found under the event list Other Documents – select the correct filer/filers – select the correct party/parties the voluntary dismissal is against – and attach the correct signed (scanned signature image) PDF. When re–filing Select as to all the Defendants that are named in the Stipulation and file a 1 entry, not 4, the Stipulation pertains to all 4 Defendants. (dt)** Modified on 12/13/2018 (dt). (Entered: 12/13/2018) |
| 12/13/2018 | | **\*\*\*NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 48 HAS BEEN REJECTED. THIS IS A DUPLICATED DOCUMENT. Note to Attorney Andre Rouviere : This is a Duplicate Document. Do Not Re–File. (dt)** (Entered: 12/13/2018) |

| | | |
|---|---|---|
| 12/13/2018 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. **49** HAS BEEN REJECTED. THIS IS A DUPLICATED DOCUMENT. Note to Attorney Andre Rouviere : This is a Duplicate Document. Do Not Re–File. (dt)** (Entered: 12/13/2018) |
| 12/13/2018 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. **50** HAS BEEN REJECTED. THIS IS A DUPLICATED DOCUMENT. Note to Attorney Andre Rouviere : This is a Duplicate Document. Do Not Re–File. (dt)** (Entered: 12/13/2018) |
| 12/19/2018 | 51 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above–captioned action is voluntarily dismissed, without prejudice and without costs against the defendant(s) Depuy International, Limited. Document filed by All Plaintiffs. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)..** (Rouviere, Andre) (Entered: 12/19/2018) |
| 12/19/2018 | | ***NOTICE TO COURT REGARDING STIPULATION OF VOLUNTARY DISMISSAL Document No. **51** Notice of Voluntary Dismissal was reviewed and referred to Judge Alison J. Nathan for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal and it did not dismiss all of the parties or the action in its entirety. (km)** (Entered: 12/19/2018) |
| 12/21/2018 | 52 | STIPULATION OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE: All Parties, by counsel and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), hereby stipulate that the following defendants be dismissed, without prejudice, and with each party responsible for its own attorneys' fees and costs: DePuy Products, Inc.; DePuy International, Limited; Johnson & Johnson; and Johnson & Johnson Services, Inc. SO ORDERED. (Signed by Judge Alison J. Nathan on 12/21/2018). *** Party Johnson & Johnson Services, Inc., Johnson & Johnson, Inc., Depuy International, Limited and Depuy Products, Inc. terminated. (ama) Modified on 12/21/2018 (ama). (Entered: 12/21/2018) |
| 01/07/2019 | 53 | **FILING ERROR – CORPORATE PARENT/OTHER AFFILIATE NOT ADDED –** RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Howmedica Osteonics Corporation.(Asfendis, Paul) Modified on 1/7/2019 (lb). (Entered: 01/07/2019) |
| 01/07/2019 | 54 | ANSWER to 26 Amended Complaint,. Document filed by Howmedica Osteonics Corporation.(Asfendis, Paul) (Entered: 01/07/2019) |
| 01/07/2019 | 55 | AMENDED RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Stryker Corporation for Howmedica Osteonics Corporation. Document filed by Howmedica Osteonics Corporation.(Asfendis, Paul) (Entered: 01/07/2019) |
| 01/08/2019 | 56 | RULE 26(f) DISCOVERY PLAN REPORT.Document filed by Depuy Orthopaedics, Inc..(Eaton, Joseph) (Entered: 01/08/2019) |
| 01/15/2019 | | Minute Entry for proceedings held before Magistrate Judge Stewart D. Aaron: Telephonic Initial Pretrial Conference held on 1/15/2019. (kl) (Entered: 01/15/2019) |
| 01/15/2019 | 57 | CASE MANAGEMENT PLAN AND SCHEDULING ORDER: The parties shall submit a joint status letter regarding discovery on April 30, 2019. The parties shall complete expert discovery no later than March 11, 2020. The parties shall comply with Judge Nathan's procedures regarding dispositive motions. No later than June 14, 2019, the parties shall inform the Court whether they wish to schedule a settlement conference or seek a referral to the Court's mediation program. SO ORDERED. Deposition due by 10/31/2019. Fact Discovery due by 10/31/2019. Expert Discovery due by 3/11/2020. (Signed by Magistrate Judge Stewart D. Aaron on 1/15/2019) (kl) (Main Document 57 replaced on 1/15/2019) (kl). (Entered: 01/15/2019) |
| 01/15/2019 | 58 | CASE MANAGEMENT PLAN AND SCHEDULING ORDER: The parties do no consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. 636(c). This case is to be tried to a jury. Deposition due by 10/31/2019. Fact Discovery due by 10/31/2019. Counsel for the parties have conferred and their present best estimate of the length of trial is: 10 to 15 |

| | | |
|---|---|---|
| | | days. (Signed by Magistrate Judge Stewart D. Aaron on 1/15/2019) (ks) (Entered: 01/15/2019) |
| 02/04/2019 | 59 | RULE 26 DISCLOSURE.Document filed by Andre Rouviere.(Rouviere, Andre) (Entered: 02/04/2019) |
| 02/15/2019 | 60 | RESPONSE to Discovery Request from Depuy Orthopaedics.Document filed by Andre Rouviere.(Rouviere, Andre) (Entered: 02/15/2019) |
| 02/15/2019 | 61 | REQUEST FOR PRODUCTION OF DOCUMENTS.Document filed by Andre Rouviere.(Rouviere, Andre) (Entered: 02/15/2019) |
| 03/18/2019 | 62 | ANSWER TO INTERROGATORIES.Document filed by Andre Rouviere.(Rouviere, Andre) (Entered: 03/18/2019) |
| 03/18/2019 | 63 | ANSWER TO INTERROGATORIES.Document filed by Jodi Rouviere.(Rouviere, Andre) (Entered: 03/18/2019) |
| 03/18/2019 | 64 | RESPONSE to Discovery Request from STRYKER.Document filed by Andre Rouviere.(Rouviere, Andre) (Entered: 03/18/2019) |
| 04/30/2019 | 65 | JOINT LETTER addressed to Magistrate Judge Stewart D. Aaron from Joseph G. Eaton dated April 30, 2019 re: Joint Status Update Regarding Discovery. Document filed by Depuy International, Limited, Depuy Orthopaedics, Inc., Depuy Products, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Inc..(Eaton, Joseph) (Entered: 04/30/2019) |
| 04/30/2019 | 66 | MEMO ENDORSEMENT on re: 65 Letter, filed by Depuy International, Limited, Johnson & Johnson Services, Inc. Johnson & Johnson, Inc. Depuy Products, Inc., Depuy Orthopaedics, Inc. The parties agree to provide this Court with a further status update in sixty (60) days. ENDORSEMENT: So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 4/30/2019) (js) (Entered: 04/30/2019) |
| 05/08/2019 | 67 | LETTER addressed to Judge Alison J. Nathan from Paul E. Asfendis, Esq. dated May 8, 2019 re: Stipulated Protective Order & Confidentiality Agreement. Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Text of Proposed Order Stipulated Protective Order Restricting Disclosure of Confidential Information)(Asfendis, Paul) (Entered: 05/08/2019) |
| 05/08/2019 | 68 | STIPULATED PROTECTIVE ORDER RESTRICTING DISCLOSURE OF CONFIDENTIAL INFORMATION:...regarding procedures to be followed that shall govern the handling of confidential material... So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 5/8/2019) (js) (Entered: 05/08/2019) |
| 06/14/2019 | 69 | LETTER addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated June 14, 2019 re: Scheduling of Settlement Conference. Document filed by Howmedica Osteonics Corporation.(Asfendis, Paul) (Entered: 06/14/2019) |
| 06/14/2019 | 70 | MEMO ENDORSEMENT on re: 69 Letter filed by Howmedica Osteonics Corporation. ENDORSEMENT: Application Granted. So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 6/14/2019) (js) (Entered: 06/14/2019) |
| 07/01/2019 | 71 | STATUS REPORT. *Joint Status Report* Document filed by Howmedica Osteonics Corporation.(Asfendis, Paul) (Entered: 07/01/2019) |
| 07/01/2019 | 72 | MEMO ENDORSEMENT on re: 71 Status Report filed by Howmedica Osteonics Corporation. ENDORSEMENT: The parties shall file another joint letter regarding the status of discovery on August 30, 2019. So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 7/1/2019) (js) (Entered: 07/01/2019) |
| 08/15/2019 | 73 | LETTER MOTION for Conference *Regarding Discovery Issue* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated August 15, 2019. Document filed by Howmedica Osteonics Corporation.(Asfendis, Paul) (Entered: 08/15/2019) |
| 08/20/2019 | 74 | MOTION Entry of Protocol Order *by Plaintiffs*. Document filed by Andre Rouviere. (Attachments: # 1 Exhibit Depuy Protocal, # 2 Exhibit Proposed Order, # 3 Exhibit HOC letter)(Rouviere, Andre) (Entered: 08/20/2019) |

| 08/21/2019 | 75 | RESPONSE to Motion re: 74 MOTION Entry of Protocol Order *by Plaintiffs*. . Document filed by Howmedica Osteonics Corporation. (Asfendis, Paul) (Entered: 08/21/2019) |
| --- | --- | --- |
| 08/22/2019 | 76 | MEMO ENDORSEMENT on re: 75 Response to Motion filed by Howmedica Osteonics Corporation. ENDORSEMENT: The Court shall hold a Telephone conference on August 28, 2019 at 10:00 a.m. to address the Letter–Motions filed at ECF Nos. 73 & 74. The parties shall call the Court's conference line at 212–805–0110 once all parties are on the line. SO ORDERED. (Telephone Conference set for 8/28/2019 at 10:00 AM before Magistrate Judge Stewart D. Aaron.) (Signed by Magistrate Judge Stewart D. Aaron on 8/22/2019) (kl) (Entered: 08/22/2019) |
| 08/22/2019 | 77 | LETTER MOTION to Adjourn Conference addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated August 22, 2019. Document filed by Howmedica Osteonics Corporation.(Asfendis, Paul) (Entered: 08/22/2019) |
| 08/22/2019 | 78 | ORDER granting 77 Letter Motion to Adjourn Conference. Request GRANTED. The Telephone conference shall be held on September 3, 2019 at 10:30 a.m. The parties shall call the Court's conference line at 212–805–0110 once all parties are on the line. SO ORDERED. Telephone Conference set for 9/3/2019 at 10:30 AM before Magistrate Judge Stewart D. Aaron. (Signed by Magistrate Judge Stewart D. Aaron on 8/22/2019) (kl) (Entered: 08/22/2019) |
| 08/23/2019 | 79 | RESPONSE in Opposition to Motion re: 74 MOTION Entry of Protocol Order *by Plaintiffs*. . Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit A – J. Eaton 7.12.19 email and photographs, # 2 Exhibit B – J. Eaton 7.15.19 emails, # 3 Exhibit C – Eaton 7.17.19 letter, # 4 Exhibit D – Rouviere 7.17.19 letter, # 5 Exhibit E – Asfendis 7.17.19 email)(Eaton, Joseph) (Entered: 08/23/2019) |
| 08/30/2019 | 80 | LETTER MOTION for Conference *Continuance by Plaintiffs* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere and Jodi Rouviere dated August 30, 2019. Document filed by Andre Rouviere.(Rouviere, Andre) (Entered: 08/30/2019) |
| 08/30/2019 | 81 | ORDER granting 80 Letter Motion for Conference. ENDORSEMENT: The Court admonishes Plaintiffs to abide by its rules in the future and seek consent from their adversaries before making an application to the Court. However, under the circumstances, the request is GRANTED, and the Telephone conference is hereby rescheduled until September 11, 2019 at 10:30 a.m. The parties shall call the Court's conference line at 212–805–0110 once all parties are on the line. SO ORDERED. Telephone Conference set for 9/11/2019 at 10:30 AM before Magistrate Judge Stewart D. Aaron. (Signed by Magistrate Judge Stewart D. Aaron on 8/30/2019) (kl) (Entered: 08/30/2019) |
| 09/09/2019 | 82 | SECOND LETTER MOTION for Discovery *Conference* addressed to Magistrate Judge Stewart D. Aaron from Jodi Rouviere dated September 9, 2019. Document filed by Andre Rouviere. (Attachments: # 1 Exhibit Plaintiffs Photo Comparison)(Rouviere, Andre) (Entered: 09/09/2019) |
| 09/11/2019 | | Minute Entry for proceedings held before Magistrate Judge Stewart D. Aaron: Telephone Conference held on 9/11/2019. (kl) (Entered: 09/11/2019) |
| 09/11/2019 | 83 | ORDER: Following a telephone conference held with the parties on September 11, 2019, and for the reasons stated on the record, it is hereby ORDERED, that: (1)Defendant Howmedica Osteonics Corporation's August 15, 2019 letter motion for a conference (ECF No. 73) and Plaintiffs' September 9, 2019 letter motion for a conference (ECF No. 82) are terminated as moot; (2) Plaintiffs' August 20, 2019 motion is GRANTED in part and DENIED in part: a. With respect to Plaintiff's request for an Order of entry of a Protocol to Preserve Evidence (the Protocol), the parties shall meet and confer as to the terms of the Protocol and no later than September 18, 2019 shall submit the proposed Protocol to the Court for its approval; b. To the extent that the parties are unable to agree on certain terms of the Protocol, no later than September 18, 2019, the parties shall submit a joint letter to the Court, along with the draft Protocol, identifying which terms the parties have agreed upon and which terms the parties are unable to agree upon; c. The remaining relief sought by Plaintiffs, including their requests for sanctions, is DENIED; (3) In addition, no later than September 18, 2019, Andre Rouviere shall move for Pro Hac Vice admission before this Court in order to represent his wife, Plaintiff Jodi Rouviere, before this |

| | | |
|---|---|---|
| | | Court; and (4) The deadline previously set forth in the Courts June 14, 2019 memo endorsement (ECF No. 70) is hereby extended to Monday, October 28, 2019, upon which day the parties shall submit a joint letter advising the Court whether they are interested in proceeding to mediation. So Ordered. terminating 73 Motion for Conference ; granting in part and denying in part 74 Motion ; terminating 82 Motion for Discovery. (Signed by Magistrate Judge Stewart D. Aaron on 9/11/2019) (js) (Entered: 09/11/2019) |
| 09/11/2019 | | Set/Reset Deadlines: Motions due by 9/18/2019. (js) (Entered: 09/11/2019) |
| 09/16/2019 | 84 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Andre A Rouviere to Appear Pro Hac Vice *For Plaintiff Jodi Rouviere.* **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Andre Rouviere. (Attachments: # 1 Affidavit Applicant Affidavit, # 2 Affidavit Of good standing, # 3 Text of Proposed Order proposed order)(Rouviere, Andre) Modified on 9/16/2019 (wb). (Entered: 09/16/2019) |
| 09/16/2019 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE re: Document No. 84 MOTION for Andre A Rouviere to Appear Pro Hac Vice *For Plaintiff Jodi Rouviere.* Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Florida; the filing fee was not paid;. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order. Pay the filing fee using the event Pro Hac Vice Fee Payment found under the event list Other Documents. (wb)** (Entered: 09/16/2019) |
| 09/17/2019 | | Pro Hac Vice Fee Payment: for 84 MOTION for Andre A Rouviere to Appear Pro Hac Vice *For Plaintiff Jodi Rouviere.* **Motion and supporting papers to be reviewed by Clerk's Office staff.**. Filing fee $ 200.00, receipt number ANYSDC–17616055.(Rouviere, Andre) (Entered: 09/17/2019) |
| 09/20/2019 | 85 | MOTION to Approve PARTIES AGREED PROTOCOL GOVERNING PRESERVATION OF THE EXPLANTED DEVICES AND NON–DESTRUCTIVE EXAMINATION . Document filed by Andre Rouviere.(Rouviere, Andre) (Entered: 09/20/2019) |
| 09/21/2019 | | ORDER granting 85 Motion to Approve Parties' Agreed Protocol: The agreed–upon Protocol is hereby approved. SO ORDERED. (HEREBY ORDERED by Magistrate Judge Stewart D. Aaron)(Text Only Order) (Aaron, Stewart) (Entered: 09/21/2019) |
| 09/22/2019 | 86 | FIRST LETTER MOTION for Extension of Time to File *Pro Hac Vice Application* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere,Esquire dated September 22, 2019. Document filed by Jodi Rouviere.(Rouviere, Andre) (Entered: 09/22/2019) |
| 09/23/2019 | 87 | ORDER granting 86 Letter Motion for Extension of Time to File. ENDORSEMENT: The time to refile the Motion to appear Pro Hac Vice is extended to October 4, 2019. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 9/23/2019) (kl) (Entered: 09/23/2019) |
| 09/23/2019 | | Set/Reset Deadlines: Motions due by 10/4/2019. (kl) (Entered: 09/23/2019) |
| 10/02/2019 | 88 | MOTION for Andre A Rouviere to Appear Pro Hac Vice *to Represent Plaintiff Jodi Rouviere.* **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jodi Rouviere. (Attachments: # 1 Affidavit Certificate of Good Standing, # 2 Affidavit In Support of Motion, # 3 Text of Proposed Order Approving Motion to Appear Pro Hac Vice)(Rouviere, Andre) (Entered: 10/02/2019) |
| 10/03/2019 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 88 MOTION for Andre A Rouviere to Appear Pro Hac Vice *to Represent Plaintiff Jodi Rouviere.* Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 10/03/2019) |
| 10/03/2019 | 89 | ORDER ON MOTION TO APPEAR PRO HAC VICE granting 88 Motion for Andre A. Rouviere to Appear Pro Hac Vice. The motion of Attorney Andre A. Rouviere for |

| | | admission to practice Pro Hac Vice in the above–captioned action is granted. (Signed by Magistrate Judge Stewart D. Aaron on 10/3/2019) (kl) (Entered: 10/03/2019) |
|---|---|---|
| 10/30/2019 | 90 | JOINT LETTER MOTION for Extension of Time to Complete Discovery addressed to Magistrate Judge Stewart D. Aaron from ALL PARTIES dated October 30, 2019. Document filed by Jodi Rouviere.(Rouviere, Andre) (Entered: 10/30/2019) |
| 10/30/2019 | 91 | PROPOSED SCHEDULING ORDER. Document filed by Jodi Rouviere. (Rouviere, Andre) (Entered: 10/30/2019) |
| 10/30/2019 | 92 | JOINT LETTER MOTION for Extension of Time *to Request Settlement Conference* addressed to Magistrate Judge Stewart D. Aaron from All Parties dated October 30, 2019. Document filed by Jodi Rouviere.(Rouviere, Andre) (Entered: 10/30/2019) |
| 10/30/2019 | 93 | AMENDED SCHEDULING ORDER granting 90 Letter Motion for Extension of Time to Complete Discovery. The January 15, 2019 Case Management Plan and Scheduling Order (Docket No. 57) is hereby amended as follows: Service of Requests to Admit: From October 1, 2019 to December 30, 2019, Fact Deposition Deadline: From October 31, 2019 to January 29, 2020, Plaintiff's Expert Disclosures: From December 2, 2019 to March 1, 2020, Depositions of Plaintiffs' Experts: From January 10, 2020 to April 9, 2020, Defendant's Expert Disclosures: From February 10, 2020 to May 11, 2020, Depositions of Defendants' Experts: From March 11, 2020 to June 9, 2020. The Parties are encouraged to work diligently to complete discovery within the revised time line as set forth above. Any further extensions will be granted only for good cause shown. Deposition due by 6/9/2020. (Signed by Magistrate Judge Stewart D. Aaron on 10/30/2019) (mml) (Entered: 10/30/2019) |
| 10/30/2019 | 94 | ORDER granting 92 Letter Motion for Extension of Time. ENDORSEMENT: Request GRANTED. The parties shall jointly advise the Court on or before February 5, 2020 whether they wish to schedule a settlement conference or seek a referral to the Court's mediation program. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 10/30/2019) (kl) (Entered: 10/30/2019) |
| 11/21/2019 | 95 | RESPONSE to Discovery Request from Depuy.Document filed by Jodi Rouviere.(Rouviere, Andre) (Entered: 11/21/2019) |
| 01/09/2020 | 96 | MOTION for Joel Thaddeus Larson, Jr. to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–18466408. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Affidavit JT Larson Affidavit, # 2 Exhibit JT Larson Certificate of Good Standing, # 3 Text of Proposed Order)(Larson, Joel) (Entered: 01/09/2020) |
| 01/10/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 96 MOTION for Joel Thaddeus Larson, Jr. to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–18466408. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 01/10/2020) |
| 01/10/2020 | 97 | ORDER ON MOTION FOR ADMISSION PRO HAC VICE: granting 96 Motion for Joel Thaddeus Larson, Jr. to Appear Pro Hac Vice. (Signed by Magistrate Judge Stewart D. Aaron on 1/10/2020) (js) (Entered: 01/10/2020) |
| 01/13/2020 | 98 | NOTICE OF APPEARANCE by Joel Thaddeus Larson, Jr on behalf of Depuy Orthopaedics, Inc.. (Larson, Joel) (Entered: 01/13/2020) |
| 01/28/2020 | 99 | JOINT MOTION for Extension of Time *of Case Management Deadlines*. Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Text of Proposed Order)(Larson, Joel) (Entered: 01/28/2020) |
| 01/29/2020 | 100 | ORDER granting 99 Joint Letter Motion To Extend Case Management Deadlines. Accordingly, the Court GRANTS the Motion and the October 30, 2019 Amended Scheduling Order (ECF No.93) is hereby amended as follows: Fact Deposition Deadline: From January 29, 2020 to April 17, 2020 Plaintiffs' Expert Disclosures: From March 1, 2020 to May 15, 2020 Deposition of Plaintiffs' Experts: From April 9, 2020 to June 15, 2020 Defendants' Expert Disclosures: From May 11, 2020 to July 17, 2020. Deposition of Defendants' Experts: From June 9, 2020 to August 17, 2020 Deadline to Request Mediation: From February 4, 2020 to September 15, 2020 Deposition due by 8/17/2020. No Further Extensions Shall Be Granted Except In |

| | | |
|---|---|---|
| | | Exigent Circumstances and then Only For A Limited Purpose So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 1/29/2020) (js) Modified on 1/29/2020 (js). (Entered: 01/29/2020) |
| 02/05/2020 | | ***DELETED DOCUMENT. Deleted document number [No Document Number] Case was assign to Judge Liman by error.. The document was incorrectly filed in this case. (wb) (Entered: 02/05/2020) |
| 02/06/2020 | | NOTICE OF CASE REASSIGNMENT to Judge Lewis J. Liman. Judge Alison J. Nathan is no longer assigned to the case..(laq) (Entered: 02/06/2020) |
| 03/02/2020 | 101 | FIRST LETTER MOTION to Compel Depuy Orthopaedics Inc to Respond fully to Interrogatories addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere, Esq dated March 2, 2020. Document filed by Jodi Rouviere. Return Date set for 3/5/2020 at 03:00 PM. (Attachments: # 1 Supplement Individual question request).(Rouviere, Andre) (Entered: 03/02/2020) |
| 03/05/2020 | 102 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from Joseph G. Eaton dated March 5, 2020 re: 101 FIRST LETTER MOTION to Compel Depuy Orthopaedics Inc to Respond fully to Interrogatories addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere, Esq dated March 2, 2020. . Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E).(Larson, Joel) (Entered: 03/05/2020) |
| 03/06/2020 | 103 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere dated 03062020 re: 101 FIRST LETTER MOTION to Compel Depuy Orthopaedics Inc to Respond fully to Interrogatories addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere, Esq dated March 2, 2020. . Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit sample, # 2 Exhibit sample).(Rouviere, Andre) (Entered: 03/06/2020) |
| 03/07/2020 | 104 | OPINION AND ORDER re: 101 FIRST LETTER MOTION to Compel Depuy Orthopaedics Inc to Respond fully to Interrogatories addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere, Esq dated March 2, 2020, filed by Jodi Rouviere. For the foregoing reasons, Plaintiffs' motion to compel further responses to their interrogatories is DENIED. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 3/7/2020) (kl) (Entered: 03/09/2020) |
| 03/20/2020 | 105 | JOINT MOTION for Extension of Time *for Deadlines 90 Days Due to Coronavirus Pandemic*. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 03/20/2020) |
| 03/23/2020 | 106 | MEMO ENDORSED granting 105 JOINT MOTION TO EXTEND DEADLINEDEMICS 90 DAYS DUE TO CORONAVIRUS PANDEMIC: ENDORSEMENT: The Parties' joint motion for an extension of discovery deadlines is GRANTED in light of the recent public health developments. Fact depositions shall be completed by July 16, 2020, Plaintiffs' expert disclosures shall be made by August 13, 2020, the deposition of Plaintiffs' experts shall be completed by September 14, 2020, Defendants' expert disclosures shall be made by October 15, 2020, the deposition of Defendants' experts shall be completed by November 16, 2020 and the parties shall jointly advise the Court whether they would like to be referred for mediation no later than December 14, 2020. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 3/23/2020) (js) (Entered: 03/23/2020) |
| 03/23/2020 | | Set/Reset Deadlines: Deposition due by 11/16/2020. (js) (Entered: 03/23/2020) |
| 04/30/2020 | 107 | RESPONSE to Discovery Request from Jodi Rouviere.Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 04/30/2020) |
| 05/26/2020 | 108 | LETTER MOTION for Discovery *requesting protective order with respect to Plaintiff's proposed improper and burdensome 30(b)(6) deposition categories* addressed to Magistrate Judge Stewart D. Aaron from J.T. Larson, counsel for DePuy Orthopaedics, Inc. dated May 26,2020. Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit A − plaintiff's 1.08 letter, # 2 Exhibit B − defendants' 1.27 letter, # 3 Exhibit C − defendants' 2.11 e−mail, # 4 Exhibit D − plaintiff's 3.2 letter, # 5 Exhibit E − defendants' 3.10 e−mail, # 6 Exhibit F − plaintiff's 3.12 letter).(Larson, |

| | | |
|---|---|---|
| | | Joel) (Entered: 05/26/2020) |
| 05/29/2020 | 109 | LETTER MOTION for Extension of Time to File Response/Reply *to Deupy's Motion for Protective order* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated May 29, 2020. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 05/29/2020) |
| 05/29/2020 | 110 | LETTER RESPONSE to Motion addressed to Magistrate Judge Stewart D. Aaron from J.T. Larson, counsel for defendant DePuy Orthopaedics, Inc. dated May 29, 2020 re: 109 LETTER MOTION for Extension of Time to File Response/Reply *to Deupy's Motion for Protective order* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated May 29, 2020. . Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 05/29/2020) |
| 05/29/2020 | 111 | ORDER granting in part and denying in part 109 Letter Motion for Extension of Time to File Response/Reply re 109 LETTER MOTION for Extension of Time to File Response/Reply *to Deupy's Motion for Protective order* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated May 29, 2020. Responses due by 6/1/2020 at 5 p.m. Replies due by 6/3/2020 at 12:00 p.m. (Signed by Magistrate Judge Stewart D. Aaron on 5/29/2020) (Aaron, Stewart) (Entered: 05/29/2020) |
| 06/01/2020 | 112 | LETTER MOTION for Discovery *Dispute and Request for Conference to Discuss Issuance of Protective Order* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated June 1, 2020. Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit A – Plaintiffs' 1.10.20 Letter re Depositions, # 2 Exhibit B – HOC's 2.21.20 Response to Plaintiffs' Discovery Letter, # 3 Exhibit C – Plaintiffs' 3.2.20 Letter Rejecting HOC's Offer).(Asfendis, Paul) (Entered: 06/01/2020) |
| 06/01/2020 | 113 | LETTER RESPONSE to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated 06012020 re: 108 LETTER MOTION for Discovery *requesting protective order with respect to Plaintiff's proposed improper and burdensome 30(b)(6) deposition categories* addressed to Magistrate Judge Stewart D. Aaron from J.T. Larson, counsel for DePuy Orthop . Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit).(Rouviere, Andre) (Entered: 06/01/2020) |
| 06/03/2020 | 114 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from JT Larson, attorney for defendant dated June 3, 2020 re: 108 LETTER MOTION for Discovery *requesting protective order with respect to Plaintiff's proposed improper and burdensome 30(b)(6) deposition categories* addressed to Magistrate Judge Stewart D. Aaron from J.T. Larson, counsel for DePuy Orthop . Document filed by Deupy Orthopaedics, Inc.. (Attachments: # 1 Exhibit G – court decision).(Larson, Joel) (Entered: 06/03/2020) |
| 06/03/2020 | 115 | ORDER granting in part and denying in part 108 Letter Motion for Discovery: DePuy's motion for a protective order is GRANTED IN PART and DENIED IN PART. The DePuy Rule 30(b)(6) witness or witnesses shall testify about the 12 categories enumerated in this Order. (Signed by Magistrate Judge Stewart D. Aaron on 6/3/2020) (Aaron, Stewart) (Entered: 06/03/2020) |
| 06/03/2020 | 116 | ORDER re: 112 LETTER MOTION for Discovery *Dispute and Request for Conference to Discuss Issuance of Protective Order* dated June 1, 2020. filed by Howmedica Osteonics Corporation: Prior to filing their response to Howmedica's motion for a protective order (ECF No. 112), Plaintiffs shall review this Court's 6/3/2020 Opinion and Order deciding DePuy's motion (ECF No. 115), and shall meet and confer with Howmedica to seek to reach agreement on 30(b)(6) topics consistent with the Court's Opinion and Order. If agreement cannot be reached, then Plaintiffs shall file their opposition to Howmedica's motion no later than Monday, 6/8/2020, and Howmedica shall file any reply by Wednesday, 6/10/2020. (HEREBY ORDERED by Magistrate Judge Stewart D. Aaron) (Text Only Order) (Aaron, Stewart) (Entered: 06/03/2020) |
| 06/08/2020 | 117 | LETTER addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated June 8, 2020 re: 30(b)(6) Deposition Topics. Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Text of Proposed Order).(Asfendis, Paul) (Entered: 06/08/2020) |

| | | |
|---|---|---|
| 06/09/2020 | 118 | LETTER MOTION for Leave to File Second Amended Complaint *by Plaintiffs* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated June 9, 2020. Document filed by Jodi Rouviere. (Attachments: # 1 Proposed 2nd Amended Complaint).(Rouviere, Andre) (Entered: 06/09/2020) |
| 06/10/2020 | 119 | ORDER denying without prejudice 118 Letter Motion for Leave to File Document: Plaintiffs' Letter Motion for leave to file a Second Amended Complaint is DENIED WITHOUT PREJUDICE. A motion to amend may not be made by Letter Motion, but must be made by formal motion consistent with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. Any such motion must be accompanied by a notice of motion, a supporting affidavit or declaration and a memorandum of law. The supporting affidavit or declaration shall have attached to it a redline showing changes from the prior pleading. (HEREBY ORDERED by Magistrate Judge Stewart D. Aaron)(Text Only Order) (Aaron, Stewart) (Entered: 06/10/2020) |
| 06/10/2020 | 120 | ORDER: IT IS, on this 10th day of June, 2020, ORDERED that the following are the deposition topics as to which an HOC witness or witnesses shall testify: Written materials or warnings that accompanied the MDM (including the Instructions for Use) during the period 2010 to 2017. The packaging, labeling and marketing of the MDM during the period 2010 to 2017. Any recalls initiated regarding the MDM. The history of the performance of the MDM, including any reports of defects, failures or other adverse events. The intended, permitted or foreseeable use of the MDM within any other hip system, device or components, whether manufactured by HOC or any other manufacturer, and whether or not communicated to or authorized by the FDA or any other oversight authority. Any reactions caused by use and/or corrosion of the MDM, including hypersensitivity, foreign body reaction, metal toxicity and allergic reactions. Any coatings used or considered for use on the MDM. The 510(k) application and approval process for the MDM. Failure rates associated with the MDM. The Design History File for the MDM and the information contained therein. Use of the MDM with components designed, manufactured and sold by other medical device manufacturers. Testing and/or analyses done on the MDM. So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 6/10/2020) (js) (Entered: 06/10/2020) |
| 06/15/2020 | 121 | MOTION to Amend/Correct *Plaintiffs Notice of Motion*. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 06/15/2020) |
| 06/15/2020 | 122 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION to Amend/Correct 121 MOTION to Amend/Correct *Plaintiffs Notice of Motion. Plaintiffs Affirmation in Support of Plaintiffs Motion for Leave of court to file Second Amended Complaint*. Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit).(Rouviere, Andre) Modified on 7/24/2020 (db). (Entered: 06/15/2020) |
| 06/15/2020 | 123 | MEMORANDUM OF LAW in Support re: 122 MOTION to Amend/Correct 121 MOTION to Amend/Correct *Plaintiffs Notice of Motion. Plaintiffs Affirmation in Support of Plaintiffs Motion for Leave of court to file Second Amended Complaint. by Plaintiffs*. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 06/15/2020) |
| 06/16/2020 | 124 | FIRST LETTER MOTION for Extension of Time to Complete Discovery *by Plaintiffs* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated June 16, 2020. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 06/16/2020) |
| 06/18/2020 | 125 | LETTER RESPONSE to Motion addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated June 18, 2020 re: 124 FIRST LETTER MOTION for Extension of Time to Complete Discovery *by Plaintiffs* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated June 16, 2020. . Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 06/18/2020) |
| 06/19/2020 | 126 | LETTER RESPONSE to Motion addressed to Magistrate Judge Stewart D. Aaron from Joseph G. Eaton, attorney for Defendant dated June 19, 2020 re: 124 FIRST LETTER MOTION for Extension of Time to Complete Discovery *by Plaintiffs* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated June 16, 2020. . Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit A – 6.15.2020 email).(Eaton, Joseph) (Entered: 06/19/2020) |

| | | |
|---|---|---|
| 06/22/2020 | 127 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated June 22, 2020 re: 124 FIRST LETTER MOTION for Extension of Time to Complete Discovery *by Plaintiffs* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated June 16, 2020. . Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 06/22/2020) |
| 06/22/2020 | 128 | ORDER granting in part and denying in part 124 Letter Motion for Extension of Time to Complete Discovery: Fact depositions shall be completed by August 21, 2020, Plaintiffs' expert disclosures shall be made by September 21, 2020, the deposition of Plaintiffs' experts shall be completed by October 21, 2020, Defendants' expert disclosures shall be made by November 20, 2020, the deposition of Defendants' experts shall be completed by December 23, 2020 and the parties shall jointly advise the Court whether they would like to be referred for mediation no later than January 15, 2021 (and as further set forth in this Order). (Signed by Magistrate Judge Stewart D. Aaron on 6/22/2020) (Aaron, Stewart) (Entered: 06/22/2020) |
| 06/29/2020 | 129 | MEMORANDUM OF LAW in Opposition re: 122 MOTION to Amend/Correct 121 MOTION to Amend/Correct *Plaintiffs Notice of Motion. Plaintiffs Affirmation in Support of Plaintiffs Motion for Leave of court to file Second Amended Complaint.* . Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit A–DePuy's Discovery Responses, # 2 Exhibit B–Plaintiffs' Nov. 5, 2019 letter, # 3 Exhibit C–DePuy's Nov. 15, 2019 letter).(Larson, Joel) (Entered: 06/29/2020) |
| 06/29/2020 | 130 | RESPONSE in Opposition to Motion re: 121 MOTION to Amend/Correct *Plaintiffs Notice of Motion.* . Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit A – Howmedica's Response to Plaintiffs' 1st Request for Production of Documents, # 2 Exhibit B – 3.23.20 Plaintiffs' Letter re Document Requests, # 3 Exhibit C – 4.3.20 Howmedica's Letter re Document Requests).(Asfendis, Paul) (Entered: 06/29/2020) |
| 07/06/2020 | 131 | REPLY to Response to Motion re: 122 MOTION to Amend/Correct 121 MOTION to Amend/Correct *Plaintiffs Notice of Motion. Plaintiffs Affirmation in Support of Plaintiffs Motion for Leave of court to file Second Amended Complaint. To Defendant Depuy.* Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit to Plaintiff Reply, # 2 Exhibit to Plaintiff Reply, # 3 Exhibit to Plaintiff Reply, # 4 Exhibit to Plaintiff Reply, # 5 Exhibit to Plaintiff Reply, # 6 Exhibit to Plaintiff Reply).(Rouviere, Andre) (Entered: 07/06/2020) |
| 07/07/2020 | 132 | REPLY in Support re: 121 MOTION to Amend/Correct *Plaintiffs Notice of Motion.* Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit Ex.1 to reply, # 2 Exhibit Ex. 2 to reply)(kl) (Entered: 07/07/2020) |
| 07/07/2020 | 133 | REPLY re: 122 MOTION to Amend/Correct 121 MOTION to Amend/Correct *Plaintiffs Notice of Motion. Plaintiffs Affirmation in Support of Plaintiffs Motion for Leave of court to file Second Amended Complaint. to Defendant Stryker response.* Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit to Plaintiff Reply, # 2 Exhibit to Plaintiff Reply).(Rouviere, Andre) (Entered: 07/07/2020) |
| 07/07/2020 | 134 | LETTER MOTION for Leave to File Sur–Reply Brief in Further Opposition to Plaintiffs' Motion for Leave to Amend First Amended Complaint addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated July 7, 2020. Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit Proposed Sur–Reply).(Asfendis, Paul) (Entered: 07/07/2020) |
| 07/07/2020 | 135 | LETTER MOTION to Compel Stryker Corporate Rep to Appear for in person deposition *by Plaintiffs* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated July 7, 2020. Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit, # 2 Exhibit).(Rouviere, Andre) (Entered: 07/07/2020) |
| 07/07/2020 | 136 | ORDER denying 121 Motion to Amend/Correct; denying 122 Motion to Amend/Correct: Plaintiffs' motion to amend is DENIED. (Signed by Magistrate Judge Stewart D. Aaron on 7/7/2020) (Aaron, Stewart) (Entered: 07/07/2020) |
| 07/07/2020 | 137 | ORDER denying as moot 134 Letter Motion for Leave to File Document: Inasmuch as the Court has denied Plaintiffs' motion to amend (see ECF No. 136), Defendant Howmedica's request is DENIED AS MOOT. (Signed by Magistrate Judge Stewart D. Aaron on 7/7/2020) (Aaron, Stewart) (Main Document 137 replaced on 7/8/2020) (kl). (Entered: 07/07/2020) |

| 07/09/2020 | <u>138</u> | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated July 9, 2020 re: <u>135</u> LETTER MOTION to Compel Stryker Corporate Rep to Appear for in person deposition *by Plaintiffs* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated July 7, 2020. . Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 07/09/2020) |
|---|---|---|
| 07/10/2020 | <u>139</u> | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated July 10, 2020 re: <u>135</u> LETTER MOTION to Compel Stryker Corporate Rep to Appear for in person deposition *by Plaintiffs* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated July 7, 2020. . Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 07/10/2020) |
| 07/11/2020 | <u>140</u> | ORDER denying <u>135</u> Letter Motion to Compel: Plaintiffs Letter Motion (ECF No. 135) is DENIED. The deposition of Howmedica's corporate representative(s) shall be taken by videoconference no later than August 21, 2020, and shall not exceed eight hours in duration. Plaintiffs and Howmedica shall share the additional expenses of taking the deposition remotely by videoconference, as set forth in the Order. (Signed by Magistrate Judge Stewart D. Aaron on 7/11/2020) (Aaron, Stewart) (Entered: 07/11/2020) |
| 07/27/2020 | <u>141</u> | LETTER MOTION to Compel Depuy to Permit Rule 30(b)6 questioning per Judge's categories for the Biolox Head addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated July 27, 2020. Document filed by Jodi Rouviere. (Attachments: # <u>1</u> Exhibit to Plaintiffs Motion, # <u>2</u> Exhibit to Plaintiffs Motion).(Rouviere, Andre) (Entered: 07/27/2020) |
| 07/30/2020 | <u>142</u> | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated July 30, 2020 re: <u>141</u> LETTER MOTION to Compel Depuy to Permit Rule 30(b)6 questioning per Judge's categories for the Biolox Head addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated July 27, 2020. . Document filed by Depuy Orthopaedics, Inc.. (Attachments: # <u>1</u> Exhibit A – J. Larson Nov. 15, 2019 letter, # <u>2</u> Exhibit B – J. Larson Jan. 27, 2020 letter, # <u>3</u> Exhibit C – A. Rouviere July 20, 2020 letter, # <u>4</u> Exhibit D – J. Larson July 21, 2020 e–mail, # <u>5</u> Exhibit E – A. Rouviere July 22, 2020 e–mail and notice, # <u>6</u> Exhibit F – Dkt 102–1, x–ray and diagram).(Larson, Joel) (Entered: 07/30/2020) |
| 07/31/2020 | <u>143</u> | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated July 31,2020 re: <u>141</u> LETTER MOTION to Compel Depuy to Permit Rule 30(b)6 questioning per Judge's categories for the Biolox Head addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated July 27, 2020. . Document filed by Jodi Rouviere. (Attachments: # <u>1</u> Exhibit to Plaintiff Reply, # <u>2</u> Exhibit to Plaintiff Reply, # <u>3</u> Exhibit to Plaintiff Reply, # <u>4</u> Exhibit to Plaintiff Reply).(Rouviere, Andre) (Entered: 07/31/2020) |
| 08/01/2020 | <u>144</u> | ORDER granting <u>141</u> Letter Motion to Compel: Plaintiffs' Letter Motion is GRANTED. DePuy's offer to have its 30(b)(6) designee testify with respect to the Biolox Head only on certain topics (see DePuy Ltr. Resp., ECF No. 142, at 4 (referencing categories 1, 2, 5, 7, 10, 11 and 12)), but not others, smacks of "cherry–picking." DePuy has not established an undue burden in having its designee testify about the remaining topics. Thus, the Court, in its discretion, hereby ORDERS that DePuy shall have a witness testify regarding the topics included in Plaintiffs' Second Amended Notice of Video Deposition (ECF No. 141–1, Ex. A). However, in order to ensure that DePuy has adequate time to prepare its witness to testify about the Biolox Head–related topics, DePuy has the option of notifying Plaintiffs' counsel no later than 12 noon EST on Tuesday, 8/4/2020, that it wishes to have its witness testify about those topics by remote deposition on a different, mutually agreeable later date within the Court–prescribed deadline, in which case such deposition shall not exceed one hour, with the time spent in both depositions counting against Plaintiffs' prescribed allotment. Thus, if DePuy exercises its option, and Plaintiffs' counsel intends to ask questions regarding the Biolox–Head–related topics, he must ensure that he leaves himself time to do so. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 8/1/2020) (Aaron, Stewart) (Entered: 08/01/2020) |
| 08/05/2020 | <u>145</u> | LETTER MOTION for Discovery *Clarification of order* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated August 5, 2020. Document filed by Jodi Rouviere. Return Date set for 8/6/2020 at 12:00 PM. (Attachments: # <u>1</u> |

| | | |
|---|---|---|
| | | Exhibit to Plaintiff Motion, # 2 Exhibit to Plaintiffs Motion).(Rouviere, Andre) (Entered: 08/05/2020) |
| 08/06/2020 | 146 | ORDER with respect to 145 Letter Motion for Discovery: For clarification, Plaintiffs may inquire at the August 7 deposition regarding Biolox Head–related topics to the extent that such topics overlap with topics regarding the Summit Stem (e.g., Court Category No. 5, ECF No. 115). Otherwise, as set forth in my prior Order (ECF No. 144), Biolox Head–related topics are to be addressed in the second deposition. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 8/6/2020) (Aaron, Stewart) (Entered: 08/06/2020) |
| 08/17/2020 | 147 | LETTER MOTION for Discovery *Requesting Protective Order on Jieafa Deposition* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated August 17, 2020. Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit A – Emails re Deposition Notices, # 2 Exhibit B – Letter re Jieafa Deposition, # 3 Exhibit C – Plaintiffs' Letter re Amended Notice of Deposition for Jieafa).(Asfendis, Paul) (Entered: 08/17/2020) |
| 08/18/2020 | 148 | ORDER: Plaintiffs shall respond to Defendant Howmedica's Letter Motion (ECF No. 147) no later than 5 p.m. today, 8/18/2020. (HEREBY ORDERED by Magistrate Judge Stewart D. Aaron) (Text Only Order) (Aaron, Stewart) (Entered: 08/18/2020) |
| 08/18/2020 | 149 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated August 18, 2020 re: 147 LETTER MOTION for Discovery *Requesting Protective Order on Jieafa Deposition* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated August 17, 2020. *Plaintiffs Response to Stryker's Motion for Protective Order*. Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit to Plaintiff Response, # 2 Exhibit to Plaintiff Response, # 3 Exhibit to Plaintiff Response, # 4 Exhibit to Plaintiff Response).(Rouviere, Andre) (Entered: 08/18/2020) |
| 08/18/2020 | 150 | ORDER denying 147 Letter Motion for Discovery: Defendant Howmedica's Letter Motion for a Protective Order forbidding Plaintiffs from taking the remote deposition of Jack Jieafa is DENIED. The deposition shall proceed on 8/21/2020, but shall be limited to 90 minutes. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 8/18/2020) (Aaron, Stewart) (Entered: 08/18/2020) |
| 09/15/2020 | 151 | LETTER MOTION for Discovery addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated September 15, 2020. Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit A – Plaintiffs' 8.21.20 Production Letters, # 2 Exhibit B – Depuy's Email re Supplemental Discovery, # 3 Exhibit C – Plaintiffs' Email re Supplemental Discovery, # 4 Exhibit D – Depuy's 9.3.20 Letter re Plaintiffs' Production, # 5 Exhibit E – Howmedica's Comparison Spreadsheet, # 6 Exhibit F – Depuy's Comparison Spreadsheet, # 7 Exhibit G – Depuy's 9.14.20 Letter re Plaintiffs' Supplemental Discovery, # 8 Exhibit H – Plaintiffs' Email re Meet & Confer).(Asfendis, Paul) (Entered: 09/15/2020) |
| 09/16/2020 | 152 | LETTER MOTION for Extension of Time to File Response/Reply *by Plaintiffs* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated September 16, 2020. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 09/16/2020) |
| 09/16/2020 | 153 | ORDER granting with conditions 152 Letter Motion for Extension of Time to File Response/Reply re 152 LETTER MOTION for Extension of Time to File Response/Reply *by Plaintiffs* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated September 16, 2020. (Responses due by 9/23/2020) (Replies due by 9/25/2020). Request GRANTED WITH CONDITIONS. Plaintiffs shall meet and confer with Defendants regarding Defendants' Letter Motion filed at ECF No. 152 no later than 12 noon on Tuesday, 9/22/20, and shall file any response to the Letter Motion no later than Wednesday, 9/23/20. Any reply by Defendants shall be filed no later than Friday, 9/25/20. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 9/16/2020) (Aaron, Stewart) (Entered: 09/16/2020) |
| 09/18/2020 | 154 | LETTER MOTION for Extension of Time to File *Expert Witness Disclosure* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated September 18, 2020. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 09/18/2020) |

| | | |
|---|---|---|
| 09/18/2020 | 155 | ORDER re: 154 LETTER MOTION for Extension of Time to File *Expert Witness Disclosure* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated September 18, 2020. filed by Jodi Rouviere: Plaintiffs' Letter Motion (ECF No. 154) states that their "engineer" expert advised them yesterday evening of his unwillingness to continue as an expert. However, Rule 26(a)(2)(B) disclosures separately are required for each of Plaintiffs' experts. Thus, regardless of the Court's decision on Plaintiffs' motion for an extension regarding its "engineer" expert, Plaintiffs shall serve by the 9/21/2020 deadline the required disclosures for any other expert witnesses they may use at trial. Defendants shall file any opposition to Plaintiffs' Letter Motion for an extension of time as to Plaintiffs' "engineer" expert's disclosure no later than 12 noon on Monday, 9/21/2020. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 9/18/2020) (Aaron, Stewart) (Entered: 09/18/2020) |
| 09/18/2020 | 156 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated September 18, 2020 re: 154 LETTER MOTION for Extension of Time to File *Expert Witness Disclosure* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated September 18, 2020. . Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit A – Plaintiffs' 9/17/20 Letter Requesting Extension to File Expert Disclosure, # 2 Exhibit B – Depuy's 9/18/20 Letter in Response to Plaintiffs' Request for Extension to File Expert Disclosure).(Asfendis, Paul) (Entered: 09/18/2020) |
| 09/18/2020 | 157 | ORDER denying 154 Letter Motion for Extension of Time to File: Based upon the record currently before the Court, Plaintiffs' request is DENIED. Plaintiffs have not provided an adequate showing of cause to justify their eleventh–hour request. For example, Plaintiffs do not state when they first consulted with the "engineer" expert, when they first retained him/her and/or what work product, if any, (s)he created. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 9/18/2020) (Aaron, Stewart) (Entered: 09/18/2020) |
| 09/21/2020 | 158 | RULE 26 DISCLOSURE.Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 09/21/2020) |
| 09/23/2020 | 159 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated September 23, 2020 re: 151 LETTER MOTION for Discovery addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated September 15, 2020. . Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit to Plaintiff Response).(Rouviere, Andre) (Entered: 09/23/2020) |
| 09/25/2020 | 160 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated September 25, 2020 re: 151 LETTER MOTION for Discovery addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated September 15, 2020. . Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 09/25/2020) |
| 09/25/2020 | 161 | ORDER SCHEDULING TELEPHONE CONFERENCE: The parties shall appear via Telephone for a conference in the above–captioned matter on Tuesday, September 29, 2020, at 11:00 a.m. to address Defendants' Letter–Motion at ECF No. 151. At the scheduled time, the parties shall each separately call (888) 278–0296 (or (214) 765–0479) and enter access code 6489745. SO ORDERED. (Telephone Conference set for 9/29/2020 at 11:00 AM before Magistrate Judge Stewart D. Aaron.) (Signed by Magistrate Judge Stewart D. Aaron on 9/25/2020) (Text Only Order) (kl) (Entered: 09/25/2020) |
| 09/29/2020 | | Minute Entry for proceedings held before Magistrate Judge Stewart D. Aaron: Telephone Conference held on 9/29/2020. (kl) (Entered: 09/29/2020) |
| 09/29/2020 | 162 | ORDER denying without prejudice 151 Letter Motion for Discovery. Following a telephone conference with the parties, and for the reasons stated on the record, Defendants' request that Plaintiffs be prohibited from relying on documents produced on the final day of discovery isDenied without Prejudice. So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 9/29/2020) (js) (Entered: 09/29/2020) |
| 10/08/2020 | 163 | JOINT LETTER MOTION to Compel Plaintiffs' counsel to produce pathology slides addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated October 8, |

| | | |
|---|---|---|
| | | 2020. Document filed by Depuy Orthopaedics, Inc., Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit A–10–2–20 Ltr to plaintiffs' counsel requesting slides, # 2 Exhibit B–10–7–20 email re slides).(Larson, Joel) (Entered: 10/08/2020) |
| 10/08/2020 | 164 | ORDER re: 163 JOINT LETTER MOTION to Compel Plaintiffs' counsel to produce pathology slides: Plaintiffs shall respond to Defendants' Letter Motion (ECF No. 163) no later than 12 noon on Friday, 10/9/2020. Any reply by Defendants shall be filed no later than 6 p.m. on Friday, 10/9/2020. (HEREBY ORDERED by Magistrate Judge Stewart D. Aaron) (Text Only Order) (Aaron, Stewart) (Entered: 10/08/2020) |
| 10/08/2020 | 165 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated October 8, 2020 re: 163 JOINT LETTER MOTION to Compel Plaintiffs' counsel to produce pathology slides addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated October 8, 2020. . Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit to Plaintiff Response, # 2 Exhibit to Plaintiff Response, # 3 Exhibit to Plaintiff Response, # 4 Exhibit to Plaintiff Response, # 5 Exhibit to Plaintiff Response, # 6 Exhibit to Plaintiff Response).(Rouviere, Andre) (Entered: 10/08/2020) |
| 10/09/2020 | 166 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated October 9, 2020 re: 163 JOINT LETTER MOTION to Compel Plaintiffs' counsel to produce pathology slides addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated October 8, 2020. . Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 10/09/2020) |
| 10/09/2020 | 167 | ORDER granting in part and denying in part 163 Letter Motion to Compel: Defendants' request is GRANTED IN PART and DENIED IN PART. As soon as possible, Plaintiffs shall ship the tissue specimens via FedEx or other recognized overnight courier service to HOC's counsel. The Court declines to adjourn the deposition of Dr. Gannon and declines to extend any deadlines; provided, however, that if the subject slides are not received by HOC's counsel by Tuesday, 10/13/2020, Defendants may renew their request for such relief. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 10/9/2020) (Aaron, Stewart) (Entered: 10/09/2020) |
| 10/14/2020 | 168 | NOTICE OF APPEARANCE by Kim M. Catullo on behalf of Howmedica Osteonics Corporation..(Catullo, Kim) (Entered: 10/14/2020) |
| 10/14/2020 | 169 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Kim M. Catullo, Esq. dated October 14, 2020. Document filed by Howmedica Osteonics Corporation..(Catullo, Kim) (Entered: 10/14/2020) |
| 10/14/2020 | 170 | DECLARATION of Kim M. Catullo in Support re: 169 LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Kim M. Catullo, Esq. dated October 14, 2020.. Document filed by Howmedica Osteonics Corporation..(Catullo, Kim) (Entered: 10/14/2020) |
| 10/14/2020 | 171 | ***SELECTED PARTIES*** MOTION to Disqualify *Plaintiffs' Expert Witness*. Document filed by Howmedica Osteonics Corporation, Andre Rouviere.Motion or Order to File Under Seal: 169 .(Catullo, Kim) (Entered: 10/14/2020) |
| 10/14/2020 | 172 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 171 MOTION to Disqualify *Plaintiffs' Expert Witness*. . Document filed by Howmedica Osteonics Corporation, Andre Rouviere. Motion or Order to File Under Seal: 169 .(Catullo, Kim) (Entered: 10/14/2020) |
| 10/14/2020 | 173 | ***SELECTED PARTIES***DECLARATION of Kim M. Catullo in Support re: 171 MOTION to Disqualify *Plaintiffs' Expert Witness*.. Document filed by Howmedica Osteonics Corporation, Andre Rouviere. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)Motion or Order to File Under Seal: 169 .(Catullo, Kim) (Attachment 2 replaced on 10/22/2020) (kl). (Entered: 10/14/2020) |
| 10/14/2020 | 174 | ***SELECTED PARTIES***DECLARATION of Wayne A. Wolf in Support re: 171 MOTION to Disqualify *Plaintiffs' Expert Witness*.. Document filed by Howmedica Osteonics Corporation, Andre Rouviere. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)Motion or Order to File Under Seal: 169 .(Catullo, Kim) (Entered: |

| | | 10/14/2020) |
|---|---|---|
| 10/15/2020 | 175 | ORDER re: 171 MOTION to Disqualify *Plaintiffs' Expert Witness*. filed by Howmedica Osteonics Corporation: No later than 10/21/20, Plaintiffs shall respond to Howmedica's motion at ECF No. 171. Any reply shall be filed no later than 10/23/20. (HEREBY ORDERED by Magistrate Judge Stewart D. Aaron) (Text Only Order) (Aaron, Stewart) (Entered: 10/15/2020) |
| 10/15/2020 | 176 | LETTER addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated October 15, 2020 re: Motion to Seal. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 10/15/2020) |
| 10/15/2020 | 177 | MEMO ENDORSEMENT on re: 176 Letter filed by Howmedica Osteonics Corporation. ENDORSEMENT: REQUEST GRANTED. Any documents filed in connection with Howmedica's motion at ECF No. 171 shall be filed and maintained under seal pending the Court's determination as to whether sealing is appropriate. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 10/15/2020) (kl) (Entered: 10/15/2020) |
| 10/21/2020 | 178 | MOTION for Summary Judgment . Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 10/21/2020) |
| 10/21/2020 | 179 | MEMORANDUM OF LAW in Support re: 178 MOTION for Summary Judgment . . Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 10/21/2020) |
| 10/21/2020 | 180 | NOTICE of Notice of Motion for Summary Judgment re: 178 MOTION for Summary Judgment .. Document filed by Depuy Products, Inc...(Larson, Joel) (Entered: 10/21/2020) |
| 10/21/2020 | 181 | ***SELECTED PARTIES*** RESPONSE to Motion re: 171 MOTION to Disqualify *Plaintiffs' Expert Witness*. . Document filed by Jodi Rouviere, Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit to Plaintiff Response, # 2 Exhibit to Plaintiff Response, # 3 Exhibit to Plaintiff Response, # 4 Exhibit to Plaintiff Response)Motion or Order to File Under Seal: 171 .(Rouviere, Andre) (Entered: 10/21/2020) |
| 10/21/2020 | 182 | NOTICE of DePuy's Statement of Undisputed Facts part 1 re: 178 MOTION for Summary Judgment .. Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit Excerpted pages from the deposition of Jodi Rouviere, # 2 Exhibit Defendant Ex. 01, # 3 Exhibit Defendant Ex. 03, # 4 Exhibit Defendant Ex. 04, # 5 Exhibit Defendant Ex. 05, # 6 Exhibit Defendant Ex. 06, # 7 Exhibit Defendant Ex. 08, # 8 Exhibit Defendant Ex. 09).(Larson, Joel) (Entered: 10/21/2020) |
| 10/21/2020 | 183 | NOTICE of DePuy's Statement of Undisputed Facts part 2 re: 182 Notice (Other),. Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit Defendant Ex. 11, # 2 Exhibit Defendant Ex. 12, # 3 Exhibit Defendant Ex. 16, # 4 Exhibit Defendant Ex. 18, # 5 Exhibit Defendant Ex. 19, # 6 Exhibit Defendant Ex. 22, # 7 Exhibit Defendant Ex. 24, # 8 Exhibit Defendant Ex. 25, # 9 Exhibit Defendant Ex. 27).(Larson, Joel) (Entered: 10/21/2020) |
| 10/21/2020 | 184 | NOTICE of DePuy's Statement of Undisputed Fact part 3 re: 183 Notice (Other),. Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 10/21/2020) |
| 10/21/2020 | 185 | NOTICE of DePuy's Statement of Undisputed Fact part 4 re: 184 Notice (Other). Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 10/21/2020) |
| 10/21/2020 | 186 | NOTICE of DePuy's Statement of Undisputed Fact part 5 re: 185 Notice (Other). Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 10/21/2020) |
| 10/21/2020 | 187 | NOTICE of DePuy's Statement of Undisputed Fact part 6 re: 186 Notice (Other). Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit Defendant Ex. 53, # 2 Exhibit Defendant Ex. 62, # 3 Exhibit Excerpted pages from the deposition of Dr.Buly, # 4 Exhibit Defendant Ex. 79, # 5 Exhibit Defendant Ex. 80, # 6 Exhibit Defendant Ex. 81, # 7 Exhibit Defendant Ex. 86, # 8 Exhibit Defendant Ex. 87, # 9 Exhibit Defendant Ex. 88, # 10 Exhibit Defendant Ex. 89).(Larson, Joel) (Entered: 10/21/2020) |
| 10/21/2020 | 188 | NOTICE of DePuy's Statement of Undisputed Fact part 7 re: 187 Notice (Other),,. Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit Expert Report |

| | | |
|---|---|---|
| | | of Dana Medlin, Ph.D., # 2 Exhibit 9–21–2020 email).(Larson, Joel) (Entered: 10/21/2020) |
| 10/22/2020 | 189 | ORDER SCHEDULING TELEPHONE CONFERENCE: The parties shall appear via Telephone for a conference in the above–captioned matter on Friday, October 23, 2020, at 2:00 p.m. for Plaintiffs to address the timing of the retention of the engineer expert. At the scheduled time, the parties shall each separately call (888) 278–0296 (or (214) 765–0479) and enter access code 6489745. SO ORDERED. (Telephone Conference set for 10/23/2020 at 02:00 PM before Magistrate Judge Stewart D. Aaron.) (Signed by Magistrate Judge Stewart D. Aaron on 10/22/2020) (Text Only Order) (kl) (Entered: 10/22/2020) |
| 10/22/2020 | 190 | ***SELECTED PARTIES***NOTICE of PLAINTIFF JODI ROUVIERE AND ANDRE ROUVIERE NOTICE OF FILING SUPPLEMENTAL EXHIBIT IN SUPPORT OF ITS RESPONSE TO PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANT HOWMEDICA OSTEONICS CORP.S MOTION TO DISQUALIFY PLAINTIFFS EXPERT WITNESS AND TO STAY CERTAIN DISCOVERY ACTIVITIES RELATED TO HIS DISCLOSURE AND MEMORANDUM OF LAW IN SUPPORT THEREOF re: 181 Response to Motion,. Document filed by Jodi Rouviere, Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit Plaintiffs Supplement, # 2 Exhibit Plaintiffs Supplement)Motion or Order to File Under Seal: 171 .(Rouviere, Andre) Modified on 10/26/2020 (kl). (Entered: 10/22/2020) |
| 10/23/2020 | 191 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 171 MOTION to Disqualify *Plaintiffs' Expert Witness.*. Document filed by Howmedica Osteonics Corporation, Andre Rouviere. Motion or Order to File Under Seal: 169 .(Catullo, Kim) (Entered: 10/23/2020) |
| 10/23/2020 | 192 | ***SELECTED PARTIES***DECLARATION of Wayne A. Wolf in Support re: 171 MOTION to Disqualify *Plaintiffs' Expert Witness.*. Document filed by Howmedica Osteonics Corporation, Andre Rouviere. Motion or Order to File Under Seal: 169 .(Catullo, Kim) (Entered: 10/23/2020) |
| 10/23/2020 | | Minute Entry for proceedings held before Magistrate Judge Stewart D. Aaron: Telephone Conference held on 10/23/2020. (kl) (Entered: 10/26/2020) |
| 10/25/2020 | 193 | ORDER granting 171 Motion to Disqualify: Howmedica's motion to disqualify is GRANTED and its motion to stay is DENIED AS MOOT. No later than November 9, 2020, Plaintiffs may serve an expert disclosure by an alternate engineer expert regarding the same scope of subject areas as were covered by the Engineer Expert. The deposition of any such expert shall be completed no later than December 9, 2020. Any expert disclosure by Howmedica addressed to opinions offered by Plaintiffs' alternate engineer expert shall be served by January 14, 2021 and the deposition of such Howmedica expert shall be completed no later than February 12, 2021. (Signed by Magistrate Judge Stewart D. Aaron on 10/25/2020) (Aaron, Stewart) (Main Document 193 replaced on 10/25/2020) (kl). (Entered: 10/25/2020) |
| 10/25/2020 | 194 | ***SELECTED PARTIES*** CONFIDENTIAL APPENDIX re: 193 Order on Motion to Disqualify (Signed by Magistrate Judge Stewart D. Aaron on 10/25/2020) (Aaron, Stewart) (Entered: 10/25/2020) |
| 10/25/2020 | 195 | ORDER granting 169 Letter Motion to Seal: Defendant Howmedica's motion to seal the documents filed at ECF Nos. 171 to 174, 181 and 190 to 192 is GRANTED with conditions. No later than 11/13/2020, Howmedica shall redact any confidential information from each of these filings (including the filings made by Plaintiffs) and file on the public docket redacted versions of each of these filings. The Court thereafter shall review the publicly filed versions to ensure that Howmedica was not over–inclusive in its redactions. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 10/25/2020) (Aaron, Stewart) (Entered: 10/25/2020) |
| 10/25/2020 | 196 | LETTER addressed to Magistrate Judge Stewart D. Aaron from Kim M. Catullo, Esq. dated October 25, 2020 re: Amending Decision and Order. Document filed by Howmedica Osteonics Corporation..(Catullo, Kim) (Entered: 10/25/2020) |
| 10/25/2020 | 197 | MEMO ENDORSEMENT on re: 196 Letter filed by Howmedica Osteonics Corporation. ENDORSEMENT: A correction has been made to page 3 of ECF No. 193 and a revised version has been filed on the public docket to replace the version |

| | | |
|---|---|---|
| | | that contained the inadvertent error. Any party that downloaded the prior version shall discard it and replace it with the current version. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 10/25/2020) (kl) (Entered: 10/25/2020) |
| 10/30/2020 | 198 | FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 178 MOTION for Summary Judgment ., 180 Notice (Other), 179 Memorandum of Law in Support of Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere, Esquire dated October 30, 2020. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 10/30/2020) |
| 10/31/2020 | 199 | LETTER RESPONSE to Motion addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated October 31, 2020 re: 198 FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 178 MOTION for Summary Judgment ., 180 Notice (Other), 179 Memorandum of Law in Support of Motion addressed to Magistrate Judge Stewart D. Aaron from *DePuy Orthopaedics Inc.*. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 10/31/2020) |
| 10/31/2020 | 200 | ORDER re: 199 Response to Motion, filed by Howmedica Osteonics Corporation: The Court has placed Plaintiffs' Letter Motion filed at ECF No. 198 under seal. No later than Monday, 11/2/2020, Plaintiffs shall re–file on the public docket their Letter Motion with the name of the engineer expert redacted. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 10/31/2020) (Aaron, Stewart) (Entered: 10/31/2020) |
| 10/31/2020 | 201 | FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 178 MOTION for Summary Judgment ., 180 Notice (Other), 179 Memorandum of Law in Support of Motion *REDACTED* addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere dated October 31, 2020. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 10/31/2020) |
| 11/02/2020 | 202 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated November 2, 2020 re: 198 FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 178 MOTION for Summary Judgment ., 180 Notice (Other), 179 Memorandum of Law in Support of Motion addressed to Magistrate Judge Stewart D. Aaron from . Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 11/02/2020) |
| 11/03/2020 | 203 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated November 3, 2020 re: 201 FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 178 MOTION for Summary Judgment ., 180 Notice (Other), 179 Memorandum of Law in Support of Motion *REDACTED* addressed to Magistrate Judge Stewart D. Aa . Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit to Plaintiff Reply, # 2 Exhibit to Plaintiff Reply, # 3 Exhibit to Plaintiff Reply).(Rouviere, Andre) (Entered: 11/03/2020) |
| 11/03/2020 | 204 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated November 3, 2020 re: 201 FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 178 MOTION for Summary Judgment ., 180 Notice (Other), 179 Memorandum of Law in Support of Motion *REDACTED* addressed to Magistrate Judge Stewart D. Aa *AMENDED LETTER MOTION*. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 11/03/2020) |
| 11/03/2020 | 205 | REDACTION to 204 Reply to Response to Motion, *TO SEAL* by Jodi Rouviere.(Rouviere, Andre) (Entered: 11/03/2020) |
| 11/03/2020 | 206 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from Kim M. Catullo, Esq. dated November 3, 2020 re: 201 FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 178 MOTION for Summary Judgment ., 180 Notice (Other), 179 Memorandum of Law in Support of Motion *REDACTED* addressed to Magistrate Judge Stewart D. Aa . Document filed by Howmedica Osteonics Corporation..(Catullo, Kim) (Entered: 11/03/2020) |
| 11/03/2020 | 207 | LETTER RESPONSE to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated November 3, 2020 re: 201 FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 178 MOTION for Summary |

| | | |
|---|---|---|
| | | Judgment ., <u>180</u> Notice (Other), <u>179</u> Memorandum of Law in Support of Motion *REDACTED* addressed to Magistrate Judge Stewart D. Aa *RE: HOWMEDICA*. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 11/03/2020) |
| 11/03/2020 | <u>208</u> | ORDER granting <u>198</u> Letter Motion for Extension of Time to File Response/Reply ; granting <u>201</u> Letter Motion for Extension of Time to File Response/Reply. Plaintiffs seek an extension of time to November 23, 2020, to respond to the motion of Defendant DePuy Orthopaedics, Inc. (DePuy) for summary judgment. See Dkt. Nos. 198, 201. They base their request exclusively on Magistrate Judge Aaron's order permitting Plaintiffs to add a new alternate engineer report out of time and by November 9, 2020. See Dkt. No. 193. DePuy opposes the request and seeks an order prohibiting Plaintiffs from submitting new expert witness testimony regarding DePuy or its components. Dkt No. 202. It argues that Judge Aaron limited the opinions that could be provided by the alternate engineer to those of the same scope or subject areas as were covered by the report of the engineer whom Judge Aaron disqualified. Dkt. No. 193 at 4. The motion for an extension of time is properly addressed by me. Any motions with respect to whether the anticipated expert report fall within the scope of Judge Aaron's order relieving Plaintiffs from the deadlines in the Case Management Plan and are properly addressed by him in the first instance. The motion for an extension of time is GRANTED. The Court expresses no view as to whether the anticipated engineer report falls within the scope of Judge Aaron's order. However, to the extent that the report is relevant to the issues raised by DePuy's summary judgment motion and is permitted by Judge Aaron's order, the extension obviates the need for the Court to address a further request for extension of time by Plaintiffs or a request to supplement the record, and it will permit the Court to receive at once a single set of briefs addressing the entire summary judgment record. To the extent that the expert report falls outside the scope of Judge Aaron's order, the Court will disregard the report. DePuy will suffer no prejudice. Plaintiffs will not be permitted to file a further summary judgment brief in response to DePuy's current motion (and thus should be prepared to address the question of whether summary judgment should be granted if the expert report is excluded). DePuy shall have until December 18, 2020 to reply. As to any motions with respect to whether the expert report should be permitted in whole or in part, those should be addressed in the first instance to Judge Aaron to whom I have delegated general pretrial supervision with review by me, upon an objection by a party, under the appropriate standard of review. The Clerk of Court is respectfully directed to close Dkt. Nos. 198, 201. Replies due by 12/18/2020. (Signed by Judge Lewis J. Liman on 11/3/2020) (nb) (Entered: 11/04/2020) |
| 11/05/2020 | 209 | ORDER: Per ECF No. 205, the reply letter filed at ECF No. 204 was placed under seal by the Court. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 11/5/2020) (Text Only Order) (kl) (Entered: 11/05/2020) |
| 11/05/2020 | <u>210</u> | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated November 5, 2020 re: <u>198</u> FIRST LETTER MOTION for Extension of Time to File Response/Reply as to <u>178</u> MOTION for Summary Judgment ., <u>180</u> Notice (Other), <u>179</u> Memorandum of Law in Support of Motion addressed to Magistrate Judge Stewart D. Aaron from . Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 11/05/2020) |
| 11/06/2020 | <u>211</u> | ORDER: It is hereby Ordered that, no later than Friday, November 13, 2020, Defendant Howmedica shall show cause, including citation(s) to legal authority, why the requested documents shall be sealed (and why previously−sealed documents should remain under seal) given that the engineer's name and/or employer have been available on the public docket for at least two weeks and "it is likely that 'the proverbial cat is out of the bag." Rollag v. Cowen Inc., No. 20−CV−05138 (RA), 2020 WL 4937462, at *2 (S.D.N.Y. Aug. 24, 2020) (quoting SOHC, Inc. v. Zentis Sweet Ovations Holding LLC, No. 14−CV−02270 (JMF), 2014 WL 5643683, at *6 (S.D.N.Y. Nov. 4, 2014)). In the interim, the Court has provisionally placed the requested documents (ECF Nos. 158, 179, 182, 188, 203) under seal pending further ruling on Defendant Howmedica's motion. So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 11/6/2020) (js) (Entered: 11/06/2020) |
| 11/09/2020 | <u>212</u> | RULE 26 DISCLOSURE.Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 11/09/2020) |

| | | |
|---|---|---|
| 11/12/2020 | <u>213</u> | RESPONSE TO ORDER TO SHOW CAUSE re: <u>211</u> Order to Show Cause,,,,. Document filed by Howmedica Osteonics Corporation..(Catullo, Kim) (Entered: 11/12/2020) |
| 11/13/2020 | <u>214</u> | LETTER MOTION for Discovery *Motion to Strike Untimely Expert Opinion of John Jarrell, Ph.D.* addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated November 13, 2020. Document filed by Depuy Orthopaedics, Inc.. (Attachments: # <u>1</u> Exhibit A – Jarrell Expert Report).(Larson, Joel) (Entered: 11/13/2020) |
| 11/13/2020 | <u>215</u> | LETTER addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated November 13, 2020 re: Re–Filing of Redacted Documents. Document filed by Howmedica Osteonics Corporation. (Attachments: # <u>1</u> Exhibit Dkt 171, # <u>2</u> Exhibit Dkt 172, # <u>3</u> Exhibit Dkt 173, # <u>4</u> Exhibit Dkt 174, # <u>5</u> Exhibit Dkt 181 – Part 1, # <u>6</u> Exhibit Dkt 181 – Part 2, # <u>7</u> Exhibit Dkt 190, # <u>8</u> Exhibit Dkt 191, # <u>9</u> Exhibit Dkt 192).(Asfendis, Paul) (Entered: 11/13/2020) |
| 11/14/2020 | 216 | ORDER re: <u>214</u> LETTER MOTION for Discovery Motion to Strike Untimely Expert Opinion of John Jarrell, Ph.D. addressed to Magistrate Judge Stewart D. Aaron from JT Larson, dated November 13, 2020, filed by Depuy Orthopaedics, Inc.: The Court grants DePuy's request to file a 5–page letter motion (see ECF No. 214, footnote 1). Plaintiffs' response to DePuy's Letter Motion shall be filed no later than 11/18/20, and shall not exceed 5 pages. Any reply by DePuy shall be filed no later than 11/20/20 and shall not exceed 3 pages. (HEREBY ORDERED by Magistrate Judge Stewart D. Aaron) (Text Only Order) (Aaron, Stewart) (Entered: 11/14/2020) |
| 11/14/2020 | <u>217</u> | ORDER: It is hereby ORDERED that the documents that the Court provisionally had placed under seal (i.e., ECF Nos. 158, 179, 182, 188, 203) shall remain under seal. No later than November 30, 2020, Howmedica shall redact any confidential information from each of these filings and file on the public docket redacted versions of each of these filings. The Court thereafter shall review the publicly filed versions to ensure that Howmedica was not over–inclusive in its redactions. (And as further set forth in the Order.) (Signed by Magistrate Judge Stewart D. Aaron on 11/14/2020) (Aaron, Stewart) (Entered: 11/14/2020) |
| 11/18/2020 | <u>218</u> | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated November 18, 2020 re: <u>214</u> LETTER MOTION for Discovery *Motion to Strike Untimely Expert Opinion of John Jarrell, Ph.D.* addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated November 13, 2020. . Document filed by Jodi Rouviere. (Attachments: # <u>1</u> Exhibit to Plaintiff Response, # <u>2</u> Exhibit to Plaintiff Response, # <u>3</u> Exhibit to Plaintiff Response, # <u>4</u> Exhibit to Plaintiff Response, # <u>5</u> Exhibit to Plaintiff Response).(Rouviere, Andre) (Entered: 11/18/2020) |
| 11/19/2020 | <u>219</u> | LETTER MOTION to Seal *ECF No. 218* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated November 19, 2020. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 11/19/2020) |
| 11/19/2020 | <u>220</u> | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated November 19, 2020 re: <u>219</u> LETTER MOTION to Seal *ECF No. 218* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated November 19, 2020., <u>214</u> LETTER MOTION for Discovery *Motion to Strike Untimely Expert Opinion of John Jarrell, Ph.D.* addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated November 13, 2020. *REDACTED*. Document filed by Jodi Rouviere. (Attachments: # <u>1</u> Exhibit REDACTED, # <u>2</u> Exhibit REDACTED).(Rouviere, Andre) (Entered: 11/19/2020) |
| 11/20/2020 | <u>221</u> | ORDER granting <u>219</u> Letter Motion to Seal. Request GRANTED. ECF No. 218 shall be placed under seal. No later than 12/1/2020, Plaintiffs shall either (1) respond to Howmedica's request that "Plaintiffs should be ordered to reimburse reasonable fees and costs incurred by [Howmedica] in connection with its efforts to remedy Plaintiffs' wrongful disclosures," or (2) reach a reasonable accommodation with Howmedica. So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 11/20/2020) (js) (Main Document 221 replaced on 11/20/2020) (kl). Modified on 11/20/2020 (kl). (Entered: 11/20/2020) |
| 11/20/2020 | | Set/Reset Deadlines: Responses due by 12/1/2020 (js) (Entered: 11/20/2020) |

| | | |
|---|---|---|
| 11/20/2020 | 222 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated November 20, 2020 re: 214 LETTER MOTION for Discovery *Motion to Strike Untimely Expert Opinion of John Jarrell, Ph.D.* addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated November 13, 2020. . Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit A – (redacted) Prior Testimony List).(Larson, Joel) (Entered: 11/20/2020) |
| 11/20/2020 | 223 | ***SELECTED PARTIES***LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated November 20, 2020 re: 214 LETTER MOTION for Discovery *Motion to Strike Untimely Expert Opinion of John Jarrell, Ph.D.* addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated November 13, 2020. . Document filed by Depuy Orthopaedics, Inc., Howmedica Osteonics Corporation, Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit A – (unredacted) Prior Testimony List)Motion or Order to File Under Seal: 217 .(Larson, Joel) (Entered: 11/20/2020) |
| 11/20/2020 | 224 | LETTER MOTION for Leave to File Sur–Reply addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere Esq dated November 20, 2020. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 11/20/2020) |
| 11/21/2020 | 225 | ORDER denying 224 Letter Motion for Leave to File Document: Plaintiffs' request for permission to file a sur–reply is DENIED. However, the Court shall hold a telephonic oral argument on Tuesday, 11/24/2020, at 3 p.m. EST. At the scheduled time, the parties shall each separately call (888) 278–0296 (or (214) 765–0479) and enter access code 6489745. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 11/21/2020) (Aaron, Stewart) (Entered: 11/21/2020) |
| 11/21/2020 | | Set/Reset Hearings: Telephonic Oral Argument set for 11/24/2020 at 03:00 PM before Magistrate Judge Stewart D. Aaron. (kl) (Entered: 11/21/2020) |
| 11/23/2020 | 226 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE DOCUMENT #233) –** RESPONSE in Opposition to Motion re: 178 MOTION for Summary Judgment . . Document filed by Jodi Rouviere..(Rouviere, Andre) Modified on 11/25/2020 (ldi). (Entered: 11/23/2020) |
| 11/24/2020 | 227 | DECLARATION of Disputed Facts in Support re: 178 MOTION for Summary Judgment .. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 11/24/2020) |
| 11/24/2020 | 228 | FIRST LETTER MOTION to Seal *plaintiffs pleading* addressed to Judge Lewis J. Liman from Andre Rouviere Esq dated November 24, 2020. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 11/24/2020) |
| 11/24/2020 | 229 | SECOND LETTER MOTION to Seal *Disputed facts filing* addressed to Judge Lewis J. Liman from Andre Rouviere Esq dated November 24, 2020. Document filed by Jodi Rouviere..(Rouviere, Andre) (Entered: 11/24/2020) |
| 11/24/2020 | 230 | NOTICE of OF FILING EXHIBTS TO RESPONSE re: 226 Response in Opposition to Motion. Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit).(Rouviere, Andre) (Entered: 11/24/2020) |
| 11/24/2020 | 231 | NOTICE of OF FILING EXHIBTS TO RESPONSE PART 2 re: 230 Notice (Other). Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit).(Rouviere, Andre) (Entered: 11/24/2020) |
| 11/24/2020 | 232 | ORDER granting 214 Letter Motion: DePuy's motion to strike the DePuy–related opinions offered by Jarrell is GRANTED. (Signed by Magistrate Judge Stewart D. Aaron on 11/24/2020) (Aaron, Stewart) (Entered: 11/24/2020) |
| 11/24/2020 | 233 | MEMORANDUM OF LAW in Opposition re: 178 MOTION for Summary Judgment . . Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit).(Rouviere, Andre) (Entered: 11/24/2020) |

| 11/24/2020 | | Minute Entry for proceedings held before Magistrate Judge Stewart D. Aaron: Telephonic Oral Argument held on 11/24/2020. Court Reporter present. (kl) Modified on 11/30/2020 (kl). (Entered: 11/30/2020) |
|---|---|---|
| 11/25/2020 | 234 | ORDER granting 228 Letter Motion to Seal. ENDORSEMENT: Plaintiffs' motion to seal ECF No. 226 is GRANTED. The Court shall place ECF No. 226 under seal. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 11/25/2020) (kl) (Entered: 11/25/2020) |
| 11/25/2020 | 235 | ORDER granting 229 Letter Motion to Seal. ENDORSEMENT: Plaintiffs' motion to seal ECF No. 227 is GRANTED. The Court shall place ECF No. 227 under seal. Plaintiffs shall refile Plaintiffs' Statement of Disputed Facts with the names at issue redacted. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 11/25/2020) (kl) (Entered: 11/25/2020) |
| 11/25/2020 | 236 | FIRST LETTER MOTION to Seal *List of Prior Testimony [Dkt. 222–1]* addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated November 25, 2020. Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 11/25/2020) |
| 11/25/2020 | 237 | ORDER granting 236 Letter Motion to Seal. ENDORSEMENT: Request GRANTED nunc pro tunc. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 11/25/2020) (kl) (Entered: 11/25/2020) |
| 11/30/2020 | 238 | LETTER addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated November 30, 2020 re: Re–Filing of Redacted Documents. Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit 1 – Dkt 158, # 2 Exhibit 2 – Dkt 179, # 3 Exhibit 3 – Dkt 182, # 4 Exhibit 4 – Dkt 188, # 5 Exhibit 5 – Dkt 203.0, # 6 Exhibit 6 – Dkt 203.1 Part 1, # 7 Exhibit 6 – Dkt 203.1 Part 2).(Asfendis, Paul) (Entered: 11/30/2020) |
| 12/01/2020 | 239 | JOINT LETTER addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated December 1, 2020 re: Order – Dkt 221. Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit A – Jarrell Expert Report Redacted, # 2 Exhibit B – Jarrell Declaration Redacted).(Asfendis, Paul) (Entered: 12/01/2020) |
| 12/01/2020 | 240 | MEMO ENDORSEMENT on re: 238 Letter, filed by Howmedica Osteonics Corporation. ENDORSEMENT: Redactions are approved. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 12/1/2020) (kl) (Main Document 240 replaced on 12/1/2020) (kl). (Entered: 12/01/2020) |
| 12/01/2020 | 241 | MEMO ENDORSEMENT on re: 239 Letter, filed by Howmedica Osteonics Corporation. ENDORSEMENT: Request GRANTED. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 12/1/2020) (kl) (Entered: 12/01/2020) |
| 12/04/2020 | 242 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU (SEE DOCUMENT #244) –** FIRST MOTION for Reconsideration *and Memorandum of Law*. Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit to Plaintiff Motion, # 2 Exhibit to Plaintiffs Motion).(Rouviere, Andre) Modified on 12/7/2020 (ldi). (Entered: 12/04/2020) |
| 12/05/2020 | 243 | ORDER re: 242 FIRST MOTION for Reconsideration filed by Jodi Rouviere: In connection with Plaintiffs' pending motion for reconsideration, pursuant to Local Civil Rule 6.3, the Court hereby directs Plaintiffs to file no later than Monday, 12/7/2020, the Declaration of Mr. Morrison (see ECF 242 at 8 n.4), with the name of the disqualified expert redacted. In addition, Defendant DePuy hereby is granted leave to file a declaration in opposition to Plaintiffs' motion. (HEREBY ORDERED by Magistrate Judge Stewart D. Aaron) (Text Only Order) (Aaron, Stewart) (Entered: 12/05/2020) |
| 12/05/2020 | 244 | MOTION for Reconsideration re; 242 FIRST MOTION for Reconsideration *and Memorandum of Law*. . Document filed by Andre Rouviere, Jodi Rouviere..(Rouviere, Andre) (Entered: 12/05/2020) |
| 12/05/2020 | 245 | NOTICE of Filing Declaration of Attorney Matt Morrison re: 242 FIRST MOTION for Reconsideration *and Memorandum of Law*., 243 Order,, 244 MOTION for Reconsideration re; 242 FIRST MOTION for Reconsideration *and Memorandum of Law*. .. Document filed by Andre Rouviere, Jodi Rouviere..(Rouviere, Andre) |

| | | |
|---|---|---|
| | | (Entered: 12/05/2020) |
| 12/07/2020 | 246 | LETTER MOTION for Discovery *DePuy's Request to Clarify Briefing Schedule* addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated December 7, 2020. Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 12/07/2020) |
| 12/07/2020 | 247 | ORDER with respect to 246 Letter Motion for Discovery: Local Civil Rule 6.3, which is applicable to motions for reconsideration, states: "The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion." Here, since the original motion was discovery−related, the time period under Local Civil Rule 6.1(a) shall apply, such that answering papers are due within seven days and reply papers are due two days thereafter. The parties of course may consent to a modification of this schedule, or seek an extension of time for good cause shown. SO ORDERED.. (Signed by Magistrate Judge Stewart D. Aaron on 12/7/2020) (Aaron, Stewart) (Entered: 12/07/2020) |
| 12/07/2020 | 248 | TRANSCRIPT of Proceedings re: CONFERENCE held on 11/24/2020 before Magistrate Judge Stewart D. Aaron. Court Reporter/Transcriber: Michael McDaniel, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/28/2020. Redacted Transcript Deadline set for 1/7/2021. Release of Transcript Restriction set for 3/8/2021..(McGuirk, Kelly) (Entered: 12/07/2020) |
| 12/07/2020 | 249 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 11/24/20 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 12/07/2020) |
| 12/07/2020 | 250 | MEMORANDUM OF LAW in Support re: 244 MOTION for Reconsideration re; 242 FIRST MOTION for Reconsideration *and Memorandum of Law*. . . Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit Transcripts of Oral Argument Hearing before Judge Aaron, # 2 Exhibit Email from Attorney Larson dated Nov 20, 2020).(Rouviere, Andre) (Entered: 12/07/2020) |
| 12/08/2020 | 251 | LETTER MOTION for Extension of Time *to Complete Engineering Expert Discovery* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated December 8, 2020. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 12/08/2020) |
| 12/09/2020 | 252 | ORDER granting 251 Letter Motion for Extension of Time. Request GRANTED. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 12/9/2020) (kl) (Entered: 12/09/2020) |
| 12/10/2020 | 253 | LETTER MOTION for Extension of Time *and Request that the Court Set Briefing Schedule Regarding Plaintiffs' Motion to Reconsider* addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated December 10, 2020. Document filed by Depuy Orthoaedics, Inc.. (Attachments: # 1 Exhibit A − Dec. 10, 2020 A. Rouviere e−mail).(Larson, Joel) (Entered: 12/10/2020) |
| 12/10/2020 | 254 | ORDER re: 253 LETTER MOTION for Extension of Time *and Request that the Court Set Briefing Schedule Regarding Plaintiffs' Motion to Reconsider* addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated December 10, 2020, filed by Depuy Orthopaedics, Inc. : Any response by Plaintiffs to DePuy's motion for an extension of time (ECF No. 253) shall be filed no later than 5 p.m. today, 12/10/20. (HEREBY ORDERED by Magistrate Judge Stewart D. Aaron) (Text Only Order) (Aaron, Stewart) (Entered: 12/10/2020) |
| 12/10/2020 | 255 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere dated December 10, 2020 re: 253 LETTER MOTION for Extension of Time *and Request that the Court Set Briefing Schedule Regarding Plaintiffs' Motion to Reconsider* addressed to Magistrate Judge Stewart D. Aaron from |

| | | |
|---|---|---|
| | | JT Larson dated December 10, 2020. . Document filed by Andre Rouviere, Jodi Rouviere..(Rouviere, Andre) (Entered: 12/10/2020) |
| 12/10/2020 | 256 | ORDER granting in part and denying in part 253 Letter Motion for Extension of Time: DePuy's motion is GRANTED IN PART and DENIED IN PART. Given that Plaintiffs filed their motion for reconsideration late in the day on a Friday, it is reasonable for DePuy to have the weekend to prepare its opposition papers. Thus, DePuy's opposition papers shall be filed by 12/14/20 and Plaintiffs' reply shall be filed by 12/18/20. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 12/10/2020) (Aaron, Stewart) (Entered: 12/10/2020) |
| 12/14/2020 | 257 | LETTER MOTION to Seal addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated December 14, 2020. Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 12/14/2020) |
| 12/14/2020 | 258 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 242 FIRST MOTION for Reconsideration *and Memorandum of Law*. . Document filed by Depuy Orthopaedics, Inc., Howmedica Osteonics Corporation, Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit A – Rouviere e–mail, # 2 Exhibit B – Larson e–mail, # 3 Exhibit C – Eaton Declaration, # 4 Exhibit D – Davis Declaration)Motion or Order to File Under Seal: 257 .(Larson, Joel) (Entered: 12/14/2020) |
| 12/14/2020 | 259 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere dated December 14, 2020 re: 257 LETTER MOTION to Seal addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated December 14, 2020. . Document filed by Andre Rouviere, Jodi Rouviere..(Rouviere, Andre) (Entered: 12/14/2020) |
| 12/15/2020 | 260 | ORDER: In connection with DePuy's pending Letter Motion to seal (ECF No. 257), no later than Friday, 12/18/2020, DePuy shall file a reply to Plaintiffs' Letter Response (ECF No. 259). As part of its Reply, DePuy shall file versions of the documents filed at ECF No. 258 that redact those portions of such documents that DePuy contends contain confidential information. (HEREBY ORDERED by Magistrate Judge Stewart D. Aaron) (Text Only Order) (Aaron, Stewart) (Entered: 12/15/2020) |
| 12/18/2020 | 261 | REPLY MEMORANDUM OF LAW in Support re: 178 MOTION for Summary Judgment . . Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 12/18/2020) |
| 12/18/2020 | 262 | OPPOSITION BRIEF re: 227 Declaration in Support of Motion *Response to Statement of Disputed Material Facts*. Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 12/18/2020) |
| 12/18/2020 | 263 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated December 18, 2020 re: 257 LETTER MOTION to Seal addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated December 14, 2020. . Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit A – Redacted Opposition to Plaintiffs' Motion to Alter ECF 242).(Larson, Joel) (Entered: 12/18/2020) |
| 12/18/2020 | 264 | REPLY to Response to Motion re: 244 MOTION for Reconsideration re; 242 FIRST MOTION for Reconsideration *and Memorandum of Law*. *Pursuant to Rule 59(e)*. Document filed by Andre Rouviere, Jodi Rouviere..(Rouviere, Andre) (Entered: 12/18/2020) |
| 12/19/2020 | 265 | ORDER granting 257 Letter Motion to Seal: Defendant DePuy's Letter Motion to Seal (ECF No. 257) is GRANTED over Plaintiffs' objections (see ECF No. 259). The Court finds that DePuy's "interest in protecting the confidentiality of the settlement negotiation process outweighs the public's presumption of access." Sec. & Exch. Comm'n v. Telegram Grp. Inc., No. 19–CV–09439 (PKC), 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020). The Court has reviewed the redactions made by DePuy to its opposition memorandum and exhibits that were filed under seal at ECF No. 258 and finds that the redactions are narrowly tailored and consistent with Second Circuit law. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). Thus, the Court hereby approves the redacted document filed by DePuy at ECF No. 263–1. It is hereby ORDERED that ECF No. 258 shall remain under seal. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 12/19/2020) (Aaron, Stewart) (Entered: |

| | | |
|---|---|---|
| | | 12/19/2020) |
| 12/19/2020 | 266 | ORDER denying 244 Motion for Reconsideration: Plaintiffs' motion, pursuant to Rule 59(e) of the Federal Rule of Civil Procedure and Local Civil Rule 6.3, requesting the Court to alter, amend or set aside its November 24 Order is DENIED. (Signed by Magistrate Judge Stewart D. Aaron on 12/19/2020) (Aaron, Stewart) (Entered: 12/19/2020) |
| 01/04/2021 | 267 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court from 232 Order on Motion for Discovery. Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit Order Denying Plaintiff's Rule 59(e) motion, # 2 Exhibit Order Granting DePuy M otion to strike).(Rouviere, Andre) (Entered: 01/04/2021) |
| 01/05/2021 | 268 | LETTER MOTION for Discovery *Request to Set Briefing Schedule on Plaintiffs Objection to Magistrate Judge Aarons Orders [Dkt. 267]* addressed to Judge Lewis J. Liman from JT Larson dated January 5, 2021. Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 01/05/2021) |
| 01/07/2021 | 269 | LETTER MOTION for Extension of Time to Complete Discovery *of Engineering Expert* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated January 7, 2021. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 01/07/2021) |
| 01/07/2021 | 270 | ORDER re: 269 LETTER MOTION for Extension of Time to Complete Discovery *of Engineering Expert* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated January 7, 2021. filed by Howmedica Osteonics Corporation: Plaintiffs shall respond to Howmedica's motion for an extension of time no later than 12 noon on Friday, 1/8/21. Any reply by Howmedica shall be filed by 5 p.m. on Friday, 1/8/21. (HEREBY ORDERED by Magistrate Judge Stewart D. Aaron) (Text Only Order) (Aaron, Stewart) (Entered: 01/07/2021) |
| 01/07/2021 | 271 | LETTER MOTION for Discovery *Notice of Agreed Briefing Schedule Regarding Plaintiffs Objections to Judge Aarons Orders [ECF No. 267]* addressed to Judge Lewis J. Liman from JT Larson dated January 7, 2021. Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 01/07/2021) |
| 01/07/2021 | 272 | ORDER granting 268 Letter Motion for Discovery; granting 271 Letter Motion for Discovery. The briefing schedule set forth in the letter motions at Dkt. Nos. 268, 271 is GRANTED. SO ORDERED. (Signed by Judge Lewis J. Liman on 1/7/21) (yv) (Entered: 01/08/2021) |
| 01/08/2021 | 273 | LETTER RESPONSE to Motion addressed to Magistrate Judge Stewart D. Aaron from Andre Rouviere dated January 8, 2021 re: 269 LETTER MOTION for Extension of Time to Complete Discovery *of Engineering Expert* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated January 7, 2021. . Document filed by Andre Rouviere, Jodi Rouviere..(Rouviere, Andre) (Entered: 01/08/2021) |
| 01/08/2021 | 274 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated January 8, 2021 re: 269 LETTER MOTION for Extension of Time to Complete Discovery *of Engineering Expert* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated January 7, 2021. . Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 01/08/2021) |
| 01/08/2021 | 275 | ORDER granting 269 Letter Motion for Extension of Time to Complete Discovery: Defendant Howmedica's Letter Motion (ECF No. 269) is GRANTED. The Court in its discretion finds that Howmedica has shown good cause for the deadline extensions and Plaintiffs have not made an adequate showing of prejudice. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 1/8/21) (Aaron, Stewart) (Entered: 01/08/2021) |
| 01/08/2021 | 276 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated January 8, 2021 re: 269 LETTER MOTION for Extension of Time to Complete Discovery *of Engineering Expert* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated January 7, 2021. . Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 01/08/2021) |

| | | |
|---|---|---|
| 01/14/2021 | 277 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Melissa Damian Visconti to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23509264. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Affidavit Melissa Damian Visconti, # 2 Certificate of Good Standing, # 3 Text of Proposed Order).(Visconti, Melissa) Modified on 1/14/2021 (wb). (Entered: 01/14/2021) |
| 01/14/2021 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 277 MOTION for Melissa Damian Visconti to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23509264. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Florida;. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (wb)** (Entered: 01/14/2021) |
| 01/15/2021 | 278 | LETTER MOTION for Conference re: 128 Order on Motion for Extension of Time to Complete Discovery,, 57 Case Management Plan,, *Request for Settlement Conference* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated January 15, 2021. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 01/15/2021) |
| 01/16/2021 | 279 | ENDORSED LETTER addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated 1/15/2021 ENDORSEMENT: Request GRANTED. No later than 1/22/2021, the parties shall send an email to Aaron_NYSDChambers@nysd.uscourts.gov setting forth three alternative dates when all the parties (including client representatives of each of the Defendants) are available to conduct a remote settlement conference. The conference will be held pursuant to my Settlement Conference Procedures that are available on the SDNY website. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 1/16/21) (Aaron, Stewart) (Entered: 01/16/2021) |
| 01/17/2021 | 280 | The Endorsed Letter at ECF No. 279 resolved the Letter Motion at ECF No. 278. (Aaron, Stewart) (Entered: 01/17/2021) |
| 01/19/2021 | 281 | OPPOSITION BRIEF re: 267 Appeal of Magistrate Judge Decision to District Court, . Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit A – Larson Oct. 27 letter).(Larson, Joel) (Entered: 01/19/2021) |
| 01/22/2021 | 282 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Melissa Damian Visconti to Appear Pro Hac Vice *Corrected Motion to Appear Pro Hac Vice*. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Affidavit, # 2 Supreme Court of Florida–Certificate of Good Standing).(Visconti, Melissa) Modified on 1/22/2021 (bcu). (Entered: 01/22/2021) |
| 01/22/2021 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 282 MOTION for Melissa Damian Visconti to Appear Pro Hac Vice *Corrected Motion to Appear Pro Hac Vice*. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Proposed Order;. Re–file the motion as a Corrected Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (bcu)** (Entered: 01/22/2021) |
| 01/22/2021 | 283 | MOTION for Melissa Damian Visconti to Appear Pro Hac Vice *Corrected Motion to Appear Pro Hac Vice*. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Affidavit, # 2 Supreme Court of Florida–Certificate of Good Standing, # 3 Text of Proposed Order).(Visconti, Melissa) (Entered: 01/22/2021) |
| 01/22/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 283 MOTION for Melissa Damian Visconti to Appear Pro Hac Vice *Corrected Motion to Appear Pro Hac Vice*. Motion and supporting papers to be reviewed by** |

| | | |
|---|---|---|
| | | **Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 01/22/2021) |
| 01/23/2021 | 284 | ORDER granting 283 Motion for Melissa Damian Visconti to Appear Pro Hac Vice. (Signed by Magistrate Judge Stewart D. Aaron on 1/23/2021) (Aaron, Stewart) (Entered: 01/23/2021) |
| 01/25/2021 | 285 | ORDER SCHEDULING TELEPHONIC SETTLEMENT CONFERENCE: A settlement conference is scheduled before Magistrate Judge Stewart Aaron on Tuesday, March 9, 2021 at 2:00 p.m. The settlement shall proceed by telephone unless the parties advise the Court that they have access to and prefer proceeding by alternative remote means, such as by video. The Court will provide dial–in information to the parties by email before the conference. The parties must comply with the Settlement Conference Procedures for Magistrate Judge Stewart D. Aaron, available at https://nysd.uscourts.gov/hon–stewart–d–aaron. SO ORDERED. (Telephone Conference set for 3/9/2021 at 02:00 PM before Magistrate Judge Stewart D. Aaron). (Signed by Magistrate Judge Stewart D. Aaron on 1/25/2021) (rjm) (Entered: 01/25/2021) |
| 01/26/2021 | 286 | Appellant's REPLY BRIEF. Document filed by Andre Rouviere, Jodi Rouviere..(Rouviere, Andre) (Entered: 01/26/2021) |
| 03/09/2021 | | Minute Entry for proceedings held before Magistrate Judge Stewart D. Aaron: Telephonic Settlement Conference held on 3/9/2021. (kl) (Entered: 03/12/2021) |
| 03/31/2021 | 287 | FIRST LETTER MOTION for Discovery *Letter Motion to Modify Current Scheduling Order Pursuant to Fed.R.Civ.P. 16(d)* addressed to Magistrate Judge Stewart D. Aaron from Attorney Melissa Damian Visconti dated March 31, 2021. Document filed by Andre Rouviere, Jodi Rouviere. Return Date set for 4/5/2021 at 11:59 PM. (Attachments: # 1 Exhibit Exhibit 1 – Correspondence to Paul E. Asfendis; Gibbons PCFax cover sheet to Baptist Hospital and HIPPA form; Baptist Hospital correspondence to Gibbons PC, # 2 Exhibit Exhibit 2 – Declaration of Dr. Gannon, # 3 Exhibit Exhibit 3 – Declaration of Disqualified Expert, # 4 Exhibit Exhibit 4 – Declaration of Dr. Jarrell, # 5 Exhibit Exhibit 5 – Declaration of Dr. Bobst).(Rouviere, Andre) (Entered: 03/31/2021) |
| 04/02/2021 | 288 | LETTER MOTION for Discovery *Parties' Request to Set Briefing Schedule* addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated April 2, 2021. Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 04/02/2021) |
| 04/02/2021 | 289 | ORDER granting 288 Letter Motion for Discovery. Request Granted. So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 4/2/2021) (js) (Entered: 04/02/2021) |
| 04/02/2021 | | Set/Reset Deadlines: Responses due by 4/12/2021 Replies due by 4/16/2021. (js) (Entered: 04/02/2021) |
| 04/12/2021 | 290 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated April 12, 2021 re: 287 FIRST LETTER MOTION for Discovery *Letter Motion to Modify Current Scheduling Order Pursuant to Fed.R.Civ.P. 16(d)* addressed to Magistrate Judge Stewart D. Aaron from Attorney Melissa Damian Visconti dated March 31, 2021. . Document filed by Depuy Orthopaedics, Inc., Howmedica Osteonics Corporation, Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit A pt. 1 – Disqualified Expert Report, # 2 Exhibit A pt. 2 – Disqualified Expert Report, # 3 Exhibit A pt. 3 – Disqualified Expert Report, # 4 Exhibit A pt. 4 – Disqualified Expert Report, # 5 Exhibit Gannon Original Report, # 6 Exhibit C – Gannon Dep.)Motion or Order to File Under Seal: 195 .(Larson, Joel) (Entered: 04/12/2021) |
| 04/12/2021 | 291 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated April 12, 2021 re: 287 FIRST LETTER MOTION for Discovery *Letter Motion to Modify Current Scheduling Order Pursuant to Fed.R.Civ.P. 16(d)* addressed to Magistrate Judge Stewart D. Aaron from Attorney Melissa Damian Visconti dated March 31, 2021. . Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit A – HOC Letter re Tissue Specimen, # 2 Exhibit B – Correspondence Enclosing Baptist Hospital Response to Tissue Specimen Request, # 3 Exhibit C – Scott Nelson Declaration, # 4 Exhibit D – Dr. Gannon's Proposed Supplemental Report, # 5 Exhibit E – Dr. Gannon's Expert |

| | | |
|---|---|---|
| | | Report, # <u>6</u> Exhibit F – Dr. Nelson's Expert Report, # <u>7</u> Exhibit G – Excerpts of Dr. Gannon's Testimony, # <u>8</u> Exhibit H – Excerpts of Dr. Bobst's Testimony).(Asfendis, Paul) (Entered: 04/12/2021) |
| 04/16/2021 | <u>292</u> | LETTER REPLY to Response to Motion addressed to Magistrate Judge Stewart D. Aaron from Melissa Damian Visconti dated April 16, 2021 re: <u>287</u> FIRST LETTER MOTION for Discovery *Letter Motion to Modify Current Scheduling Order Pursuant to Fed.R.Civ.P. 16(d)* addressed to Magistrate Judge Stewart D. Aaron from Attorney Melissa Damian Visconti dated March 31, 2021. . Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # <u>1</u> Exhibit Exhibit 1: Plaintiffs Requests for Production to Defendant HOC, # <u>2</u> Exhibit Exhibit 2: Dr. Nelsons Curriculum Vitae, # <u>3</u> Exhibit Exhibit 3: Dr. Gannon's Letter).(Rouviere, Andre) (Entered: 04/16/2021) |
| 04/19/2021 | <u>293</u> | ORDER: On Wednesday, April 28, 2021, at 2:00 p.m. EDT, the Court will hold a telephonic oral argument regarding Plaintiffs' pending motion to modify the current scheduling order, pursuant to Rule 16(d) of the Federal Rules of Civil Procedure, to permit the submission of supplemental expert reports. At the scheduled time, the parties shall each separately call (888) 278–0296 (or (214) 765–0479) and enter access code 6489745. In addition, it is hereby ORDERED, as follows: No later than Friday, April 23, 2021, DePuy shall file a letter setting forth whether "DePuy's counsel and Plaintiffs agreed that DePuy would provide copies to Plaintiff of any records or materials obtained pursuant to the signed release provided to DePuy's counsel," as set forth in Plaintiffs' Motion (see Pls.' Mot., ECF No. 287, at 2 n.3.); and No later than Friday, April 23, 2021, Plaintiffs shall file proof regarding the agreement they assert was made, as set forth in paragraph 1 above (e.g., copies of correspondence, sworn declaration, etc.). (Oral Argument set for 4/28/2021 at 02:00 PM before Magistrate Judge Stewart D. Aaron.) (Signed by Magistrate Judge Stewart D. Aaron on 4/19/2021) (js) (Entered: 04/19/2021) |
| 04/23/2021 | <u>294</u> | LETTER addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated April 23, 2021 re: DePuys Response to Your Honors April 19, 2021 Order [ECF No. 293]. Document filed by Depuy Orthopaedics, Inc.. (Attachments: # <u>1</u> Exhibit A 1/16/19 Email from J. Larson, # <u>2</u> Exhibit B 3/1/2019 Letter from J. Eaton, # <u>3</u> Exhibit C Exemplar Emails from L. Wolverton, # <u>4</u> Exhibit D – BTFileshare to All Parties).(Larson, Joel) (Entered: 04/23/2021) |
| 04/23/2021 | <u>295</u> | NOTICE of Noitce of Filing Declaration of Attorney Andre Rouviere re: <u>293</u> Order, Set Hearings,,,,,,,,,,. Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # <u>1</u> Exhibit Declaration of Andre Rouviere).(Rouviere, Andre) (Entered: 04/23/2021) |
| 04/28/2021 | | Minute Entry for proceedings held before Magistrate Judge Stewart D. Aaron: Telephonic Oral Argument held on 4/28/2021. (kl) (Entered: 05/07/2021) |
| 04/29/2021 | <u>296</u> | ORDER granting in part and denying in part <u>287</u> Letter Motion for Discovery: Plaintiffs' motion, pursuant to Rules 16(b) and 37(c) of the Federal Rule of Civil Procedure, is GRANTED IN PART and DENIED IN PART. No later than May 14, 2021, Plaintiffs may serve supplemental expert reports of Dr. Gannon and Dr. Bobst. Thereafter, the parties shall meet and confer and submit to the Court, no later than May 17, 2021, a joint letter regarding a proposed schedule for rebuttal reports and for depositions of Dr. Gannon, Dr. Bobst and any rebuttal experts. (Signed by Magistrate Judge Stewart D. Aaron on 4/29/2021) (Aaron, Stewart) (Entered: 04/29/2021) |
| 05/04/2021 | <u>297</u> | ORDER: NOW, THEREFORE, it is hereby ORDERED that, no later than Tuesday, May 11, 2021, DePuy shall file (1) a public version of the Letter Opposition with any portions it seeks to file under seal redacted, and (2) a motion for leave to file under seal those redacted portions. If no such papers are filed by that date, the Court will unseal ECF Nos. 290 through 290–6. So Ordered. (Motions due by 5/11/2021., Responses due by 5/11/2021) (Signed by Magistrate Judge Stewart D. Aaron on 5/4/2021) (js) (Entered: 05/04/2021) |
| 05/05/2021 | <u>298</u> | TRANSCRIPT of Proceedings re: Telephone Conference held on 4/28/2021 before Magistrate Judge Stewart D. Aaron. Court Reporter/Transcriber: Carole Ludwig, (212) 420–0771. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/26/2021. Redacted Transcript Deadline set for 6/7/2021. Release of Transcript Restriction set for 8/3/2021..(ks) (Entered: 05/05/2021) |

| | | |
|---|---|---|
| 05/05/2021 | 299 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Telephone Conference proceeding held on 4/28/2021 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(ks) (Entered: 05/05/2021) |
| 05/06/2021 | 300 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Stewart D. Aaron from J.T. Larson dated May 6, 2021 re: 287 FIRST LETTER MOTION for Discovery *Letter Motion to Modify Current Scheduling Order Pursuant to Fed.R.Civ.P. 16(d)* addressed to Magistrate Judge Stewart D. Aaron from Attorney Melissa Damian Visconti dated March 31, 2021. . Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit A – Expert Report, # 2 Exhibit B – Expert Report of Francis Gannon, # 3 C – Deposition of Francis Gannon, M.D.).(Larson, Joel) (Entered: 05/06/2021) |
| 05/06/2021 | 301 | LETTER MOTION to Seal *Exhibit A to DePuy's Opposition to Plaintiffs' Request to Modify Scheduling Order and Reopen Expert Discovery* addressed to Magistrate Judge Stewart D. Aaron from J.T. Larson dated May 6, 2021. Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 05/06/2021) |
| 05/13/2021 | 302 | ORDER granting 301 Letter Motion to Seal. Motion to Seal Granted. So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 5/13/2021) (js) (Entered: 05/13/2021) |
| 05/14/2021 | 303 | NOTICE of Notice of Filing Supplemental Report of Dr. Sol Bobst PhD DABT re: 293 Order, Set Hearings,,,,,,,,,. Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit Supplemental Report of Dr. Sol Bobst PhD DABT).(Rouviere, Andre) (Entered: 05/14/2021) |
| 05/14/2021 | 304 | NOTICE of Notice of Filing Supplemental Report of Dr. Francis H. Gannon M.D. re: 293 Order, Set Hearings,,,,,,,,,. Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit Supplemental Report of Dr. Francis H. Gannon M.D.).(Rouviere, Andre) (Entered: 05/14/2021) |
| 05/17/2021 | 305 | LETTER MOTION for Discovery *Defendants' Request to Set Briefing Schedule on Discovery Activities Related to Plaintiffs Supplemental Pathology and Toxicology Reports* addressed to Magistrate Judge Stewart D. Aaron from JT Larson dated May 17, 2021. Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit A – May 17 Emails between A. Rouviere and J. Larson).(Larson, Joel) (Entered: 05/17/2021) |
| 05/17/2021 | 306 | LETTER MOTION for Discovery addressed to Magistrate Judge Stewart D. Aaron from Melissa Damian Visconti dated 05/17/2021. Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit 1).(Visconti, Melissa) (Entered: 05/17/2021) |
| 05/18/2021 | 307 | ORDER terminating 305 Motion for Discovery; terminating 306 Motion for Discovery. the Court hereby ORDERS, as follows: 1.No later than Friday, June 4, 2021, Defendants shall complete depositions of Francis Gannon, M.D., and Sol Bobst, Ph.D. 2. No later than Friday, June 25, 2021, Defendants shall serve Plaintiffs with supplemental rebuttal reports, if any. 3. No later than Friday, July 16, 2021, Plaintiffs shall complete depositions of any expert witnesses of Defendants who prepared supplemental rebuttal reports. 4. All depositions shall be limited to three hours, and to those opinions and facts set forth in Dr. Gannon's and Dr. Bobst's supplemental reports and in Defendants' expert witnesses' rebuttals thereto. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 5/18/2021) (ks) (Entered: 05/18/2021) |
| 05/18/2021 | | Set/Reset Deadlines: Deposition due by 7/16/2021. (ks) (Entered: 05/18/2021) |
| 08/06/2021 | 308 | FIRST MOTION for Leave to File PLAINTIFFS' SUPPLEMENTAL EXPERT REPORTS AND RELATED ARGUMENT IN SUPPORT OF OPPOSITION TO DEPUYS MOTION FOR SUMMARY JUDGMENT . Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit Dr. Gannon Supplemental Report, # 2 Exhibit Dr. Bobst Supplemental Report).(Rouviere, Andre) (Entered: 08/06/2021) |
| 08/10/2021 | 309 | LETTER MOTION for Discovery *Parties' Request to Set Briefing Schedule* addressed to Judge Lewis J. Liman from J.T. Larson dated August 10, 2021. Document filed by |

| | | |
|---|---|---|
| | | Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 08/10/2021) |
| 08/10/2021 | 310 | ORDER granting 309 Letter Motion for Discovery. SO ORDERED. (Signed by Judge Lewis J. Liman on 8/10/2021) (rro) (Entered: 08/10/2021) |
| 08/10/2021 | | Set/Reset Deadlines: Responses due by 8/20/2021 Replies due by 8/27/2021. (rro) (Entered: 08/10/2021) |
| 08/20/2021 | 311 | RESPONSE in Opposition to Motion re: 308 FIRST MOTION for Leave to File PLAINTIFFS' SUPPLEMENTAL EXPERT REPORTS AND RELATED ARGUMENT IN SUPPORT OF OPPOSITION TO DEPUYS MOTION FOR SUMMARY JUDGMENT . . Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 08/20/2021) |
| 08/20/2021 | 312 | RESPONSE to Motion re: 308 FIRST MOTION for Leave to File PLAINTIFFS' SUPPLEMENTAL EXPERT REPORTS AND RELATED ARGUMENT IN SUPPORT OF OPPOSITION TO DEPUYS MOTION FOR SUMMARY JUDGMENT . . Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 08/20/2021) |
| 08/25/2021 | 313 | ORDER re: 233 Memorandum of Law in Opposition to Motion,, filed by Jodi Rouviere, 227 Declaration in Support of Motion filed by Jodi Rouviere. Plaintiffs Local Rule 56.1 statement at Dkt. No. 227 and summary judgment brief at Dkt. No. 233 cite deposition testimony that has not been filed on ECF. Plaintiffs are directed to file the following documents by August 27, 2021: (1) the full transcript of the August 10, 2020 deposition of Dr. Robert Buly; (2) the full transcript of the deposition of Dr. Sol Bobst; and (3) the full transcript of the deposition of Jodi Rouviere. SO ORDERED. (Signed by Judge Lewis J. Liman on 8/25/2021) (kv) (Entered: 08/25/2021) |
| 08/25/2021 | 314 | LETTER MOTION for Extension of Time *to File Reply (Unopposed Letter Motion))* addressed to Judge Lewis J. Liman from Melissa Damian Visconti dated August 25, 2021., LETTER MOTION for Extension of Time to File Response/Reply as to Set/Reset Deadlines, 310 Order on Motion for Discovery addressed to Judge Lewis J. Liman from Melissa Damian Visconti dated August 25, 2021. Document filed by Andre Rouviere, Jodi Rouviere..(Rouviere, Andre) (Entered: 08/25/2021) |
| 08/26/2021 | 315 | ORDER granting in part and denying in part 314 Letter Motion for Extension of Time; granting in part and denying in part 314 Letter Motion for Extension of Time to File Response/Reply re 314 LETTER MOTION for Extension of Time *to File Reply (Unopposed Letter Motion))* addressed to Judge Lewis J. Liman from Melissa Damian Visconti dated August 25, 2021. LETTER MOTION for Extension of Time to File Response/Reply as to Set/Reset Deadlines, 310 Order on Motion for Discovery addressed to Judge Lewis J. Liman from Melissa Damian Visconti dated August 25, 2021. EXTENSION GRANTED TO AUGUST 30, 2021. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (Liman, Lewis) (Entered: 08/26/2021) |
| 08/27/2021 | 316 | NOTICE of Plaintiff's Notice of Compliance with Court Order Dated August 25, 2021 and Notice of Filing re: 313 Order,,. Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit A– Depo Transcript of Dr. Robert Buly, # 2 Exhibit – Exhibits to Dr Robert Buly deposition (pt 1), # 3 Exhibit – Exhibits to Dr. Robert Buly deposition (pt. 2), # 4 Exhibit B– Depo Transcript of Dr. Sol Bobst, # 5 Exhibit – Exhibits to Dr. Sol Bobst deposition, # 6 Exhibit C– Depo Transcript of Jodi Rouviere, # 7 Exhibit – Exhibits to Jodi Rouviere deposition (pt 1), # 8 Exhibit – Exhibits to Jodi Rouviere deposition (pt 2), # 9 Exhibit – Exhibits to Jodi Rouviere deposition (pt 3), # 10 Exhibit – Exhibits to Jodi Rouviere deposition (pt 4), # 11 Exhibit – Exhibits to Jodi Rouviere deposition (pt 5)).(Visconti, Melissa) (Entered: 08/27/2021) |
| 08/30/2021 | 317 | REPLY to Response to Motion re: 308 FIRST MOTION for Leave to File PLAINTIFFS' SUPPLEMENTAL EXPERT REPORTS AND RELATED ARGUMENT IN SUPPORT OF OPPOSITION TO DEPUYS MOTION FOR SUMMARY JUDGMENT . . Document filed by Andre Rouviere, Jodi Rouviere..(Rouviere, Andre) (Entered: 08/30/2021) |
| 09/17/2021 | 318 | OPINION AND ORDER re: 178 MOTION for Summary Judgment . filed by Depuy Orthopaedics, Inc., 308 FIRST MOTION for Leave to File PLAINTIFFS' |

| | | |
|---|---|---|
| | | SUPPLEMENTAL EXPERT REPORTS AND RELATED ARGUMENT IN SUPPORT OF OPPOSITION TO DEPUYS MOTION FOR SUMMARY JUDGMENT . filed by Andre Rouviere, Jodi Rouviere. The Rouvieres' objection to Magistrate Judge Aaron's orders at Docket Nos. 232 and 266 is OVERRULED. The Rouvieres' motion to supplement the summary judgment record is GRANTED insofar as it seeks to include the supplemental Gannon and Bobst reports in the record but is DENIED insofar as it seeks additional briefing. DePuy's motion for summary judgment is GRANTED as to all claims against it. The Clerk of Court is respectfully directed to close Docket Nos. 178 and 308 and dismiss DePuy from this case. SO ORDERED. Depuy Orthopaedics, Inc. terminated. (Signed by Judge Lewis J. Liman on 9/17/2021) (kv) (Entered: 09/17/2021) |
| 09/23/2021 | 319 | JOINT LETTER MOTION for Discovery *Request to Reset the Deadline for Deposition of Plaintiffs Engineering Expert, Dr. Jarrell* addressed to Magistrate Judge Stewart D. Aaron from Paul E. Asfendis, Esq. dated September 23, 2021. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 09/23/2021) |
| 09/24/2021 | 320 | ORDER granting in part and denying in part 319 JOINT LETTER MOTION for Discovery Request to Reset the Deadline for Deposition of Plaintiffs Engineering Expert, Dr. Jarrell. Joint request GRANTED: the parties' proposed expert discovery schedule is ADOPTED. HOC's request for a phone conference is DENIED WITHOUT PREJUDICE. After expert discovery is complete, the parties should contact Judge Liman regarding a schedule for motion practice. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 9/24/2021) (jca) (Entered: 09/24/2021) |
| 09/24/2021 | | Set/Reset Deadlines: Deposition due by 10/27/2021. (jca) (Entered: 09/24/2021) |
| 10/01/2021 | 321 | MOTION for Reconsideration re; 318 Memorandum & Opinion, Add and Terminate Parties,,,,,, 320 Order on Motion for Discovery,, . Document filed by Andre Rouviere, Jodi Rouviere..(Rouviere, Andre) (Entered: 10/01/2021) |
| 10/15/2021 | 322 | NOTICE OF APPEARANCE by Robert Edward Godosky on behalf of Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Supplement Notice of appearance, # 2 Supplement Notice of appearance).(Godosky, Robert) (Entered: 10/15/2021) |
| 10/15/2021 | 323 | RESPONSE in Opposition to Motion re: 321 MOTION for Reconsideration re; 318 Memorandum & Opinion, Add and Terminate Parties,,,,,, 320 Order on Motion for Discovery,, . . Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 10/15/2021) |
| 10/22/2021 | 324 | REPLY to Response to Motion re: 321 MOTION for Reconsideration re; 318 Memorandum & Opinion, Add and Terminate Parties,,,,,, 320 Order on Motion for Discovery,, . . Document filed by Andre Rouviere, Jodi Rouviere..(Rouviere, Andre) (Entered: 10/22/2021) |
| 12/09/2021 | 325 | OPINION AND ORDER re: 321 MOTION for Reconsideration re; 318 Memorandum & Opinion, Add and Terminate Parties,,,,,, 320 Order on Motion for Discovery, . filed by Andre Rouviere, Jodi Rouviere. The motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 321. (Signed by Judge Lewis J. Liman on 12/9/2021) (ate) (Entered: 12/09/2021) |
| 01/03/2022 | 326 | MOTION for Melissa Damian Visconti to Withdraw as Attorney *Unopposed Application to Withdraw as Counsel of Record*. Document filed by Andre Rouviere, Jodi Rouviere..(Visconti, Melissa) (Entered: 01/03/2022) |
| 01/04/2022 | 327 | MEMO ENDORSEMENT on UNOPPOSED APPLICATION TO WITHDRAW AS COUNSEL OF RECORD on re: 326 MOTION for Melissa Damian Visconti to Withdraw as Attorney *Unopposed Application to Withdraw as Counsel of Record*. filed by Andre Rouviere, Jodi Rouviere. ENDORSEMENT: No later than January 7, 2022, Ms. Visconti shall file a supplemental declaration indicating whether or not she is asserting a retaining or charging lien pursuant to Local Rule 1.4. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 1/4/2022) (ks) (Entered: 01/04/2022) |
| 01/10/2022 | 328 | NOTICE of Declaration of No Charging Lien re: 327 Memo Endorsement,.. Document filed by Andre Rouviere, Jodi Rouviere..(Visconti, Melissa) (Entered: 01/10/2022) |

| 01/10/2022 | 329 | MEMO ENDORSED ON 326 APPLICATION TO WITHDRAW AS COUNSEL OF RECORD: ENDORSEMENT: Request GRANTED. So Ordered. Attorney Melissa Visconti terminated. (Signed by Magistrate Judge Stewart D. Aaron on 1/10/2022) (js) (Entered: 01/10/2022) |
|---|---|---|
| 01/27/2022 | 330 | LETTER addressed to Judge Lewis J. Liman from Paul E. Asfendis, Esq. dated January 27, 2022 re: Conferences. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 01/27/2022) |
| 01/28/2022 | 331 | RULE 26 DISCLOSURE.Document filed by Andre Rouviere, Jodi Rouviere..(Godosky, Robert) (Entered: 01/28/2022) |
| 01/28/2022 | | ORDER re: 330 Letter filed by Howmedica Osteonics Corporation. A Status Conference is scheduled in this matter for February 17, 2022 at 10:00AM. The conference will be held remotely by telephone and parties are directed to dial into the Court's teleconference line at 888−251−2909 and use access code 2123101. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (mf) (Entered: 01/28/2022) |
| 01/28/2022 | | Set/Reset Hearings: Status Conference set for 2/17/2022 at 10:00 AM before Judge Lewis J. Liman. (mf) (Entered: 01/28/2022) |
| 02/17/2022 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Status Conference held on 2/17/2022 by Telephone Conference. Robert Godosky present by telephone for Plaintiffs. Paul Asfendis present by telephone for Defendant. Defendant's motion for summary judgment, limited to statute of limitations, due by March 18, 2022. Plaintiffs response due by April 18, 2022. Defendant's reply due by May 2, 2022. Defendant directed to submit a joint statement of undisputed facts along with its summary judgment motion. (mf) (Entered: 02/21/2022) |
| 03/18/2022 | 332 | MOTION for Summary Judgment *Based on Statute of Limitations*. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 03/18/2022) |
| 03/18/2022 | 333 | RULE 56.1 STATEMENT. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 03/18/2022) |
| 03/18/2022 | 334 | RULE 56.1 STATEMENT. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 03/18/2022) |
| 03/18/2022 | 335 | DECLARATION of Paul E. Asfendis, Esq. in Support re: 332 MOTION for Summary Judgment *Based on Statute of Limitations*.. Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit A – Jodi Rouviere Deposition Excerpts, # 2 Exhibit B – 8/14/12 Implant Operative Report, # 3 Exhibit C – Jodi Rouviere Interrogatory Response, # 4 Exhibit D – Jodie Rouviere Declaration, # 5 Exhibit E – Andre Rouviere Declaration, # 6 Exhibit F – 11/11/16 Revision Report, # 7 Exhibit G – Discharge Summary, # 8 Exhibit H – Dr. Tervaert Expert Report, # 9 Exhibit I – Dr. Gannon Expert Report, # 10 Exhibit J – Dr. Bobst Expert Report, # 11 Exhibit K – Dr. Bobst Deposition Excerpts, # 12 Exhibit L – Dr. Tervaert Deposition Excerpts, # 13 Exhibit M – Dr. Sandhouse Medical Records, # 14 Exhibit N – Healy Physical Therapy Medical Records, # 15 Exhibit O – Doctor's Hospital Medical Records, # 16 Exhibit Jodi Rouviere Medical Record, # 17 Exhibit Q – Blood Test Results, # 18 Exhibit R – Dr. Buly Deposition Excerpts, # 19 Exhibit Dr. Jarrell Expert Report).(Asfendis, Paul) (Entered: 03/18/2022) |
| 03/18/2022 | 336 | MEMORANDUM OF LAW in Support re: 332 MOTION for Summary Judgment *Based on Statute of Limitations*. . Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 03/18/2022) |
| 04/05/2022 | 337 | FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 332 MOTION for Summary Judgment *Based on Statute of Limitations*. addressed to Judge Lewis J. Liman from Robert Godosky dated 04/05/2022. Document filed by Andre Rouviere, Jodi Rouviere..(Godosky, Robert) (Entered: 04/05/2022) |
| 04/14/2022 | 338 | ORDER granting 337 Letter Motion for Extension of Time to File Response/Reply re 337 FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 332 MOTION for Summary Judgment *Based on Statute of Limitations*. addressed to Judge Lewis J. Liman from Robert Godosky dated 04/05/2022. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (Liman, Lewis) (Entered: 04/14/2022) |

| | | |
|---|---|---|
| 05/02/2022 | 339 | SECOND LETTER MOTION for Extension of Time to File Response/Reply as to 332 MOTION for Summary Judgment *Based on Statute of Limitations. The letter motion is* addressed to Judge Lewis J. Liman from Robert Godosky, Esq. dated 05/02/2022. Document filed by Andre Rouviere, Jodi Rouviere. Return Date set for 5/23/2022 at 05:00 PM..(Godosky, Robert) (Entered: 05/02/2022) |
| 05/03/2022 | 340 | ORDER granting 339 Letter Motion for Extension of Time to File Response/Reply re 339 SECOND LETTER MOTION for Extension of Time to File Response/Reply as to 332 MOTION for Summary Judgment *Based on Statute of Limitations. The letter motion is* addressed to Judge Lewis J. Liman from Robert Godosky, Esq. dated 05/ The Court is unlikely to grant any further extensions. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (Liman, Lewis) (Entered: 05/03/2022) |
| 05/23/2022 | 341 | DECLARATION of Robert Godosky in Opposition re: 332 MOTION for Summary Judgment *Based on Statute of Limitations..* Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Supplement Rule 56.1 Statement, # 2 Supplement Declaration in Opposition).(Godosky, Robert) (Entered: 05/24/2022) |
| 05/25/2022 | 342 | LETTER MOTION for Extension of Time to File Response/Reply as to 332 MOTION for Summary Judgment *Based on Statute of Limitations.* addressed to Judge Lewis J. Liman from Paul E. Asfendis, Esq. dated May 25, 2022. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 05/25/2022) |
| 05/25/2022 | 343 | ORDER granting 342 Letter Motion for Extension of Time to File Response/Reply re 342 LETTER MOTION for Extension of Time to File Response/Reply as to 332 MOTION for Summary Judgment *Based on Statute of Limitations.* addressed to Judge Lewis J. Liman from Paul E. Asfendis, Esq. dated May 25, 2022. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (Liman, Lewis) (Entered: 05/25/2022) |
| 05/25/2022 | 344 | FIRST LETTER addressed to Judge Lewis J. Liman from Robert Godosky dated 5/25/2022 re: Rouviere v. Howmedica. Document filed by Jodi Rouviere..(Godosky, Robert) (Entered: 05/25/2022) |
| 05/27/2022 | 345 | FIRST LETTER MOTION to Seal *Records subject to Protective Order* addressed to Judge Lewis J. Liman from Robert Godosky dated May 27, 2022. Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit Dr. Ochoa Exhibit 13 Report – Stryker material, # 2 Exhibit Exhibit16 – Part 1 Stryker Documents, # 3 Exhibit Exhibit16 – Part 2 Stryker Documents, # 4 Exhibit Exhibit16 – Part 3 Stryker Documents, # 5 Exhibit Exhibit16 – Part 4 Stryker Documents, # 6 Exhibit Exhibit16 – Part 5 Stryker Documents, # 7 Exhibit Exhibit16 – Part 6 Stryker Documents, # 8 Exhibit Exhibit16 – Part 7 Stryker Documents, # 9 Exhibit Exhibit16 – Part 8 Stryker Documents, # 10 Exhibit Exhibit16 – Part 9 Stryker Documents, # 11 Exhibit Exhibit E – Part 1 Stryker Documents, # 12 Exhibit Exhibit E – Part 2 Stryker Documents, # 13 Exhibit Exhibit E – Part 3 Stryker Documents, # 14 Exhibit Exhibit E – Part 4 Stryker Documents, # 15 Exhibit Exhibit E – Part 5 Stryker Documents, # 16 Exhibit Exhibit E – Part 6 Stryker Documents, # 17 Exhibit Exhibit E – Part 7 Stryker Documents, # 18 Exhibit Exhibit E – Part 8 Stryker Documents, # 19 Exhibit Exhibit E – Part 9 Stryker Documents).(Godosky, Robert) (Entered: 05/27/2022) |
| 05/27/2022 | 346 | DECLARATION of Robert Godosky in Opposition re: 332 MOTION for Summary Judgment *Based on Statute of Limitations..* Document filed by Jodi Rouviere. (Attachments: # 1 Exhibit 1 Motion topermit Andre ROuviere to Efile, # 2 Exhibit 2 – Check payable to SDNY Clerk, # 3 Exhibit 3 Civil Cover Sheet, # 4 Exhibit 4 Andre Rouviere Declaration, # 5 Exhibit 5 portions of Jodi Rouvere deposition, # 6 Exhibit 6 portions of Exh 74 from Dr. Buly deposition, # 7 Exhibit 7 Rouviere MNG Medical Records, # 8 Exhibit 8 Rouviere Baptist Hospital medical recordss, # 9 Exhibit 9 Portionof Jodi Rouvier Medical Records Complete2019, # 10 Exhibit 9A Portionof Jodi Rouvier Medical Records Complete2019, # 11 Exhibit 10 Dr. Esatpe records, # 12 Exhibit Neurology Consult report Baptist Hospital, # 13 Exhibit 12 Neurology Consult South Miami Hospital, # 14 Exhibit 14 Dr. Kosnett Report, # 15 Exhibit 15 portions of Dr. Buly depostion, # 16 Exhibit 17 Stryker documents, # 17 Exhibit 18 portions of Dr. Alvarado deposition, # 18 Exhibit 19 Stryker recall documents, # 19 Exhibit 20 Stryker recall documents, # 20 Exhibit 21 Stryker recall documents, # 21 Exhibit 22 Stryker recall documents, # 22 Exhibit 23 portions of Christopher Hefferman deposition, # 23 Exhibit A to JSOF – Dr. Wang records, # 24 Exhibit B Stryker records, # 25 Exhibit C portions of Edwin Rodriguez, # 26 Exhibit D Stryker |

| | | |
|---|---|---|
| | | records).(Godosky, Robert) (Entered: 05/27/2022) |
| 06/20/2022 | 347 | REPLY MEMORANDUM OF LAW in Support re: 332 MOTION for Summary Judgment *Based on Statute of Limitations.* . Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 06/20/2022) |
| 06/20/2022 | 348 | RESPONSE re: 332 MOTION for Summary Judgment *Based on Statute of Limitations. Response to Plaintiff's' Counterstatement of Facts.* Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 06/20/2022) |
| 06/20/2022 | 349 | REPLY AFFIRMATION of Paul E. Asfendis in Support re: 332 MOTION for Summary Judgment *Based on Statute of Limitations..* Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Exhibit T).(Asfendis, Paul) (Entered: 06/20/2022) |
| 12/05/2022 | 350 | ORDER denying without prejudice 345 Letter Motion to Seal. The request to file certain exhibits under seal is denied without prejudice for the reasons set forth in footnote 3 of the Court's December 5, 2022 opinion and order on the motion for summary judgment filed by Howmedica Osteonics Corp. Within 14 days of this order, the parties must submit a revised motion that explains why sealing (1) is necessary to preserve higher values, and (2) is narrowly tailored to serve that interest. In the absence of such a timely–filed motion, the Court will unseal the materials. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (mcf) (Entered: 12/05/2022) |
| 12/05/2022 | 351 | OPINION AND ORDER re: 332 MOTION for Summary Judgment *Based on Statute of Limitations.* filed by Howmedica Osteonics Corporation. ENDORSEMENT: The motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to close Dkt. Nos. 332, 345. The Clerk of Court is also respectfully directed to close this case. SO ORDERED. (Signed by Judge Lewis J. Liman on 12/5/2022) (tg) Transmission to Orders and Judgments Clerk for processing. (Entered: 12/05/2022) |
| 12/06/2022 | 352 | CLERK'S JUDGMENT re: 351 Memorandum & Opinion in favor of Howmedica Osteonics Corporation against Andre Rouviere, Jodi Rouviere. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated December 5, 2022, Defendant's motion for summary judgment is GRANTED; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 12/6/2022) (Attachments: # 1 Right to Appeal) (km) (Entered: 12/06/2022) |
| 12/06/2022 | | Terminate Transcript Deadlines (km) (Entered: 12/06/2022) |
| 12/19/2022 | 353 | LETTER MOTION to Seal *certain motion–related exhibits* addressed to Judge Lewis J. Liman from Paul E. Asfendis, Esq. dated December 19, 2022. Document filed by Howmedica Osteonics Corporation. (Attachments: # 1 Affidavit Declaration of Christopher Heffernan).(Asfendis, Paul) (Entered: 12/19/2022) |
| 12/20/2022 | 354 | ORDER: granting in part and denying in part 353 Letter Motion to Seal. ORDER: The request to seal certain motion–related exhibits is GRANTED IN PART AND DENIED IN PART. Defendant may seal the design file, the 510k file, and the manufacturing records in full. "Such documents fall into categories commonly sealed[:] those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like. Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (cleaned up). This is also true of the report of expertJorge Ochoa, except for the Table of Contents and Sections 1, 1.1, 1.2, and 4 of that report. It is not clear what competitive harm public disclosure of these sections of the report would cause. Thus, Defendant is directed to file the expert report with everything redacted but the Table of Contents and Sections 1, 1.1, 1.2, and 4. SO ORDERED. (Signed by Judge Lewis J. Liman on 12/20/2022) (ama) (Entered: 12/20/2022) |
| 12/22/2022 | 355 | REDACTION to 354 Order on Motion to Seal,,,, by Howmedica Osteonics Corporation (Attachments: # 1 Exhibit A – Redacted Report).(Asfendis, Paul) (Entered: 12/22/2022) |
| 12/22/2022 | 356 | NOTICE OF APPEAL from 351 Memorandum & Opinion,. Document filed by Andre Rouviere, Jodi Rouviere. Filing fee $ 505.00, receipt number ANYSDC–27125689. |

| | | Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Godosky, Robert) (Entered: 12/22/2022) |
|---|---|---|
| 12/22/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 356 Notice of Appeal. (tp) (Entered: 12/22/2022) |
| 12/22/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 356 Notice of Appeal, filed by Andre Rouviere, Jodi Rouviere were transmitted to the U.S. Court of Appeals. (tp) (Entered: 12/22/2022) |
| 12/30/2022 | 357 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – PROPOSED JUDGMENT. Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit Exhibit A – Order 09–17–21).(Godosky, Robert) **Proposed Judgment to be reviewed by Clerk's Office staff.** Modified on 12/30/2022 (km). (Entered: 12/30/2022) |
| 12/30/2022 | 358 | **FILING ERROR – NO ORDER/JUDGMENT SELECTED FOR APPEAL –** AMENDED NOTICE OF APPEAL re: 356 Notice of Appeal,. Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Supplement Judgment dated 12/06/22, # 2 Supplement Order dated 12/05/22, # 3 Supplement Order dated 09/17/21, # 4 Supplement Order dated 11/24/20, # 5 Supplement Order dated 12/19/20).(Godosky, Robert) Modified on 12/30/2022 (nd). (Entered: 12/30/2022) |
| 12/30/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Robert Godosky to RE–FILE Document No. 358 Amended Notice of Appeal,. The filing is deficient for the following reason(s): the orders/judgment being appealed were not selected;. Re–file the appeal using the event type Amended Notice of Appeal found under the event list Appeal Documents – attach the correct signed PDF – select the correct named filer/filers – select the correct order/judgment being appealed. (nd)** (Entered: 12/30/2022) |
| 12/30/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PROPOSED JUDGMENT. Notice to attorney Robert Godosky to RE–FILE Document No. 357 Proposed Judgment. The filing is deficient for the following reason(s): The Judge signs the judgment. Please remove the signature line for the Clerk of Court and Deputy Clerk and replace it with one for the Judge to sign. Re–file the document using the event type Proposed Judgment found under the event list Proposed Orders. (km)** (Entered: 12/30/2022) |
| 12/30/2022 | 359 | AMENDED NOTICE OF APPEAL re: 356 Notice of Appeal, 352 Clerk's Judgment, 351 Memorandum & Opinion,. Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Supplement Judgment dated 12/06/22, # 2 Supplement Order dated 12/05/22, # 3 Supplement Order dated 09/17/21, # 4 Supplement Order dated 11/24/20, # 5 Supplement Order dated 12/19/20).(Godosky, Robert) Modified on 1/3/2023 (tp). (Entered: 12/30/2022) |
| 12/30/2022 | 360 | PROPOSED JUDGMENT. Document filed by Andre Rouviere, Jodi Rouviere. (Attachments: # 1 Exhibit Exhibit A – Order 09–17–21).(Godosky, Robert) **Proposed Judgment to be reviewed by Clerk's Office staff.** (Entered: 12/30/2022) |
| 01/03/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 359 Amended Notice of Appeal. (tp) (Entered: 01/03/2023) |
| 01/03/2023 | | First Supplemental ROA Sent to USCA (Electronic File). Certified Supplemental Indexed record on Appeal Electronic Files for 359 Amended Notice of Appeal, filed by Andre Rouviere, Jodi Rouviere were transmitted to the U.S. Court of Appeals. (tp) (Entered: 01/03/2023) |
| 01/03/2023 | | **\*\*\*NOTICE TO COURT REGARDING PROPOSED JUDGMENT. Document No. 360 Proposed Judgment was reviewed and approved as to form. (km)** (Entered: 01/03/2023) |
| 01/04/2023 | 361 | JUDGMENT: It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated September 17, 2021, (ECF Doc. No. 318) Defendant DEPUY ORTHOPAEDICS, INC.'s motion for summary judgment is GRANTED. (Signed by Judge Lewis J. Liman on 1/4/2023) (va) (Entered: 01/04/2023) |

| | | |
|---|---|---|
| 01/10/2023 | <u>362</u> | SECOND NOTICE OF APPEAL from <u>361</u> Judgment,. Document filed by Andre Rouviere, Jodi Rouviere. Filing fee $ 505.00, receipt number ANYSDC–27183586. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Godosky, Robert) (Entered: 01/10/2023) |
| 01/10/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: <u>362</u> Second Notice of Appeal. (tp) (Entered: 01/10/2023) |
| 01/10/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for <u>362</u> Second Notice of Appeal, filed by Andre Rouviere, Jodi Rouviere were transmitted to the U.S. Court of Appeals. (tp) (Entered: 01/10/2023) |
| 06/11/2024 | <u>363</u> | MANDATE of USCA (Certified Copy) as to <u>356</u> Notice of Appeal, filed by Andre Rouviere, <u>359</u> Amended Notice of Appeal, filed by Andre Rouviere, Jodi Rouviere, <u>362</u> Notice of Appeal, filed by Andre Rouviere, Jodi Rouviere USCA Case Number 22–3205(L), 23–50 (Con). UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the January 4, 2023 judgment of the district court is AFFIRMED. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 6/11/2024.(km) (Entered: 06/11/2024) |
| 06/11/2024 | | Transmission of USCA Mandate/Order to the District Judge re: <u>363</u> USCA Mandate.(km) (Entered: 06/11/2024) |
| 10/31/2024 | <u>364</u> | MOTION for RELIEF OF JUDGEMENT Pursuant to Fed. R. CIV and Memorandum of Law in Support Thereof. Document filed by Jodi Rouviere..(rdz) (Entered: 11/06/2024) |
| 11/06/2024 | <u>365</u> | JOINT LETTER MOTION for Extension of Time addressed to Judge Lewis J. Liman from J.T. Larson dated November 6, 2024. Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 11/06/2024) |
| 11/07/2024 | | NOTICE OF CASE REASSIGNMENT to Judge Mary Kay Vyskocil. Judge Lewis J. Liman is no longer assigned to the case. (vba) (Entered: 11/07/2024) |
| 11/07/2024 | | NOTICE OF REDESIGNATION TO ANOTHER MAGISTRATE JUDGE. The above entitled action has been redesignated to Magistrate Judge Henry J. Ricardo to handle matters that may be referred in this case. Please note that this is a reassignment of the designation only. (vba) (Entered: 11/07/2024) |
| 11/07/2024 | | NOTICE OF REASSIGNMENT OF A REFERRAL TO ANOTHER MAGISTRATE JUDGE. The referral in the above entitled action has been reassigned to Magistrate Judge Henry J Ricardo, for General Pretrial (includes scheduling, discovery, non–dispositive pretrial motions, and settlement). Magistrate Judge Stewart D. Aaron no longer referred to the case. Motions referred to Henry J Ricardo. (vba) (Entered: 11/07/2024) |
| 11/07/2024 | <u>366</u> | MOTION for Andre A. Rouviere to Withdraw as Attorney *for Plaintiff Jodi Rouviere*. Document filed by Jodi Rouviere, Andre Rouviere. Return Date set for 11/21/2024 at 12:00 AM. (Attachments: # <u>1</u> Affidavit Declaration in Support of Motion to Withdraw as Counsel for Plaintiff Jodi Rouviere, # <u>2</u> Proposed Order Proposed Order Granting Motion to Withdraw as counsel for Plaintiff Jodi Rouviere).(Rouviere, Andre) (Entered: 11/07/2024) |
| 11/07/2024 | | NOTICE OF CASE REASSIGNMENT to Judge Gregory H. Woods. Judge Mary Kay Vyskocil is no longer assigned to the case. (vba) (Entered: 11/07/2024) |
| 11/07/2024 | <u>367</u> | ORDER granting <u>365</u> Letter Motion for Extension of Time. Application granted. Defendants' November 6, 2024 request for an extension of time to file their opposition to Plaintiff's motion for vacatur and their response to Plaintiff's motion for an evidentiary hearing, Dkt. No. 365, is granted. Defendants' opposition and response are both due no later than December 6, 2024. Plaintiffs reply to Defendants' opposition to Plaintiff's motion for vacatur, if any, is due two weeks following the date of service of Defendants' opposition. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 365. (Signed by Judge Gregory H. Woods on 11/7/2024) (jjc) (Entered: 11/08/2024) |
| 11/07/2024 | | Set/Reset Deadlines: Responses due by 12/6/2024 (jjc) (Entered: 11/08/2024) |

| | | |
|---|---|---|
| 11/07/2024 | 368 | ORDER with respect to 366 Motion to Withdraw as Attorney. On November 7, 2024, attorney Andre Rouviere filed a motion to withdraw as counsel for Plaintiff Jodi Rouviere. Dkt. No. 366. The Court will hold a conference regarding Mr. Rouvieres motion on December 20, 2024 at 4:00 p.m. Counsel for all parties must appear at this conference. Plaintiff Jodi Rouviere is also ordered to appear. The conference will be held by telephone. The parties are directed to the Courts Individual Rules of Practice in Civil Cases, which are available on the Courts website. Rule 2 of the Courts Individual Rules contains the dial–in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Courts Individual Rules. (Signed by Judge Gregory H. Woods on 11/7/2024) (jjc) (Entered: 11/08/2024) |
| 11/07/2024 | | Set/Reset Hearings: Telephone Conference set for 12/20/2024 at 04:00 PM before Judge Gregory H. Woods. (jjc) (Entered: 11/08/2024) |
| 11/08/2024 | | NOTICE OF REDESIGNATION TO ANOTHER MAGISTRATE JUDGE. The above entitled action has been redesignated to Magistrate Judge Gary Stein to handle matters that may be referred in this case. Please note that this is a reassignment of the designation only..(tro) (Entered: 11/08/2024) |
| 11/08/2024 | | NOTICE OF REASSIGNMENT OF A REFERRAL TO ANOTHER MAGISTRATE JUDGE. The referral in the above entitled action has been reassigned to Magistrate Judge Gary Stein, for General Pretrial (includes scheduling, discovery, non–dispositive pretrial motions, and settlement). Magistrate Judge Henry J Ricardo no longer referred to the case. Motions referred to Gary Stein. (tro) (Entered: 11/08/2024) |
| 11/08/2024 | 369 | FIRST MOTION for Robert Godosky to Withdraw as Attorney . Document filed by Jodi Rouviere, Andre Rouviere. Return Date set for 11/12/2024 at 10:00 AM. (Attachments: # 1 Exhibit Emails).(Godosky, Robert) (Entered: 11/08/2024) |
| 11/09/2024 | 371 | ORDER with respect to 369 Motion to Withdraw as Attorney. On November 8, 2024, attorney Robert Edward Godosky filed a motion to withdraw as counsel for Plaintiff Jodi Rouviere. Dkt. No. 369. The Court will address Mr. Godoskys motion at the conference scheduled in this case on December 20, 2024 at 4:00 p.m. As stated in the Courts prior scheduling order, Dkt. No. 368, counsel for all parties must appear at this conference, and Plaintiff Jodi Rouviere is also ordered to appear. The conference will be held by telephone. The parties are directed to the Courts Individual Rules of Practice in Civil Cases, which are available on the Courts website. Rule 2 of the Courts Individual Rules contains the dial–in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Courts Individual Rules.. (Signed by Judge Gregory H. Woods on 11/9/2024) (jjc) (Entered: 11/12/2024) |
| 11/11/2024 | 370 | NOTICE of agreed briefing schedule. Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 11/11/2024) |
| 11/11/2024 | 372 | MEMO ENDORSEMENT on re: 370 Notice (Other) filed by Depuy Orthopaedics, Inc. ENDORSEMENT: Application granted. The parties' application for a modification of the briefing schedule, Dkt. No. 370, is granted. Defendants' oppositions to Plaintiffs motion for vacatur and motion for an evidentiary hearing are due on December 6, 2024. Plaintiff's replies, if any, are due on January 6, 2024. SO ORDERED. ( Replies due by 1/6/2025., Responses due by 12/6/2024) (Signed by Judge Gregory H. Woods on 11/11/2024) (sgz) (Entered: 11/12/2024) |
| 11/13/2024 | 373 | PLAINTIFF JODI ROUVIERE'S VERIFIED MOTION FOR EVIDFNTIARY HEARINGAND MEMORANDUM OF LAW IN SUPPORT THEREOF. Document filed by Jodi Rouviere.(ar) (Entered: 11/14/2024) |
| 11/13/2024 | 374 | NOTICE of plaintiff Jodi Rouviere's demand to proceed pro se. Document filed by Jodi Rouviere. (ar) (Entered: 11/15/2024) |
| 11/14/2024 | 377 | PLAINTIFF JODI ROUVIERE'S VERIFIED MOTION TO DISQUALIFY MAGISTRATE JUDGE GARY STEIN PURSUANT TO TITLE 28 U.S.C. 455(a). Document filed by Jodi Rouviere. (jjc) (Entered: 11/19/2024) |
| 11/15/2024 | 375 | ORDER with respect to 366 Motion to Withdraw as Attorney. On November 7, 2024, the Court scheduled a conference regarding attorney Andre Rouviere's motion to withdraw as counsel for Plaintiff Jodi Rouviere for December 20, 2024 at 4:00 p.m. |

| | | |
|---|---|---|
| | | Dkt. No. 368. On November 8, 2024, the Court ordered that attorney Robert Edward Godosky's motion to withdraw as counsel for Ms. Rouviere and Mr. Rouviere would be addressed at the same conference. Dkt. No. 371. That December 20, 2024 conference will now be held on November 22, 2024 at 2:00 p.m. The Court reiterates that counsel for all parties must appear at this conference, and that Plaintiff Jodi Rouviere is also ordered to appear. The conference will be held by telephone. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial–in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules. SO ORDERED. (Signed by Judge Gregory H. Woods on 11/15/2024) (sgz) (Entered: 11/15/2024) |
| 11/15/2024 | | Set/Reset Hearings: Telephone Conference set for 11/22/2024 at 02:00 PM before Judge Gregory H. Woods. (sgz) (Entered: 11/15/2024) |
| 11/15/2024 | 376 | MOTION for Leave to Appear Notice of Appearance . Document filed by Depuy Orthopaedics, Inc...(Metzger, Jessica) (Entered: 11/15/2024) |
| 11/22/2024 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 11/22/2024. (Court Reporter Devon Gerber) (va) (Entered: 11/22/2024) |
| 11/22/2024 | 378 | ORDER granting 366 Motion to Withdraw as Attorney. Attorney Robert Edward Godosky and Andre A Rouviere terminated; granting 369 Motion to Withdraw as Attorney. Attorney Robert Edward Godosky and Andre A Rouviere terminated; terminating 376 Motion for Leave to Appear. For the reasons stated on the record at the November 22, 2024 conference, Andre Rouviere's motion to withdraw, Dkt. No. 366, and Robert Godosky's motion to withdraw, Dkt. No. 369, are granted. Separately, the Court is in receipt of attorney Jessica Metzger's notice of appearance as counsel for Defendant DePuy Orthopaedics, Inc. Dkt. No. 376. The Clerk of Court is directed to: Terminate the motions pending at Dkt. No. 366, Dkt. No. 369, and Dkt. No. 376. Remove attorneys Andre Rouviere and Robert Godosky from the list of active counsel in this case. Update Plaintiff Jodi Rouviere's address on the docket and mail a copy of this order to Plaintiff Jodi Rouviere at: Jodi Rouviere 10950 SW 84th Ct Miami, Florida 33156. Update Plaintiff Jodi Rouviere's phone number on the docket to: (305) 608–8076. SO ORDERED. (Signed by Judge Gregory H. Woods on 11/22/2024) (sgz) (Entered: 11/25/2024) |
| 12/06/2024 | 379 | MEMORANDUM OF LAW in Opposition re: 364 MOTION., 373 MOTION for Hearing. *Omnibus Brief*. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 12/06/2024) |
| 12/06/2024 | 380 | DECLARATION of Paul E. Asfendis in Opposition re: 364 MOTION., 373 MOTION for Hearing.. Document filed by Howmedica Osteonics Corporation..(Asfendis, Paul) (Entered: 12/06/2024) |
| 12/06/2024 | 381 | MEMORANDUM OF LAW in Opposition re: 364 MOTION., 373 MOTION for Hearing. . Document filed by Depuy Orthopaedics, Inc...(Larson, Joel) (Entered: 12/06/2024) |
| 12/06/2024 | 382 | **FILING ERROR – DEFICIENT DOCKET ENTRY – (SEE DOCUMENT#383** DECLARATION of J. T. Larson in Opposition re: 364 MOTION., 373 MOTION for Hearing.. Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit 1– Summary Order, # 2 Exhibit 2– Hon. Raggi 2022 Annual Financial Disclosure, # 3 Exhibit 3– Hon. Raggi 2023 Annual Financial Disclosure, # 4 Exhibit 4– Hon. Lee 2022 Annual Financial Disclosure, # 5 Exhibit 5– Hon. Lee 2023 Annual Financial Disclosure, # 6 Exhibit 6– Hon. Robinson 2022 Annual Financial Disclosure, # 7 Exhibit 7– Hon. Robinson 2023 Annual Financial Disclosure).(Larson, Joel) Modified on 12/10/2024 (lb). (Entered: 12/06/2024) |
| 12/06/2024 | 383 | DECLARATION of J. T. Larson in Opposition re: 364 MOTION., 373 MOTION for Hearing.. Document filed by Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit Summary Order, # 2 Exhibit Hon. Raggi 2022 Annual Financial Disclosure, # 3 Exhibit Hon. Raggi 2023 Annual Financial Disclosure, # 4 Exhibit Hon. Lee 2022 Annual Financial Disclosure, # 5 Exhibit Hon. Lee 2023 Annual Financial Disclosure, # 6 Exhibit Hon. Robinson 2022 Annual Financial Disclosure, # 7 Exhibit Hon. |

| | | |
|---|---|---|
| | | Robinson 2023 Annual Financial Disclosure).(Larson, Joel) (Entered: 12/06/2024) |
| 12/09/2024 | 384 | MOTION for an order waiving certain ECF requirements on Plaintiff and directing Clerk to allow Plaintiff to file motions/responses/replies/documents via ECF. Document filed by Jodi Rouviere. (ar) (Entered: 12/11/2024) |
| 12/12/2024 | 385 | OPINION AND ORDER re: 377 MOTION to Disqualify Judge. filed by Jodi Rouviere. For the reasons set forth above, Plaintiff's motion for disqualification is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. No. 377. SO ORDERED. (Signed by Magistrate Judge Gary Stein on 12/12/2024) (tg) (Entered: 12/12/2024) |
| 12/23/2024 | 386 | ORDER with respect to 384 Motion for for an order waiving certain ECF requirements on Plaintiff and directing Clerk to allow Plaintiff to file motions/responses/replies/documents via ECF. The Court grants the relief requested in the Application. The Court directs the Clerk of Court to waive the requirement that Plaintiff participate in an in–person training course in order to become an ECF User. In lieu of that requirement, the Clerk of Court is directed to accept a certification from Plaintiff that she has reviewed the "Online Learning" modules available on the following webpage, other than the modules excluded in the following sentence of this order: https://nysd.uscourts.gov/programs/ecf–training. Plaintiff need not review the following modules: "Miscellaneous Case Opening;" "Attorney Civil Case Opening," "Requesting a Civil Summons,""Filing An Amended Initiating Pleading," and "Fling a Motion to Appear Pro Hac."The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and not terminate the motion pending at Dkt. No. 384. SO ORDERED. (Signed by Judge Gregory H. Woods on 12/23/2024) (sgz) (Entered: 12/23/2024) |
| 01/08/2025 | 389 | REPLY to Defendants' Response in Opposition to re: 364 MOTION., 373 MOTION for Hearing. Document filed by Jodi Rouviere. (vba) (Entered: 01/13/2025) |
| 01/10/2025 | 387 | JOINT LETTER MOTION for Leave to File Sur–Reply *to Plaintiff's Reply* addressed to Judge Gregory H. Woods from J.T. Larson dated January 10, 2025. Document filed by Howmedica Osteonics Corporation, Depuy Orthopaedics, Inc.. (Attachments: # 1 Exhibit A – Plaintiff's Reply).(Larson, Joel) (Entered: 01/10/2025) |
| 01/11/2025 | 388 | ORDER terminating 384 Motion ; granting 387 Letter Motion for Leave to File Document. Application granted. Defendants' request for leave to file a joint sur–reply, Dkt. No. 387, is granted. Defendants are granted leave to file a five–page sur–reply by no later than January 17, 2025. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 384 and 387. (Signed by Judge Gregory H. Woods on 1/11/2025) (jjc) (Entered: 01/13/2025) |
| 01/11/2025 | | Set/Reset Deadlines: Surreplies due by 1/17/2025. (jjc) (Entered: 01/13/2025) |
| 01/13/2025 | 390 | LETTER addressed to Judge Gregory H. Woods from Jodi Rouviere dated 1/13/2025 re: Request for Leave to File a Sur–Sur–Reply. Document filed by Jodi Rouviere. (Attachments: # 1 Supplement attachment 1) (jjc) (Entered: 01/15/2025) |
| 01/15/2025 | 391 | MEMO ENDORSEMENT on re: 390 Letter filed by Jodi Rouviere. ENDORSEMENT: Application denied. Plaintiff's application for leave to file a response to Defendants' sur–reply, Dkt. No. 390, is denied without prejudice. Defendants have not yet submitted their sur–reply. The importance, if any, of the issues Plaintiff has taken with Defendants' application for leave to file a sur–reply will not become clear until the sur–reply is filed. The Court also observes that Plaintiff's application only addresses one of the several arguments in her reply brief that Defendants raised as a basis for submitting a sur–reply. Plaintiff may renew her request for leave to file a response to Defendants' sur–reply after it has been submitted. The Clerk of Court is directed to mail a copy of this order to Plaintiff. (Signed by Judge Gregory H. Woods on 1/15/2025) (sgz) (Entered: 01/16/2025) |
| 01/17/2025 | 392 | JOINT REPLY MEMORANDUM OF LAW in Opposition re: 364 MOTION., 373 MOTION for Hearing. *Joint Sur–Reply.* Document filed by Howmedica Osteonics Corporation, Depuy Orthopaedics, Inc...(Asfendis, Paul) (Entered: 01/17/2025) |

| 01/21/2025 | <u>393</u> | LETTER addressed to Judge Gregory H. Woods from Jodi Rouviere dated 1/21/2025 re: Plaintiff, Jodi Rouviere, pro se, respectfully moves to strike Defendants sur−reply (ECF−392) as improper and prejudicial. The sur−reply violates procedural norms by rearguing matters already addressed, introducing new arguments, and misleading the Court. Should the Court decline to strike it, Plaintiff requests leave to file a sur−sur−reply to address these misstatements and new arguments.. Document filed by Jodi Rouviere..(nd) (Entered: 01/21/2025) |
|---|---|---|
| 01/21/2025 | <u>394</u> | MEMO ENDORSEMENT on re: <u>393</u> Letter, filed by Jodi Rouviere. ENDORSEMENT: Application granted in part. Plaintiff's request that the Court strike Defendants' sur−reply is denied. Plaintiff's request for leave to submit a response to Defendants' sur−reply is granted. Plaintiff is granted leave to submit a response to Defendants' sur− reply by no later than January 28, 2025. The Clerk of Court is directed to mail a copy of this order to Plaintiff. SO ORDERED. (Signed by Judge Gregory H. Woods on 1/21/2025) (ar) (Entered: 01/22/2025) |
| 01/28/2025 | <u>395</u> | PLAINTIFF JODI ROUVIERE'S SUR−SUR REPLY TO DEFENDANTS' SUR−REPLY IN OPPOSITION TO PLAINTIFF'S RULE 60(b)(6) MOTION re: <u>392</u> Reply Memorandum of Law in Opposition to Motion. Document filed by Jodi Rouviere. (jjc) (Entered: 01/30/2025) |
| 06/12/2025 | <u>396</u> | MEMORANDUM OPINION & ORDER re: <u>364</u> MOTION. filed by Jodi Rouviere, <u>373</u> MOTION for Hearing. filed by Jodi Rouviere. For the foregoing reasons, Plaintiffs motions for vacatur and for an evidentiary hearing are DENIED. The Clerk of Court is directed to terminate the motions pending at Dkt. No. 364 and Dkt. No. 373. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444−45 (1962). SO ORDERED. (Signed by Judge Gregory H. Woods on 6/12/2025) (sgz) (Entered: 06/12/2025) |
| 06/17/2025 | <u>397</u> | NOTICE OF APPEAL from <u>396</u> Memorandum & Opinion,.. Document filed by Jodi Rouviere. Form D−P is due within 14 days to the Court of Appeals, Second Circuit..(nd) (Entered: 06/17/2025) |
| 06/17/2025 |  | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: <u>397</u> Notice of Appeal..(nd) (Entered: 06/17/2025) |
| 06/17/2025 |  | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for <u>397</u> Notice of Appeal filed by Jodi Rouviere were transmitted to the U.S. Court of Appeals..(nd) (Entered: 06/17/2025) |