**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): 25-1542 _____ Caption [use short title] _____

Motion for: Summary affirmance and/or Dismissal

_____

_____

Set forth below precise, complete statement of relief sought:

Defendant-Appellees DePuy Orthopaedics, Inc. ("DePuy")

and Howmedica Osteonics Corp. ("HOC") jointly

request that this Court summarily affirm the judgment

of the District Court, or in the alternative, dismiss

this appeal.

Rouviere v. Depuy Orthopaedics, Inc.

MOVING PARTY: DePuy and HOC  OPPOSING PARTY: Jodi Rouviere

☐ Plaintiff  ☐ Defendant

☐ Appellant/Petitioner  ☒ Appellee/Respondent

MOVING ATTORNEY: J.T. Larson, Esq.  OPPOSING ATTORNEY: Jodi Rouviere, pro se

[name of attorney, with firm, address, phone number and e-mail]

Barnes & Thornburg LLP  10950 SW 84th Court

11 S. Meridian St., Indianapolis, IN 46204  Miami, FL 33156

(317) 236-1313; j.t.larson@btlaw.com  (305) 608-8076

Court- Judge/ Agency appealed from: U.S. District Court for the Southern District of New York, Hon. Gregory Howard Woods, District Judge

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes  ☐ No (explain): N/A - Pro Se Appellant

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☒ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No

Requested return date and explanation of emergency: _____

_____

_____

_____

Is the oral argument on motion requested?  ☐ Yes  ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes  ☒ No  If yes, enter date: _____

Signature of Moving Attorney:

J.T. Larson  Digitally signed by J.T. Larson Date: 2025.08.21 16:17:26 -04'00'  Date: 8/22/2025  Service: ☐ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# No. 25-1542

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**JODI ROUVIERE, individually,**

*Plaintiff-Appellant,*

*v.*

**HOWMEDICA OSTEONICS CORP., D/B/A STRYKER ORTHOPAEDICS, DEPUY ORTHOPAEDICS, INC.,**

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of New York
Hon. Gregory Howard Woods, District Judge
Case No. 18-cv-4814

**Memorandum of Law in Support of Defendant-Appellee DePuy Orthopaedics, Inc.'s and Howmedica Osteonics Corp.'s Joint Motion for Summary Affirmance and/or Dismissal**

Joseph G. Eaton
J.T. Larson
BARNES & THORNBURG LLP
11 S. Meridian St.
Indianapolis, IN 46204
(317) 236-1313
Joe.Eaton@btlaw.com
J.T.Larson@btlaw.com

*Counsel for Defendant-Appellee DePuy Orthopaedics, Inc.*

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, I certify that DePuy Orthopaedics, Inc., now known as Medical Device Business Services, Inc., is a wholly owned indirect subsidiary of Johnson & Johnson. I further certify that Johnson & Johnson is a publicly held company with no parent corporation and that no publicly held corporation owns ten percent or more of its stock.

Dated: August 22, 2025        */s/ J.T. Larson*

J.T. Larson
BARNES & THORNBURG LLP
11 S. Meridian St.
Indianapolis, IN 46204
J.T..Larson@btlaw.com

*Counsel for Defendant-Appellee DePuy Orthopaedics, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............................ 3

I.  Early Procedural History ..................................................... 3

II.  Summary Judgment ......................................................... 4

III.  Prior Second Circuit Summary Affirmance ................................ 5

IV.  The Vacatur Motion and Evidentiary Hearing Motion ...................... 6

V.  The District Court's Opinion and Order .................................... 9

ARGUMENT ....................................................................... 11

I.  Standard of Review ........................................................ 11

II.  The Court Should Dismiss the Appeal Because Rouviere's Appeal Lacks Any Arguable Basis in Fact or Law. ......................................... 12

CONCLUSION ..................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Der–Rong Chour v. I.N.S.*, 578 F.2d 464 (2d Cir. 1978)........................................16

*In re Digital Music*, 2007 WL 632762 (S.D.N.Y. 2007)............................................14

*ExxonMobil Oil Corp. v. TIG Ins.*, 44 F.4th 163 (2d Cir. 2022), *cert. dismissed*, 143 S. Ct. 480 (2022) ..................................................10, 13

*Gristina v. Merchan*, 131 F.4th 82 (2d Cir. 2025)....................................................15

*Jodi Rouviere v. Howmedica Osteonics Corp. dba Stryker Orthopaedics, and Medical Device Business Services, Inc. f/k/a DePuy Orthopaedics, Inc.*, Case No. 24-5945 (2024)........................................6

*Johnson v. United States*, 352 U.S. 565 (1957) ........................................................15

*Neitzke v. Williams*, 490 U.S. 319 (1989)......................................................12, 13

*ORP Surgical, LLP v. Howmedica Osteonics Corp.*, No. 1:20-cv-01450 (RBJ), 2022 U.S. Dist. LEXIS 84398, 2022 WL 1468115 (D. Colo. 2022) ........................................................8, 13

*Pillay v. I.N.S.*, 45 F.3d 14 (2d Cir. 1995) ......................................................11, 12

*Rouviere v. Depuy Orthopaedics, Inc.*, No. 22-3205 (2d Cir. April 5, 2024)....................................................5

*Rouviere v. Howmedica, et al.*, No. 22-3205 (L), 23-50 (CON) ...........................................5

*Tafari v. Hues*, 473 F.3d 440 (2d Cir. 2007) ...........................................................13

*United States v. Davis*, 598 F.3d 10 (2d Cir. 2010)..................................................12

*United States v. Fay*, 247 F.2d 662 (2d Cir. 1957)..................................................12

*United States v. Monsalve*, 388 F.3d 71 (2d Cir. 2004)...........................................11

*United States v. Torres*, 129 F.3d 710 (2d Cir. 1997) ............................................12

**Statutes**

28 U.S.C. § 455 ........................................................................................9

28 U.S.C. § 1915(e) .................................................................................12

**Other Authorities**

Fed. R. Civ. P. 60(b) .........................................................................6, 7, 10

Federal Rules of Appellate Procedure Rule 2(a) ....................................11

Federal Rules of Appellate Procedure Rule 38.......................................16

## PRELIMINARY STATEMENT

Plaintiff-Appellant Jodi Rouviere filed this lawsuit in May 2018 and has aggressively litigated this case for over seven years. Rouviere's litigation tactics resulted in over 400 docket entries, dozens of orders, multiple motions to reconsider before the District Court, two appeals to this Court, a request for rehearing *en banc*, and a petition for *certiorari*. After extensive and years-long fact and expert discovery, the District Court held that all of her claims were time-barred. A three-judge panel of this Court conducted a *de novo* review of the record and affirmed dismissal against both defendants on the basis of statute of limitations.

Six months after this Court decided her first appeal, Rouviere discovered that the District Judge owned stock in one defendant's parent company. Rouviere also learned that the assigned Magistrate Judge received fixed annual partnership payments from his prior law firm, a large law firm which has represented many corporate clients, including the same parent company. Based on these discoveries, Rouviere filed a motion to vacate thirteen orders from the Magistrate Judge, the District Judge, and this Court, including the dismissal orders, and essentially sought to re-do nearly a decade of litigation. Rouviere also requested discovery and an evidentiary hearing on the alleged conflicts. The case was reopened in the District Court and reassigned to District Judge Gregory H. Woods for review and consideration of Rouviere's motion.

In her reply brief, Rouviere added new allegations that one of the Second Circuit judges on the panel that had affirmed summary judgment dismissal was conflicted because her husband worked at a law firm that had previously represented one of the defendants in unrelated litigation.

In a thorough and well-reasoned decision, Judge Woods denied the motion in its entirety. He correctly identified the high standard required for vacatur ("extraordinary circumstances") and addressed each of Rouviere's arguments as well as Second Circuit precedent on the issues. He held that neither the Second Circuit judge nor the Magistrate Judge had any conflict of interest. Although the District Judge's stock ownership may have presented a conflict as to one of the defendants, vacatur was not warranted because dismissal was upheld by the Second Circuit after a *de novo* review. Because this Court's *de novo* review and affirmance of dismissal so clearly warranted denial of vacatur, Judge Woods concluded his order holding that any appeal of the order would "not be taken in good faith." Rouviere appealed less than one week later.

A *de novo* review by an impartial court cures any prejudice caused by alleged conflicts of interest in a previous decision. To succeed on appeal, Rouviere must show that Judge Woods committed an abuse of discretion when he found that this Court affirmed dismissal based on a de novo review of the record. As Judge Woods confirmed in his order, she cannot make that argument in good faith.

Defendants have spent over seven years defending against Rouviere's aggressive litigation tactics. Neither defendants nor this Court should have to incur the time and expense of another round of formal merits briefing and argument. The Court should dismiss this second appeal or summarily affirm Judge Woods' Order below.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I.    Early Procedural History

Appellant Jodi Rouviere initiated the district court litigation underlying this appeal in May 2018 against DePuy and Howmedica Osteonics Corp. ("HOC"), as well as several DePuy and HOC corporate affiliates, including Johnson & Johnson, which is the parent company of DePuy.  Dkt. No. 1 (Compl.).[1] Rouviere underwent a total hip replacement in August 2012 during which her surgeon implanted medical device components manufactured by DePuy and HOC. Dkt. No. 26 (the "Amended Complaint") ¶¶ 6, 279–399. Rouviere's Complaint asserted various causes of action against DePuy and HOC for injuries she alleged were caused by medical device components. *Id.*

---

[1]     Unless otherwise specified, all "Dkt. No. __" citations refer to the District Court docket, S.D.N.Y. No. 18-cv-04814.

Rouviere was represented by counsel, including her husband, Andre Rouviere (who is an attorney based in Florida), as well as other law firms, through summary judgment proceedings. Dkt. Nos. 88, 284 and 369.[2]

On June 5, 2018, the case was assigned to the magistrate judge (the "Magistrate Judge") for general pretrial matters. Dkt. No. 4. In February 2020, while the parties were engaged in discovery (and after Rouviere had voluntarily dismissed her claims against Johnson & Johnson), the case was reassigned to the District Court judge (the "Recused Judge" that would ultimately rule on Defendants' summary judgment motions). *See* Dkt. Nos. 45, 46, 52 and February 6, 2020 Minute Entry.

## II. Summary Judgment

On September 17, 2021, the Recused Judge granted summary judgment to DePuy, rejecting Rouviere's claims as to DePuy on proximate causation grounds, and DePuy was terminated from the case. *See* Dkt. No. 318; September 17, 2021 Minute Entry. Appellant quickly moved for reconsideration on multiple grounds, which the Recused Judge denied in a thoroughly reasoned opinion in December 2021. Dkt. No. 325.

Following DePuy's removal, HOC also moved for summary judgment because Appellant's claims were time-barred under New York law, *see* Dkt. Nos.

---

[2]     Mr. Rouviere and another attorney withdrew from representation of Appellant in this Court shortly after Rouviere filed her original appeal, and withdrew in the District Court after she filed her motion to vacate. Dkt. Nos. 366, 378.

330, 332, 346, and 347, which the Recused Judge granted on December 5, 2022. Dkt. Nos. 351, 352.[3]

### III. Prior Second Circuit Summary Affirmance

In December 2022 and January 2023, Rouviere appealed the Recused Judge's separate orders granting summary judgment to Defendants to the United States Court of Appeals for the Second Circuit. Dkt. Nos. 356, 362. Rouviere's appeal was docketed as *Rouviere v. Howmedica, et al.*, No. 22-3205 (L), 23-50 (CON); the appeal was fully briefed by September 12, 2023, and oral argument was held on April 2, 2024.

On April 5, 2024, on *de novo* review, this Court issued a summary order affirming the Recused Judge's summary judgment decision dismissing the Complaint on statute of limitations grounds, which applied equally to both DePuy and HOC, and rejected Rouviere's remaining arguments on appeal. *See* Summary Order, *Rouviere v. Depuy Orthopaedics, Inc.*, No. 22-3205 (2d Cir. April 5, 2024)[4] (also at Dkt. No. 363) (the "Summary Order"). While the Recused Judge had not granted DePuy summary judgment based on the statute of limitations, this Court nevertheless summarily affirmed the dismissal of DePuy on such grounds because

---

[3]  The District Judge had no conflict or potential conflict with HOC. Notably, HOC was the only defendant in the case when the District Judge issued his decision granting HOC summary judgment based on statute of limitations.

[4]  All "Second Circuit Dkt. No. ___" citations in this Motion refer to No. 22-3205.

DePuy had raised the affirmative defense in its answer to Rouviere's Amended Complaint, and because the statute of limitations arguments were identical as to both defendants. *Id.* at 5.

After the entry of the Summary Order, Rouviere filed a petition for panel rehearing or a rehearing *en banc*, which was denied. *See* Second Circuit Dkt. Nos. 277, 286. Rouviere also filed a petition for certiorari in the Supreme Court in August 2024, which was denied in December 2024. *Jodi Rouviere v. Howmedica Osteonics Corp. dba Stryker Orthopaedics, and Medical Device Business Services, Inc. f/k/a DePuy Orthopaedics, Inc.*, Case No. 24-5945 (2024).

## IV.    The Vacatur Motion and Evidentiary Hearing Motion

In October and November 2024, six months after this Court's affirmance of the dismissal of her case, Rouviere filed a Motion for Relief of Judgment under Fed. R. Civ. P. 60(b)(6) (Dkt. No. 364, "Motion to Vacate") and Motion for Evidentiary Hearing (Dkt. No. 373, "Evidentiary Hearing Motion", and together with the Motion to Vacate, the "Motions to Vacate"). The Motions to Vacate sought to toss out dozens of orders issued by both the Magistrate Judge and Recused Judge due to disqualifying conflicts. In subsequent briefing on the Motions to Vacate, Rouviere also argued that one of the three judges on the previous Second Circuit panel (the "Circuit Judge") also had a disqualifiable conflict. Dkt. No. 389; *see also* Dkt. Nos. 379, 380, 381, 383, 392 and 395.

As detailed in the briefing on the Motions to Vacate, Rouviere alleged that each of the Magistrate Judge, Recused Judge and the Circuit Judge were conflicted based on information included in each judge's public financial disclosures.

The parties agree that the information in the Recused Judge's financial disclosures indicating that he held stock in DePuy's parent company, Johnson & Johnson, while presiding in the action did technically present a conflict.[5] But DePuy and HOC dispute Rouviere's contention that such disqualification required vacatur of his prior decisions under Fed. R. Civ. P. 60(b). Dkt. Nos. 379, 380, 381 and 383.

Rouviere also alleged that the Magistrate Judge received five fixed annual partnership payments from Arnold & Porter Kaye Scholer LLP ("Arnold & Porter"), where he was a partner before taking the bench. Dkt. No. 364 at 20–21; *see also* Dkt. 381. Rouviere argued that the Magistrate Judge's receipt of these payments established a disqualifiable conflict, citing only Arnold & Porter's website which stated that the firm's consumer products group was "well regarded for helping some

---

[5]    As Judge Woods pointed out in his decision denying vacatur, when the Recused Judge was assigned to the case, Johnson & Johnson had been dismissed and was no longer a party, and it is not clear that the Recused Judge was aware that his ownership of Johnson & Johnson stock created an additional conflict through its subsidiary, DePuy. *See* Dkt. No. 396 at 18, fn. 4.

of the world's biggest and best known brands," including Johnson & Johnson. Dkt. No. 364 at 20–21, Ex. 3[6].

As noted above, Rouviere further argued that the Circuit Judge received family income from Seyfarth Shaw LLP ("Seyfarth") through her husband, who is a partner at the firm. Dkt. Nos. 389 at 5–6, 392, 395. Rouviere argued that while her appeal had been pending before this Court, the Circuit Judge should have been disqualified because Seyfarth also represented HOC in a previous litigation in Colorado, *ORP Surgical, LLP v. Howmedica Osteonics Corp.*, No. 1:20-cv-01450 (RBJ) (D. Colo. 2020). *Id.* She did not allege that the Circuit Judge's husband himself represented HOC in this unrelated litigation, which concerned a breach of contract dispute between HOC and a distributor, and did not involve product liability issues. *Id.* Yet she accused the Circuit Judge of judicial "misconduct" in failing to recuse herself from the appeal, and argued that this caused the Second Circuit to fail to conduct a "genuine" *de novo* review.

In her Motion to Vacate, Rouviere also made multiple, unsubstantiated allegations accusing both DePuy's and HOC's counsel of misconduct.

---

[6]     Rouviere's Motion to Vacate also baldly alleged, without any support, that Arnold & Porter's "principal client and revenue maker for the firm was J&J." Dkt. No. 364 at 21.

The case was reassigned to a new district court judge (the "District Court") on November 7, 2024, and to a new magistrate judge ("New Magistrate Judge") on November 8, 2024, for consideration of the Motions to Vacate.

On November 14, 2024, Rouviere also moved to disqualify the New Magistrate Judge based on another supposed "conflict," which the District Court denied in a detailed decision on December 12, 2024. Dkt. Nos. 377, 385.

## V. The District Court's Opinion and Order

On June 12, 2025, the District Court issued an Opinion and Order denying Rouviere's Motion to Vacate and Evidentiary Hearing Motion in their entirety (Dkt. No. 396, the "Opinion").

First, the District Court analyzed Rouviere's claims regarding the Magistrate Judge under both 28 U.S.C. § 455(a) and Section 455(b), finding that there was "nothing" in the record that suggested he should have recused himself. In denying Rouviere's request to vacate numerous rulings of the Magistrate Judge, the District Court observed, *inter alia*, that Rouviere did not "contend that the Magistrate Judge represented or did any work on behalf of Johnson & Johnson while at Arnold & Porter," Opinion at 15, and that the partnership payments he received were "too remote to raise reasonable questions about his impartiality." *Id.* at 14.

Second, the District Court held that vacatur of the Recused Judge's rulings was also not warranted because his rulings were upheld by this Court following a *de*

*novo* review. The District Court, evaluating the *Liljeberg* factors that must be weighed in evaluating whether the "extraordinary circumstances" required for vacatur under Fed. R. Civ. P. 60(b) have been met, held that "there is little risk of injustice to [Rouviere] absent vacatur because a separate and unconflicted panel of judges considered the issues afresh and rendered an independent decision after reviewing the record." Opinion at 19 (internal quotations omitted) (citing *ExxonMobil Oil Corp. v. TIG Ins.*, 44 F.4th 163, 173 (2d Cir. 2022).

Third, the District Court resoundingly rejected Rouviere's argument regarding the alleged conflict of the Circuit Judge on the Second Circuit panel in Rouviere's prior appeal. The District Court concluded that the Circuit Judge's husband's partnership and receipt of income from Seyfarth, did not "suffice to raise reasonable questions about the Circuit Judge's impartiality." Opinion at 21. But the District Court's analysis went even farther, concluding that even if there *were* a credible reason to doubt the Circuit Judge's impartiality, the decision of "two out of the three members of the Second Circuit panel [about whom Rouviere has not raised any allegations of conflict] suffices to constitute a *de novo* review of the merits of Defendants' summary judgment motions." *Id.* at 21–22.

Finally, the District Court concluded that an evidentiary hearing was unwarranted given the lack of any dispute of material fact. *Id.* at 25. The District Court concluded its decision by denying in forma pauperis status for purposes of an

appeal because "any appeal from this order would not be taken in good faith." *Id*. at 25-26.

On June 18, 2025, Rouviere filed a notice of appeal of the District Court's Opinion.

## ARGUMENT

### I.      Standard of Review.

Rule 2(a) of the Federal Rules of Appellate Procedure provides that "[o]n its own or a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs. . ." Furthermore, this Court "has inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous when the appeal or petition presents no arguably meritorious issue for our consideration." *Pillay v. I.N.S.*, 45 F.3d 14, 17 (2d Cir. 1995). If the only issues on appeal are frivolous, this Court construes a motion to dismiss as a motion for summary affirmance. *United States v. Monsalve*, 388 F.3d 71, 73 (2d Cir. 2004) ("We construe a motion to dismiss an appeal as a motion for summary affirmance if the appeal presents only frivolous issues.").

An appellate court's authority to dismiss an appeal as frivolous must be "exercise[d]…with care and discrimination," *Pillay*, 45 F.3d at 16. "It is a short-cut and . . . one that is available only if an appeal is truly frivolous." *United States v.*

11

*Davis*, 598 F.3d 10, 13 (2d Cir. 2010); *see also United States v. Torres*, 129 F.3d 710, 717 (2d Cir. 1997) (summary affirmance warranted where defendant "presents no non-frivolous issues for appeal"). Even so, the Court's authority to dismiss frivolous appeals is grounded in the recognition that neither "an indigent defendant nor one possessing the necessary means to pay filing fees, employ an attorney and print his briefs and appendix has any right to require us to entertain a frivolous appeal." *Pillay*, 45 F.3d at 16 (quoting *United States v. Fay,* 247 F.2d 662 (2d Cir. 1957) (in banc)) (also recognizing the need for appellate courts to manage their "burgeoning" dockets amid scarce judicial resources).

The standards for a motion to dismiss or for summary affirmance are the same as those that apply to dismissal of an appeal *in forma pauperis* as frivolous under 28 U.S.C. § 1915(e). *Pillay*, 45 F.3d at 17. An appeal is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989), including where "none of the legal points are arguable on their merits." *Pillay*, 45 F.3d at 15–16.

## II.     The Court Should Dismiss the Appeal Because Rouviere's Appeal Lacks Any Arguable Basis in Fact or Law.

Any arguments that Rouviere may raise on appeal to challenge the District Court's Opinion can be predicated only on the types of "inarguable legal conclusion[s]" or "fanciful factual allegation[s]" that this Court has held constitutes

a frivolous abuse of process. *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)).

This Court has made clear that, as is the case here, vacatur is not warranted where a challenged decision has been affirmed on *de novo* review by unconflicted judges. *ExxonMobil Oil Corp. v. TIG Ins. Co*, 44 F.4th 163, 173 (2d Cir. 2022), *cert. dismissed*, 143 S. Ct. 480 (2022); *see also* Opinion at 18–21. In order to succeed on appeal, Rouviere would need a meritorious argument to reject Judge Woods' conclusion that this Court affirmed summary judgment dismissal upon *de novo* review. Rouviere cannot advance any non-frivolous arguments in support of such a position.

First, Rouviere's argument that the Circuit Judge was conflicted is baseless. As detailed above, the Circuit Judge's husband was a partner at Seyfarth, which firm represented HOC in a separate, unrelated matter: *ORP Surgical, LLP v. Howmedica Osteonics Corp*. Rouviere made no argument that the Circuit Judge's husband himself represented HOC, and she mischaracterized the *ORP Surgical* case as "related" to her lawsuit, *see* Dkt. No. 389 at 5. A reported decision in the case confirms that it involved a breach of contract claim arising from termination of a distribution agreement between HOC and a distributor (a far cry from the products liability claims at issue here). *See ORP Surgical, LLP v. Howmedica Osteonics Corp*., 2022 U.S. Dist. LEXIS 84398, *3-7, 2022 WL 1468115 (D. Colo. 2022). As

the District Court observed, "[c]ourts have uniformly rejected the argument that an appearance of impropriety exists [where]… (i) a judge's spouse is a partner in a law firm that represents a litigant in matters other than the case before the judge; and (ii) the spouse did not perform any work at the law firm for the litigant or worked for the litigant on unrelated matters." Opinion at 21 (quoting *In re Digital Music*, 2007 WL 632762, at *12 (S.D.N.Y. 2007)).

Rouviere's allegations against the Circuit Judge are clearly an opportunistic invention: the Circuit Judge is the *fourth* federal judge that Rouviere has accused of being conflicted in this litigation (in addition to the Recused Judge, the Magistrate Judge, and the New Magistrate Judge). Rouviere did not challenge the impartiality of the Circuit Judge in her original Motion to Vacate. *See* Dkt. Nos. 373. Only after Defendants pointed to this Court's *de novo* review of the Recused Judge's summary judgment decisions did Rouviere, in reply, theorize that the Circuit Judge, too, must have been irreparably conflicted against her cause. Dkt. Nos. 379, 381, 389, 392 and 395.

Even accepting, for the sake of argument, Rouviere's contrived theory regarding the Circuit Judge's alleged conflict, her challenge would still be lacking in merit. Rouviere has made no allegations that the remaining two members of the panel were not impartial, and the affirmance of the granting of Defendants-Appellees' summary judgment motions by the majority of the panel is sufficient to

constitute *de novo* review. *See, e.g.*, *Gristina v. Merchan*, 131 F.4th 82, 93 (2d Cir. 2025) (affirmance by two members of panel, with third dissenting); 2d Cir. IOP E(b); *see also* Opinion at 21–22 (discussing the same).

Finally, in her reply briefing on her Motions to Vacate, Rouviere claimed this Court somehow did not actually conduct a *de novo* review. Dkt. No. 389 at 11. This fanciful argument is inarguable on the merits and fails upon an even cursory inspection of the Summary Order, which explicitly provides that this Court reviewed the summary judgment decisions *de novo. See* Summary Order at 4 ("We review decisions granting summary judgment, including those based on a statute of limitations defense, *de novo*.").

In finding that an appeal would not be taken in good faith, the District Court recognized the lack of merit of Rouviere's arguments. A district court's certification that an appeal would not be taken in "good faith" should be given "great weight." *Johnson v. United States*, 352 U.S. 565, 566 (1957). Here, where the District Court certified that any appeal would not be taken in good faith, dismissal or summary affirmance is particularly appropriate. As shown by the procedural history summarized above, Rouviere has a long history of repeatedly challenging filings and decisions of the many judges presiding over the many years of this litigation. The instant appeal is nothing more than "one more step in an outrageous abuse of civil process through persistent pursuit of frivolous and completely meritless claims."

*Der–Rong Chour v. I.N.S.*, 578 F.2d 464, 467 (2d Cir. 1978) (granting summary affirmance where appeal "appear[ed] to represent" yet another effort to "stall a deportation that has been repeatedly ordered by the Board [of Immigration Appeals] and has been affirmed [by the Second Circuit].").

## CONCLUSION

For these reasons, this Defendants-Appellees respectfully request that this Court summarily affirm the judgment of the District Court or, in the alternative, dismiss this appeal. Defendants-Appellees reserve the right to seek an award of damages and costs under Rule 38 of the Federal Rules of Appellate Procedure.

## CERTIFICATE OF COMPLIANCE

I certify that, pursuant to Federal Rules of Appellate Procedure 32(a) and Second Circuit Rule 32.1(a), the foregoing Memorandum of Law in Support of Defendant-Appellee DePuy Orthopaedics, Inc.'s Motion for Summary Affirmance and/or Dismissal of is proportionately spaced, has a typeface of 14 points or more, and—not counting the items excluded by Federal Rule of Appellate Procedure 32(f)—contains 3,610 words.

Dated: August 22, 2025          */s/ J.T. Larson*

J.T. Larson
BARNES & THORNBURG LLP
11 S. Meridian St.
Indianapolis, IN 46204
J.T..Larson@btlaw.com

*Counsel for Defendant-Appellee*
*DePuy Orthopaedics, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(d), I certify that on August 22, 2025 I filed the foregoing Memorandum of Law in Support of Defendant-Appellee DePuy Orthopaedics, Inc.'s Motion for Summary Affirmance and/or Dismissal with the Clerk of the Court using the CM/ECF system. I further certify that on August 22, 2025 a true and correct copy of the foregoing was sent via electronic mail per agreement of the parties to:

Appellant Jodi Rouviere
jodi.jtm@gmail.com
10950 SW 84th Court
Miami, FL 33156
*Plaintiff-Appellant, pro se*

Paul E. Asfendis
Gibbons P.C.
One Pennsylvania Plaza, 45th Floor
New York, New York 10119
pasfendis@gibbonslaw.com
*Counsel for Defendant-Appellee Howmedica Osteonics Corp*

Dated: August 22, 2025            */s/ J.T. Larson*

J.T. Larson
BARNES & THORNBURG LLP
11 S. Meridian St.
Indianapolis, IN 46204
J.T..Larson@btlaw.com

*Counsel for Defendant-Appellee DePuy Orthopaedics, Inc.*

18