# No. 25-1542

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**JODI ROUVIERE, individually,**

*Plaintiff-Appellant,*

*v.*

**HOWMEDICA OSTEONICS CORP., D/B/A STRYKER ORTHOPAEDICS,
DEPUY ORTHOPAEDICS, INC.,**

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of New York
Hon. Gregory Howard Woods, District Judge
Case No. 18-cv-4814

**Reply in Support of Defendant-Appellee
DePuy Orthopaedics, Inc.'s and Howmedica Osteonics Corp.'s
Joint Motion for Summary Affirmance and/or Dismissal**

Joseph G. Eaton
J.T. Larson
BARNES & THORNBURG LLP
11 S. Meridian St.
Indianapolis, IN 46204
(317) 236-1313
Joe.Eaton@btlaw.com
J.T.Larson@btlaw.com

*Counsel for Defendant-Appellee
DePuy Orthopaedics, Inc.*

Kim M. Catullo, Esq.
Paul E. Asfendis, Esq.

Gibbons P.C.
One Pennsylvania Plaza
Suite 4515
New York, New York 10119
(212) 613-2000
kcatullo@gibbonslaw.com
pasfendis@gibbonslaw.com

*Counsel for Defendant-Appellee*
*Howmedica Osteonics Corp.*

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................2

    I.      This Court Should Grant Appellees' Joint Motion for Summary Affirmance or Dismissal. ..................................................2

    II.     Rouviere's Opposition Only Underscores Why Another Round of Merits Briefing Is Unnecessary. ......................................................4

CONCLUSION ......................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Digital Music*,
    2007 WL 632762 (S.D.N.Y. 2007) ............................................................. 7

*ExxonMobil Oil Corp. v. TIG Ins.*,
    2021 WL 4803700 (S.D.N.Y. Oct. 14, 2021) ........................................ 3, 5

*ExxonMobil Oil Corp. v. TIG Ins.*,
    44 F.4th 163 (2d Cir. 2022) ................................................................... 3, 5

*Liljeberg v. Health Servs. Acquisition Corp.*,
    486 U.S. 847 (1988) ............................................................................... 5, 8

*Litovich v. Bank of Am. Corp.*,
    106 F.4th 218 (2d Cir. 2024) ..................................................................... 2

*Nemaizer v. Baker*,
    793 F.2d 58 (2d Cir. 1986) ........................................................................ 3

*Pillay v. I.N.S.*,
    45 F.3d 14 (2d Cir. 1995) .......................................................................... 4

*Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic
    Republic,* 864 F.3d 172 (2d Cir. 2017) ..................................................... 3

*United States v. Monsalve*,
    388 F.3d 71 (2d Cir. 2004) ........................................................................ 4

**Statutes**

28 U.S.C. § 455 ............................................................................................ 4, 5, 8

28 U.S.C. § 1915(a) ........................................................................................... 8

Rehabilitation Act § 504, 29 U.S.C. § 794 ........................................................ 8

**Other Authorities**

Fed. R. Civ. P. 60(b) ...................................................................................... 3, 5

## INTRODUCTION

Over the last seven years, Rouviere aggressively litigated her claims before the Magistrate Judge, multiple district court judges, this Court of Appeals, and the Supreme Court. She sought review of nearly every judicial decision that did not find in her favor: objecting to adverse discovery orders, seeking reconsideration of district court orders, appealing the multiple summary judgment orders (now twice), seeking rehearing *en banc*, and petitioning for *certiorari*. Including appeals, the various dockets have more than 400 entries and orders from half a dozen federal judges. This case has received thorough judicial attention at every turn.

The most recent order, the subject of this appeal, shows that Rouviere has had her day in court. Judge Woods applied this Court's precedents and held that vacatur is not appropriate under these circumstances and Second Circuit precedent. Setting aside the admitted conflict of the Recused Judge, many other unconflicted judges considered and adjudicated her claims and found that they lack merit. Because there is no good faith argument that the Magistrate Judge or Circuit Judge were conflicted or that this Court did not conduct a *de novo* review once before, there is no good faith argument for this appeal, as Judge Woods noted.

Rouviere paints a different picture. She describes a "poisoned" record of "biased orders" that calls into question the integrity of the courts. Upset at the District Court's decision denying vacatur, she now accuses him of engaging in an

1

"institutional cover-up" and fraudulently falsifying the record. She baselessly accuses counsel of misconduct and fraud. She baselessly attacks almost every aspect of the Opinion and proceedings below—except for the issues that matter for this appeal.

Rouviere makes no non-frivolous arguments that the Magistrate Judge or Circuit Judge were conflicted or that this Court's prior *de novo* review was inadequate. The Court should therefore summarily affirm the decision below or dismiss this appeal.

## ARGUMENT

### I. This Court Should Grant Appellees' Joint Motion for Summary Affirmance or Dismissal.

In her Motions to Vacate[1] and by this appeal, Rouviere seeks to undo seven years of litigation. She challenges the dismissal of her claims at summary judgment and a dozen other discovery-related orders from the Magistrate Judge.

Six months after this Court granted summary affirmance of the dismissal of her case, Rouviere discovered a news article about this Court's decision in *Litovich v. Bank of Am. Corp.*, 106 F.4th 218 (2d Cir. 2024), which involved conflicts in a case before the Recused Judge, and in which this Court held that vacatur of the

---

[1] Capitalized terms used but not defined herein have the meaning ascribed in *Defendant-Appellee DePuy Orthopaedics, Inc.'s and Howmedica Osteonics Corp.'s Joint Motion for Summary Affirmance and/or Dismissal* ("Motion").

2

Recused Judge's decision dismissing the case was warranted. *See* Opinion at 6. She reviewed the financial disclosures of the Recused Judge and the Magistrate Judge, and filed her Motions to Vacate; in reply briefing, she also alleged that the Circuit Judge had a disqualifiable conflict. *See* Motion at 6. In a detailed, 26-page decision, the District Court carefully applied the correct standard, holding that "[t]he decision whether to grant relief under Rule 60(b) 'is addressed to the sound discretion of the district court,'" Opinion at 6 (quoting *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017)), and "final judgments should not be lightly reopened." *Id.* (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

The District Court correctly held that neither the Circuit Judge nor the Magistrate Judge had any conflict of interest, and that while the Recused Judge's stock ownership may have presented a conflict as to one of the defendants, vacatur was not warranted because dismissal was upheld by the Second Circuit after a *de novo* review.[2] *See ExxonMobil Oil Corp. v. TIG Ins.*, 44 F.4th 163 (2d Cir. 2022). As the District Court held, Rouviere cannot advance any non-frivolous arguments on appeal that either the Magistrate Judge or the Circuit Judge were conflicted or that

---

[2] Notably, it is undisputed that the Recused Judge did not have an actual or potential conflict as to Defendant HOC, and that when he issued his decision granting summary judgment based on statute of limitations, the only remaining defendant in the case at that time was HOC.

3

the Court's prior *de novo* review did not cure any perceived harm. There is nothing left for this appeal. This Court should exercise its inherent authority to dismiss or grant summary affirmance of Rouviere's appeal. *Pillay v. I.N.S.*, 45 F.3d 14, 17 (2d Cir. 1995); *United States v. Monsalve*, 388 F.3d 71, 73 (2d Cir. 2004).

> II. **Rouviere's Opposition Only Underscores Why Another Round of Merits Briefing Is Unnecessary.**

In her sweeping Opposition, Rouviere does not engage with the core factual and legal arguments, misstates black letter law as well as the factual record, raises new arguments for the first time on appeal, and continues her practice of accusing numerous federal judges, as well as counsel, of misconduct. The Opposition proves Rouviere's inability to advance any good faith, non-frivolous arguments in this appeal.

*First*, Rouviere fails to engage with the core argument in Appellees' Motion: this Court has already summarily affirmed, on *de novo* review, the Recused Judge's dismissal of her claims at summary judgment. This is the most critical issue presented, and Rouviere distorts or dodges the issue.

As a threshold matter, throughout her Opposition Rouviere repeatedly, and incorrectly, refers to the vacatur standard as mandatory. *See* Opposition at 22 ("*Liljeberg*[] requires vacatur whenever § 455 is violated"); *see also id.* at 6, 9 12, 17, 23. This is a clear misstatement of black letter law: the Second Circuit applies a harmless error standard when considering whether vacatur of a given decision is

4

required in the event of a 28 U.S.C. § 455 violation. *ExxonMobil Oil Corp. v. TIG Ins.*, 2021 WL 4803700, at *2.

In evaluating a motion under Fed. R. Civ. P. 60(b) when there has been a violation of § 455, "a new, unconflicted judge may, *but is not required to*, vacate the judgment or any decisions rendered by the conflicted judge." *ExxonMobil Oil Corp. v. TIG Ins.*, 44 F.4th at 172 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988)) (emphasis added). In considering a Rule 60(b) motion, the unconflicted judge applies the so-called *Liljeberg* factors, which direct the court "to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864. In *ExxonMobil*, the Second Circuit made clear that vacatur is not required where a challenged decision has been affirmed on *de novo* review by unconflicted judges. 44 F.4th at 173 ("Applying the principles from *Liljeberg*, we conclude that vacatur was not required in light of [an unconflicted district court judge's] *de novo* review.").

Rouviere mischaracterizes *ExxonMobil*, stating summarily that it "was an insurance-consolidation case," and is therefore "irrelevant" here. Opp. at 23; *see also id.* at 3, 17. And she does not try to distinguish it from the circumstances here or apply the *Liljeberg* factors to the facts of her case. Rouviere makes no effort to respond to the District Court's finding that, even if there were a reason to question

5

the Circuit Judge's impartiality (there is not), the decision of the remaining two members of the panel in the prior appeal (who are, notably, two of the few federal judges that Rouviere has *not* accused of a conflict or misconduct in this litigation to date) "suffices to constitute a de novo review of the merits of Defendants' summary-judgment motions." Opinion at 15.

**Second**, Rouviere exaggerates financial disclosures from the Magistrate Judge, Recused Judge and Circuit Judge to create the appearance of a mass conspiracy against her, resulting in a supposedly, irredeemably "poisoned" record. She argues first that the Magistrate Judge was conflicted due to his receipt of fixed partnership payments from his prior law firm Arnold & Porter, which firm she alleged touted Johnson & Johnson as a client. Opp. at 4, 12, 14.[3] As the District Court observed, the receipt of compensation from a law firm that at some point represented Johnson & Johnson is too remote to raise any reasonable questions about the Magistrate Judge's impartiality, and courts have found recusal unwarranted in cases with far more significant relationships between the relevant parties. *See* Opinion at 13–18.

---

[3] Rouviere also alleges for the first time in her Opposition brief that Arnold & Porter has at some point represented Johnson & Johnson in litigation "MDL 2738," which may be a reference to certain talcum powder related multi-district litigation. *Id.*

Rouviere's allegations regarding the Circuit Judge's alleged conflicts are equally if not more speculative. She claims the Circuit Judge was "entangle[d]" with HOC because her spouse's firm represented HOC in an unrelated breach of contract case. Opp. at 3. There is no allegation that the Circuit Judge's spouse himself performed any work for HOC on that or any other matter. Again the District Court correctly held that this imagined conflict does not even create an "appearance" of impropriety warranting recusal. *See* Opinion at 21; *see also In re Digital Music*, 2007 WL 632762, at *12 (S.D.N.Y. 2007). Rouviere's conflicts analysis is simply a means to an end as she seeks to reopen years of litigation and numerous judicial decisions.[4]

***Third***, without support of fact or law, Rouviere continues her attacks on federal judges and Appellees' counsel, including raising new accusations of misconduct against the District Court. *See* Opp. at 15 ("One financially conflicted judge taints the tribunal []. Here, there were three… and now a fourth, Woods, who entrenched the taint…"). Throughout her Opposition, Rouviere asserts, without evidence, that the District Court sought to "poison this appeal," that he "entrenched misconduct," "falsif[ied] the docket" to "shield[] colleagues," "rewrote the record,"

---

[4] Rouviere complains that the District Court "speculated Liman 'may not have known'" that his ownership of Johnson & Johnson stock created a conflict through its subsidiary DePuy. *See* Opp. at 13 (misquoting Opinion at 18, n. 4), but not only was Johnson & Johnson dismissed before the Recused Judge was assigned to the case, the Recused Judge has also notified the clerk of court upon discovery of conflicts in other cases. *See* Opinion at 18, n. 4; *see also* Motion to Vacate at Ex. 5; Opp. at Ex. 1.

7

and "engaged in a pattern of institutional cover-up," and even that he has "fraudulently misled this Court." Opp. at 1, 3, 5, 13–16.[5] At the end of the Opinion, the District Court certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of the Opinion may not be taken *in forma pauperis* as it would not be taken in good faith. *See* Opinion at 25–26. Rouviere fundamentally misunderstands the meaning and purpose of 28 U.S.C. § 1915(a)(3), which she describes as being "reserved for indigent-access." *See* Opp. at 20. She accuses the District Court of "exceed[ing] authority" by "wield[ing]" 28 U.S.C. § 1915(a) "as a weapon to stigmatize" her appeal as "frivolous," and "slandering [her appeal] because Plaintiff is pro se." *Id.* at 5, 20, 22.[6] None of this is true.

---

[5] Rouviere suggests that by referring to Judge Liman as the "Recused Judge," the District Court and Appellees "fraudulently mislead this Court to believe conflicts were cured." Opp. at 18. But there is clearly no dispute that the Recused Judge's ownership of stock in Johnson & Johnson was a conflict requiring recusal under 28 U.S.C. § 455(a) (and Appellees' use of the term in their Motion was only intended to conform to the defined terms used in the Opinion). Rather, the question before the District Court was whether such conflict required vacatur under *Liljeberg*.

[6] In a similar vein, Rouviere appears to argue—for the very first time in her Opposition—that she has somehow been denied "equal access" under the "§ 504 of the Rehabilitation Act, 29 U.S.C. § 794,[] the ADA and the Judiciary's accommodation policy." Opp. at 9. It is unclear what actions Rouviere would challenge with this statement, but in any event, it is nonsensical, as Rouviere has had, and taken, every opportunity to fully litigate her claims over many years, which is shown not only by the case record (including her filing of multiple motions to reconsider), but also by the robustness of her instant Opposition brief.

Case: 25-1542, 09/29/2025, DktEntry: 52.1, Page 13 of 15

With these new accusations against the District Court, Rouviere has now alleged misconduct on the part of five sitting federal judges, painting the picture of a sweeping conspiracy within the federal judiciary resulting in a record irrevocably "poisoned" against her. Throughout her briefing she similarly repeats discredited attacks on defense counsel in the case that are not even the subject of her appeal or the underlying Motions for Vacatur. *See, e.g.*, Opp. at 2, 6, 21, 24. Engaging in further merits briefing on her claims, in addition to being unwarranted, would surely only result in further mud-slinging and bad faith accusations against multiple federal judges and Appellees' counsel.

## CONCLUSION

The District Court's Opinion was doubly correct: (1) vacatur of the Magistrate Judge's and Recused Judge's rulings is unwarranted, and (2) any appeal from the order would not be taken in good faith. Appellees' respectfully request that the Court grant Defendants' Joint Motion.

9

## CERTIFICATE OF COMPLIANCE

I certify that, pursuant to Federal Rules of Appellate Procedure 32(a) and Second Circuit Rule 32.1(a), the foregoing Reply in Support of Defendant-Appellee DePuy Orthopaedics, Inc.'s and Howmedica Osteonics Corp.'s Joint Motion for Summary Affirmance and/or Dismissal of is proportionately spaced, has a typeface of 14 points or more, and—not counting the items excluded by Federal Rule of Appellate Procedure 32(f)—contains 2,228 words.

Dated: September 29, 2025        */s/ J.T. Larson*
                                                                      J.T. Larson
                                                                       BARNES & THORNBURG LLP
                                                                       11 S. Meridian St.
                                                                       Indianapolis, IN 46204
                                                                       J.T..Larson@btlaw.com

                                                                       *Counsel for Defendant-Appellee*
                                                                       *DePuy Orthopaedics, Inc.*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(d), I certify that on September 29, 2025 I filed the foregoing Reply in Support of Defendant-Appellee DePuy Orthopaedics, Inc.'s and Howmedica Osteonics Corp.'s Joint Motion for Summary Affirmance and/or Dismissal with the Clerk of the Court using the CM/ECF system. I further certify that on September 29, 2025 a true and correct copy of the foregoing was sent via electronic mail per agreement of the parties to:

Appellant Jodi Rouviere
jodi.jtm@gmail.com
10950 SW 84th Court
Miami, FL 33156
*Plaintiff-Appellant, pro se*

Paul E. Asfendis
Gibbons P.C.
One Pennsylvania Plaza, 45th Floor
New York, New York 10119
pasfendis@gibbonslaw.com
*Counsel for Defendant-Appellee Howmedica Osteonics Corp.*

Dated: September 29, 2025      */s/ J.T. Larson*

J.T. Larson
BARNES & THORNBURG LLP
11 S. Meridian St.
Indianapolis, IN 46204
J.T..Larson@btlaw.com

*Counsel for Defendant-Appellee DePuy Orthopaedics, Inc.*